D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Proposed Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-13560-CB |
| EAGAN AVENATTI, LLP | Chapter 7 |
| Debtor. | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; DECLARATION OF D. EDWARD HAYS IN SUPPORT |
| | [NO HEARING REQUIRED – LBR 9013-1(o)] |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

      PLEASE TAKE NOTICE that Richard A. Marshack, in his capacity as Chapter 7 Trustee

("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), respectfully

submits this application ("Application") for entry of an order authorizing the employment of

Marshack Hays LLP ("Firm") as the Trustee's and the Estate's general counsel in this case pursuant

to 11 U.S.C. § 327, effective as of September 13, 2019.

/ / /

/ / /

/ / /

/ / /

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

## A.    Statement of Facts

### 1.    Background Information

On September 13, 2019 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code and the Trustee was appointed. On the same date, the Debtor filed its schedules and statement of financial affairs ("Schedules and SOFA").

Pre-petition, Brian Weiss was appointed as a receiver ("Receiver") by the United States District Court in the *In re Eagan Avenatti, LLP* case which was assigned as Case No. 8:18-cv-01644-VAP-KES ("District Court Action") pursuant to a stipulation and order entered on February 13, 2019. The Receiver signed the petition, Schedules, and SOFA on behalf of Debtor.

On September 13, 2019, as Dk. No. 3, proposed special litigation counsel for Trustee, John P. Reitman and Jack A. Reitman of Landau Gottfried & Berger LLP ("Special Counsel"), filed an emergency motion for preliminary injunction as to four pieces of art currently in the possession of the Orange County Sheriff ("Preliminary Injunction").

On September 16, 2019, Special Counsel filed an adversary complaint for avoidance and recovery of fraudulent and preferential transfers; declaratory relief; turnover; preliminary and permanent injunction; breach of fiduciary duty; disallowance of proofs of claim; and equitable subordination. The named defendants are Michael Avenatti, Lisa Storie-Avenatti, and Avenatt & Associates APC, Case No.: 8:19-ap-01186-CB, Dk. No. 8 ("Adversary Case"). The Trustee's proposed Special Counsel represented the Receiver in the District Court Action.

On September 16, 2019, an emergency motion for Preliminary Injunction was also filed on in the Adversary Case. On September 17, 2019, as Dk. No. 5, the Court entered an order granting the Trustee's requested Preliminary Injunction.

### 2.    Necessity of General Counsel

A review of the Schedules and SOFA indicate that there may be significant assets in the case including collection of outstanding accounts receivables and avoidance and recovery of preferential and fraudulent transfers. The Trustee requires the assistance of general counsel to, among other things, assist the Chapter 7 Trustee to, investigate, analyze, and advise him regarding such assets. The Trustee also requires the assistance of general counsel to assist in administering

assets for the benefit of the creditors of the Estate, if appropriate. The Firm is knowledgeable and experienced in representing bankruptcy trustees in the course of operations and liquidations. The Firm may be required to assist the Trustee in the following matters:

(1) To analyze and evaluate assets and claims of the case;

(2) To represent the Trustee in any proceedings or hearings in the Bankruptcy Court or in any other action where the rights of the Estate or the Trustee may be litigated or affected;

(3) To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

(4) To prepare on behalf of the Trustee any necessary applications, motions, answers, orders, reports, and other legal papers;

(5) To investigate, and if necessary, prosecute claims for relief that the Estate may have; and

(6) To perform all legal services incidental and necessary for the smooth administration of the Estate.

## B.   Requirements for Application to Employ Professional

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application.

### 1.   LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

The Trustee seeks employment the Firm pursuant to 11 U.S.C. § 327. The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331.

## 2.    FRBP 2014

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of ***attorneys***, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §*327*, §1103, or §1114 of the Code ***shall be made only on application of the trustee*** or committee. ***The application shall be filed*** and, unless the case is a chapter 9 municipality case, ***a copy of the application shall be transmitted by the applicant to the United States Trustee***. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The Trustee is seeking employment of the Firm. A copy of this Application will be served on the Office of the United States Trustee.

### a.    FRBP 2014 - Facts Showing the Necessity for the Employment

The Trustee requires the assistance of counsel for the following:

- To analyze and evaluate assets and any potential claims of the case;

- To negotiate, document, or litigate any potential administration of the Debtor's assets to an interested buyer, if any, in the course of a Chapter 7 or otherwise;

- To assist the Trustee to ensure that the Debtor is in full compliance with the Bankruptcy Code, Local Bankruptcy Rules, and the United States Trustee's guidelines;

- To represent the Trustee in any proceedings or hearings in the Bankruptcy Court or in any other action where the rights of the Estate or the Trustee may be litigated or affected;

- To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

- To prepare on behalf of the Trustee any necessary applications, motions, answers, orders, reports, and other legal papers;

- To investigate, and if advisable, prosecute the Estate's claims for relief; and

- To perform all legal services incidental and necessary for the smooth administration of the Estate.

### i.   FRBP 2014 - Name of the Person to Be Employed

The Trustee seeks to employ the law firm of Marshack Hays LLP. Pursuant to FRBP 2014(b) , partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. Those persons are:

| Partners | Associates | Paralegals |
|---|---|---|
| Richard A. Marshack | Judith E. Marshack | Pamela Kraus |
| D. Edward Hays | Laila Masud | Chanel Mendoza |
| Chad V. Haes | Tinho Mang | Layla Buchanan |
| David A. Wood | | Cynthia Bastida |
| | Of Counsel | Laurie McPherson |
| | Kristine A. Thagard | Kathleen Frederick |
| | Matthew W. Grimshaw | |

### a.   FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection.

In addition to the provisions of FRBP 2014, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (emphasis added).

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, real estate litigation, and corporate reorganization as well as litigation matters of the type that may need to be pursued herein. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a

combined Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California, the United States District Court for the Central District of California, and this Court. A biography of each professional of the Firm and a list of the current hourly billing rates is attached as Exhibit "1" to the Declaration of D. Edward Hays ("Hays Declaration").

The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### a. FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be Rendered.

In addition to the provisions of FRBP 2014, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and scope for which it is being employed" (*emphasis added*).

In this case, the Trustee seeks the assistance of counsel to, among other things:

- To analyze and evaluate assets and claims of the case;
- To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;
- To prepare on behalf of the Trustee any necessary applications, motions, answers, orders, reports, and other legal papers;
- To investigate, and if advisable, prosecute claims for relief held by the Estate; and
- To perform all legal services incidental and necessary for the smooth administration of the Estate.

/ / /

/ / /

/ / /

### b.    FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement Compensation.

In addition to the provisions of FRBP 2014, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to the Trustee at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $650 | Kristine A. Thagard | $530 | Pamela Kraus | $270 |
| D. Edward Hays | $650 | Matthew W. Grimshaw | $500 | Chanel Mendoza | $240 |
| Chad V. Haes | $450 | Associates | Rates | Layla Buchanan | $240 |
| David A. Wood | $450 | Judith E. Marshack | $410 | Cynthia Bastida | $240 |
| | | Laila Masud | $350 | Laurie McPherson | $175 |
| | | Tinho Mang | $300 | Kathleen Frederick | $175 |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case and, has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received in this case with any other person, except among partners of the Firm.

### c.    FRBP 2014 - Firm's Connections and Associations

Except as disclosed herein, in the attached Hays Declaration, and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants. The Trustee has, however, in

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

1  unrelated cases retained Force 10 Partners, LLC, the firm in which Mr. Weiss is a member.

2  Debtor's principal, Michael Avenatti, is also represented by Shulman, Hodges & Bastian, LLP

3  which was a firm in which the Trustee was a partner more than ten years ago.

4    Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within

5  the meaning of 11 U.S.C. § 101(14). The Firm does not have an interest adverse to the Debtor or

6  the Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any

7  funds by Debtor.

8    To the best of the Firm's knowledge, and as set forth in the attached Hays Declaration, none

9  of the attorneys comprising or employed by the Firm has any connection with any judge of the

10  United States Bankruptcy Court for the Central District of California, the United States Trustee, or

11  any person currently employed in the Office of the United States Trustee, except that: (1) Richard

12  A. Marshack, a member of the Firm, is a panel Chapter 7 trustee; (2) applicant has served as general

13  counsel to Richard A. Marshack in his capacity as a Chapter 7 and 11 Trustee in other cases;

14  (3) several of the Firm's attorneys have served as law clerks or externs to various Bankruptcy

15  Judges in this District, but none of the attorneys clerked for the Court in this particular case; and

16  (4) two judges of the United States Bankruptcy Court for the Central District of California, have

17  performed civil marriage ceremonies for members of the Firm or their family members pursuant to

18  California Family Code § 400(b)(3)(C).

19  **3.  LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm**

20    Pursuant to LBR 2014-1(b)(1)(B), "[t]he application must be accompanied by a declaration

21  of the person to be employed establishing disinterestedness or disclosing the nature of any interest

22  held by such person." The Hays Declaration submitted with this Application provides information

23  establishing the Firm's disinterestedness.

24  **4.  LBR 2014-1(b)(1)(C) – Service on Office of the United States**

25     **Trustee**

26    Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in accordance

27  with LBR 2002-2(a), with a copy of the application and supporting declaration not later than the day

28  it is filed with the court. No hearing is required unless requested by the United States trustee or a

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of Service

filed contemporaneously with this document, the Firm served a copy of this Application on the

Office of the United States Trustee on the date this Application was filed with the Court.

### 5.      Cause Exists for the Employment of the Trustee's Firm.

The requirements for a firm to be employed by a bankruptcy Trustee are set forth in

11 U.S.C. § 327(a): "the trustee, with the court's approval, may employ one or more attorneys…

that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to

represent or assist the trustee in carrying out the trustee's duties under this title." Indeed, Trustees

who are attorneys may even employ themselves as counsel for the estate if it is in the best interests

of the estate, but the Trustee does not seek to employ himself individually as his own attorney, and

will not seek compensation for legal services in connection with this case in his capacity as an

attorney with the Firm. 11 U.S.C. § 327(d).

Implicit in the recognition that a Trustee may himself be employed as counsel for the estate

he represents is that a Trustee may employ a firm of which he is a member as counsel for the estate

he represents. As recognized in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr. C.D. Cal. 1989),

*aff'd*, 114 B.R. 695 (C.D. Cal. 1990), cause may exist for a Trustee to retain the services of the firm

with which he is professionally affiliated. Trustee seeks to employ his own firm for the reasons set

forth above and for the following:

**a.      The Firm is Familiar with the Issues of the Case**: As described below, the Firm is

familiar with the issues of this case. Furthermore, the Firm has represented other bankruptcy trustees

in both Chapter 11 and Chapter 7 cases involving collection of accounts receivable and proceedings

to avoid and recover fraudulent and preferential transfers. The Trustee is confident that members of

the Firm have successfully resolved many issues similar to those presented in this case before and

the Estate should benefit from the Firm's familiarity with such issues. The Firm will be general

counsel for the Trustee, and will focus on matters of administration of the Estate that are outside of

Special Counsel's purview. While the Firm may review and advise matters prepared by Special

Counsel, it will be solely at the instruction of the Trustee. At this juncture, the Trustee expects that a

majority of the litigation will be handled by Special Counsel as they have been representing the

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

1  Receiver in litigation related to the Debtor and the District Court Action for close to a year. The

2  Firm and the Trustee will ensure that there is no duplication of effort with Special Counsel.

3      Furthermore, the Firm has represented other bankruptcy trustees in cases involving similar

4  issues as set forth in the Firm's resume submitted in connection with this Application, and has

5  successfully represented trustees in recovering on behalf of Trustees assets which could be

6  administered for bankruptcy estates. The Trustee is confident that members of the Firm have

7  successfully resolved issues similar to those presented in this case before and the Estate can benefit

8  from the Firm's familiarity with such issues. In addition, the employment of the Firm would save

9  time and money and would maximize potential recovery because, as opposed to outside counsel, the

10  Trustee's Firm has already become intimately familiar with the specific facts of this case.

11      **b.**    **Specific Experience:** The Firm's emphasis is in bankruptcy practice and debtor and

12  creditor matters, and because of its experience, the Trustee believes that the Firm is well qualified to

13  render the services requested. The Firm is currently representing or has previously represented

14  trustees in the following similar cases:

15      (1) *In re BP Fisher Group, LLP*, Case No. 8:19-bk-10158-TA. The Firm currently represents

16           the Chapter 7 trustee in a Chapter 7 bankruptcy for a now-defunct national law firm

17           where the main assets consist of collection of accounts receivable and the prosecution of

18           potential preferential and fraudulent transfers. Thus far, the Firm has negotiated and

19           obtained Court approval of a settlement with Debtor's principals which provided $4

20           million to the bankruptcy estate. Of this amount approximately $3.4 million is earmarked

21           for former clients whose funds should have been in debtor's client trust accounts;

22      (2) *In re James Mazi Parsa*, Case No. 8:14-bk-11857-CB. In this case, the Firm represented

23           the Trustee in obtaining turnover of funds from a defunct law firm that had been seized

24           by the State Bar which was unable to trace it to client trust funds;

25      (3) *In re Professional Electrical Contractors, Inc.*, Case No. 8:13-bk-18781-TA. The Firm

26           represented a Chapter 7 trustee in a large business chapter 7. The debtor's primary asset

27           was collection of outstanding accounts receivable. The Firm was successful in collecting

28

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

1   several hundred thousand dollars of accounts receivable, and in light of a settlement with

2   the estate's largest creditor, was able to pay 100.0% to all other unsecured creditors; and

3   (4) *Family Law Issues*. Some of the competing claims to Debtor's assets and potential

4   avoidance actions to recover transfers relate to Mr. Avenatti's former spouse, Lisa Storie-

5   Avenatti. The firm's partners, D. Edward Hays and David A. Wood, have substantial

6   experience litigating cases involving the cross-over of bankruptcy and family law issues

7   including *In re Joseph M. DeBilio*, Case No. 8:09-bk-23812-ES (representing non-debtor

8   former spouse); *In re Dale Williams*, Case No. 2:12-bk-15652-RK (same); *In re James L.*

9   *Yates*, Case No. 8:11-bk-16953-CB (same); *In re Leesa Lynn Juergens*, Case No. 8:09-

10  bk-17842-RK (same); *In re Lawrence Keith Dodge*, Case No. 8:13-bk-11037-ES (same);

11  *In re Richard Farrell*, Case No. 8:14-bk-11729-MW (same); *In re Kim Gill* (Chapter 11

12  debtor), Case No. 2:15-bk-11273-BB; *In re Phillip Myers,* Case No. 6:14-bk-21429-MJ

13  (Chapter 11 debtor); and *In re Mohsen Masoudfar*, Case No. 8:18-bk-13001-CB (Chapter

14  7 debtor). Mr. Hays has also co-presented multiple MCLE programs on this topic with

15  attorneys and judges other than the judge in this case.

16      **c.**      **No Objections Filed:** The notice of this Application to employ the Firm will be

17  served in accordance with Local Bankruptcy Rule 2014-2.

18      **d.**      **Coordination/Costs:** Costs will be reduced as a result of coordination of efforts by

19  staff members familiar with both Trustee and legal matters associated with the case. Moreover,

20  creditors will benefit because correspondence and meetings between the Trustee and outside counsel

21  would not be as efficient as in-office communications between the Trustee and the Firm.

22      As set forth above, "cause," as outlined in *In re Butler Industries, Inc.*, 101 B.R. 194 (Bankr.

23  C.D. Cal. 1989), *aff'd*, 114 B.R. 695 (C.D. Cal. 1990), exists in this case for Trustee to retain the

24  services of the firm with which he is professionally affiliated. This belief is consistent with District

25  Court Judge Rea's opinion in *Butler* and the legislative intent expressed in Section 328(b) of the

26  Bankruptcy Code. Based on the foregoing, Trustee requests that he be authorized to employ the Firm

27  as his general counsel at the Firm's hourly billing rates, plus costs, commencing September 13,

28  2019.

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

1  **C.    Conclusion**

2      WHEREFORE, the Trustee requests that he be authorized to employ the Firm as general

3  counsel to the Estate pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation

4  and reimbursement of costs to be paid by the Estate only upon application to and approval by the

5  Court pursuant to 11 U.S.C. §§ 330 and 331.

6

7  DATED: October _2_ , 2019                    Respectfully submitted,

8                                               By: _____

9                                               RICHARD A. MARSHACK
                                                Chapter 7 Trustee for the Bankruptcy Estate of
10                                              EAGAN AVENATTI, LLP

11

12  DATED: October _2_ , 2019                   MARSHACK HAYS LLP

13

14                                              By: _/s/ D. Edward Hays_
                                                D. EDWARD HAYS
15                                              DAVID A. WOOD
                                                Proposed General Counsel for Richard A.
16                                              Marshack, Chapter 7 Trustee for the Bankruptcy
                                                Estate of EAGAN AVENATTI, LLP
17

18

19

20

21

22

23

24

25

26

27

28

---

12

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

# Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

3.      I am an attorney licensed to practice in the State of California and have been admitted to practice before this Court. I have been certified by the State Bar as a specialist in bankruptcy law.

4.      I am a founding partner in the law firm of Marshack Hays LLP ("Firm"), which maintains offices at 870 Roosevelt, Irvine, California, 92620.

5.      I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel ("Application") by Richard A. Marshack, the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Case No. 8:19-bk-13560-CB.

6.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

7.      All terms not otherwise defined herein are used as they are defined in the Application.

8.      I have reviewed the court's PACER docket and the files contained therein for this case.

9.      The Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so.

10.     The Firm comprises attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and corporate reorganization and is well-qualified to represent the Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case.

/ / /

11. The Trustee requested the assistance of attorneys in this Firm to investigate the issues in this case and administer assets for the benefit of creditors.

12. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as Exhibit "1" and incorporated by this reference.

13. The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

14. The Firm's current hourly billing rates are as follows:

| | |
|---|---|
| Partners | $450 to $650 |
| Of Counsel | $500 to $530 |
| Associates | $300 to $410 |
| Paralegals | $175 to $270 |

15. The Firm has not received a retainer for the services that it will perform in this matter.

16. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

17. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

18. The Firm completed a conflicts check prior to submitting this Application.

19. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants, except that: (1) Richard A. Marshack, a member of the Firm, and the Chapter 7 trustee in this case, is a panel Chapter 7 trustee; (2) the Firm has served as general counsel to Richard A. Marshack in in his capacity as a Chapter 7 and 11 Trustee in other cases; (3) several of the Firm's attorneys have served as law clerks or externs to various Bankruptcy Judges in this District, but none of the attorneys have clerked for the Court in this particular case; (4) two judges of the United States Bankruptcy Court for the Central District of California have performed civil marriage ceremonies

APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL
4815-9624-7974, v. 1/1601-012

1  for members of the Firm or their family members pursuant to California Family Code

2  §400(b)(3)(C).

3      20.    The Firm is not and was not an investment banker for any outstanding security of the

4  Debtor.

5      21.    The Firm has not been within three (3) years before the date of the filing of the

6  petition herein, an investment banker for a security of Debtor, or an attorney for such an investment

7  banker in connection with the offer, sale or issuance of any security of Debtor.

8      22.    The Firm is not and was not, within two (2) years before the date of the filing of

9  Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any

10  security of Debtor.

11      23.    As of the Petition Date, the Firm was not a creditor of the Estate, an equity security

12  holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was

13  not owed any funds by Debtor.

14      24.    The Firm neither holds nor represents any interest materially adverse to the interest

15  of the Estate or of any class of creditors or equity security holders, by reason of any direct or

16  indirect relationship to, connection with, or interest in, Debtor or an investment banker for any

17  security of Debtor, or for any other reason.

18      25.    The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

19      26.    Based on the foregoing, the Trustee believes that the Firm is a "disinterested person"

20  within the meaning of Bankruptcy Code § 101(14).

21      I declare under penalty of perjury that the foregoing is true and correct. Executed on

22  October 2, 2019, at Irvine, California.

23                            */s/ D. Edward Hays*
                           D.  EDWARD HAYS

24

25

26

27

28

EXHIBIT "1"

## PARTNERS

## RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.*S. *Bankruptcy Court, Central District of California,* 1985 - *Present.*

## D. EDWARD HAYS

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP. He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Mr. Hays currently serves on the Board of Directors for the following organizations: Legal Aid Society of Orange County; and University of Southern California Law School Annual Fund. He has previously served on the Board for the Cal State University Fullerton Alumni Association; and the Cal State University Fullerton Philanthropic Foundation. In 2004-2005, Mr. Hays served as the President of the Cal State Fullerton Alumni Association and was selected that year as a CSUF Volunteer of the Year. In 2004, Mr. Hays was the Chair of the Resolutions Committee for the Orange County Bar Association and has served as a delegate to the State Bar Conference on behalf of Orange County every year since 1995.

Ed focuses his practice on bankruptcy and litigation matters. In 2000 and 2017, he was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in endurance events completing full-distance Ironman Triathlons in 2000 and 2003; eight half-Ironman races between 1999 and 2016; and a 50- mile ultra-run in 2009; and multiple marathons across the world including New York, Los Angeles, Rome, St. George, and the Madison Valley in Montana.

Ed's published cases include: *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D. Cal. 1993); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D. Cal. 1996) *aff'd* 129 F.3d 1052 (9th Cir. 1997); *In re Metz,* 225 B.R. 173 (9th Cir. BAP 1998); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D. Cal. 1999); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006); *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011); and *In re Four Star Financial Services, Inc.*, 444 B.R. 428 (Bankr. C.D. Cal. 2011) *rev'd* 469 B.R. 30 (C.D. Cal. 2012); and *In re Cass*, 476 B.R. 602 (Bankr. C.D. Cal. 2012). *In re Cusimano*, 2013 WL 9736597 (Bankr. C.D.Cal. 2013); *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings)*, 503 B.R. 737 (Bankr. C.D.Cal. 2013); *In re DRI Cos.*, 552 B.R. 195 (Bankr. C.D.Cal. 2016); *Brace v. Speier (In re Brace)*, 566 B.R. 13 (9th Cir. BAP 2017); and *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett)*, 2017 U.S.Distr. Lexis 108925 (E.D.Cal. 2017).

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:
- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and

- *Good Help Is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

## CHAD V. HAES

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

## DAVID A. WOOD

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

## ATTORNEYS

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

Mr. Grimshaw enjoys spending time with his family, reading, and traveling. Mr. Grimshaw is conversant in Spanish. He is an Eagle Scout and continues to be actively involved with the Boy Scouts of America.

4815-9624-7974, v. 1/1601-012

**JUDITH E. MARSHACK** is an Associate with Marshack Hays LLP. She was born in Inglewood, CA. Ms. Marshack graduated from the California State University, Long Beach in 1982 and from Western State University, College of Law in 1992, and was admitted to practice law in 1992.

**LAILA MASUD** focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights.

Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking.  Ms. Masud is conversant in Spanish, Urdu and Hindi.

Ms. Masud currently serves on the Orange County Bar Association's Commercial Law and Bankruptcy Section as its Secretary/Treasurer.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer.

Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**CHANEL MENDOZA,** Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Legal Assistant/Paralegal. She obtained her Legal Secretary Certificate from Watterson College in 1992. She has more than twenty years of law related experience comprising of workers' compensation,

personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan has over eighteen years of law related experience working in civil, bankruptcy and family law, while working under the direct supervision of active members of the California State Bar. Member: Orange County Legal Secretaries Association, Orange County Paralegal Association, and a current member of the National Notary Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**LAURIE MCPHERSON**, Trustee Case Administrator 2007 to present; Trustee field agent and/ paraprofessional 1988 to 2007; Experience: Twenty years of law related experience as a bankruptcy trustee paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.

**KATHLEEN FREDERICK**, Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

Billing Rates:

| Partners | Rates | Of Counsel | Rates | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $650 | Kristine A. Thagard | $530 | Pamela Kraus | $270 |
| D. Edward Hays | $650 | Matthew W. Grimshaw | $500 | Chanel Mendoza | $240 |
| Chad V. Haes | $450 | Associates | Rates | Layla Buchanan | $240 |
| David A. Wood | $450 | Judith E. Marshack | $410 | Cynthia Bastida | $240 |
| | | Laila Masud | $350 | Laurie McPherson | $175 |
| | | Tinho Mang | $300 | Kathleen Frederick | $175 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 2, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 2, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE 09/23/19**
**DEBTOR**
Eagan Avenatti, LLP
~~20341 SW Birch, Suite 220~~
~~Newport Beach, CA 92660-1514~~

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 2, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY
PRESIDING JUDGE'S COPY
Bankruptcy Judge Honorable Catherine E. Bauer
U. S. Bankruptcy Court – Central District
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2019 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: (CONTINUED)
   - **INTERESTED PARTY COURTESY NEF:** James C Bastian, Jr jbastian@shbllp.com
   - **INTERESTED PARTY COURTESY NEF:** D Edward Hays ehays@marshackhays.com,
     8649808420@filings.docketbird.com
   - **RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com,
     rmarshack@iq7technology.com
   - **DEBTOR EAGAN AVENATTI, LLP AND TRUSTEE RICHARD A MARSHACK (TR):** Jack A. Reitman
     jareitman@lgbfirm.com, srichmond@lgbfirm.com; vrichmond@lgbfirm.com; avedrova@lgbfirm.com
   - **DEBTOR EAGAN AVENATTI, LLP:** John P. Reitman jreitman@lgbfirm.com, srichmond@lgbfirm.com;
     vrichmond@lgbfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **INTERESTED PARTY COURTESY NEF:** David Wood dwood@marshackhays.com,
     8649808420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4843-2891-9464, v. 1