James C. Bastian, Jr. – Bar No. 175415
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FREIDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:            jbastian@shulmanbastian.com
                     rodea@shulmanbastian.com

Attorneys for Interested Party
Michael J. Avenatti

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:19-bk-13560-CB |
| **EAGAN AVENATTI, LLP,** | Chapter 7 |
| Debtor. | **OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH ROBERT STOLL JR. AND STOLL NUSSBAUM & POLAKOV, APC** |
| | **Hearing** |
| | Date;    September 23, 2020 |
| | Time:    11:00 a.m. |
| | Ctrm:    5D |
| | United States Bankruptcy Court |
| | 411 W. Fourth Street |
| | Santa Ana, CA 92701 |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

1

Michael J. Avenatti, an interested party ("Avenatti"), by and through his counsel, hereby submits this objection to the Chapter 7 Trustee's (the "Trustee") Motion for Approval of Compromise (the "Motion") with Robert Stoll Jr. and Stoll Nussbaum & Polakov, APC (collectively "Stoll") and respectfully represents as follows:

## I.    ARGUMENT

Notwithstanding the fact that the Motion seeks allowance of a $5.5 million unsecured claim, the Trustee provides nothing more than a cursory analysis of the controlling standard for approving a compromise under Fed. R. Civ. Proc. 9019. Unless the four-part test provided by *In re A&C Properties* has been relegated to a rote exercise satisfied by checking a few boxes, the Motion must be denied in its entirety.

In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court must consider the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620. In other words, the Court must weigh certain factors in order to determine whether the compromise is in the best interests of the bankrupt estate. *A & C Properties*, 784 F.2d at 1382. As evidenced by the Motion, the Trustee's proffered rationale for settling with Stoll falls woefully short of the mark.

In an effort to address "the probably of success" prong of the *A&C* test, the Trustee relies exclusively upon the assertion that "[t]he main percipient witness to support of [sic] EA's complaint is Avenatti…[but] Avenatti was recently convicted of attempted extortion." Motion 6:24-26. The Trustee concludes his "analysis" of this prong by stating: "As a result of these facts, Avenatti will most likely be unavailable to provide whatever knowledge he may have about the Stoll Litigation to the Estate or to testify at the trial of that case." *Id*. 7:3-5. Not only does the Motion fail to provide an analysis of the <u>merits</u> of the Stoll litigation or the probability of success, the Trustee's entire argument is predicated upon a false premise.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1    2

One need not guess why the Trustee failed to provide an actual analysis of the probability of success in the Stoll Litigation. As acknowledged in the Motion, "the Stoll Litigation has existed for the better part of a decade – the Trustee and his professionals have no institutional knowledge of nearly ten years of litigation." Motion 7:12-13. Looking at the four-corners of the Motion and the declarations submitted in support, there is no evidence that the Trustee or his counsel have undertaken a review of the discovery in the lawsuit or adequately analyzed the strength or weakness of Stoll's claims therein. Had the Trustee and his counsel done so, they would have learned, among other things, the following:

(a) Stoll testified that he and his firm spent approximately 300 hours in total on the case, including significant time reading the Daily Journal, and yet now demands to be paid over $5,000,000 for this time on the case;

(b) Stoll admitted that he and his firm drafted no pleadings, argued no motions, and took no depositions in the case;

(c) Thousands of attorney hours were spent on the case by Eagan Avenatti, LLP and Mr. Michael Avenatti, who took the lead on the case and basically did all of the work;

(d) The clients, Mr. William Parrish and Mr. Tim Fitzgibbons, both testified that Stoll did basically nothing on the case, actually damaged their case, and counseled them to commit tax fraud as it related to the settlement monies, including at the settlement conference;

(e) The clients fired Stoll and his firm before the settlement was finalized because of his misconduct; (f) the clients insisted that Stoll and his firm not be paid; and

(g) The expert hired by the clients and Eagan Avenatti, LLP, noted Plaintiff's lawyer Tom Girardi, testified that Stoll is entitled to far less than $500,000.

Moreover, there is no evidence that the Trustee or his counsel ever contacted Phil Baker, the lead lawyer who previously represented Eagan Avenatti, LLP, to get an assessment of the strength (or weakness) of Stoll's claims and Eagan Avenatti, LLP's counterclaims against Stoll. It is

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1    3

impossible to properly analyze whether a case should be settled without this knowledge, without a thorough review of the file and without a thorough analysis of the discovery exchanged (at a minimum, a read of the most salient depositions taken in the case – namely, those of Mr. Stoll, Parrish, Fitzgibbons, Panish, Avenatti and Girardi).[1]

In an attempt to satisfy the second *A&C* factor, the Trustee asserts that "even if the Estate were to prevail on EA's declaratory relief claim…the Estate would receive no monetary recovery…[but] if the Stoll Parties prevail…its proof of claim [may] exceed $30 million." Motion 7:7-11.  The Trustee's assertion is merely anecdotal and does not directly address whether the Trustee will have any difficulty "collecting" on a judgment.  Not surprisingly, it cannot be reasonably disputed that the Trustee will have no difficulty "collecting" on the Estate's prospective declaratory relief judgment against Stoll, as such would be easily effectuated by a post-judgment objection to Stoll's proof of claim.

In an attempt to satisfy the third *A&C* factor, the Trustee asserts the Stoll Litigation is complex because it "has existed for the better part of a decade [and] the Trustee and his professionals have no institutional knowledge of nearly ten years of litigation." Motion 7:12-13.  Failing to dig into the substantial amount of discovery and motion practice of the Stoll Litigation and feigning complexity as a basis for settlement is contrary to the very purpose of the *A&C* factors.  The Motion and its supporting declarations provide no reasonable justification that would allow this Court to find the Stoll litigation "complex" under the operative *A&C* test.

As it pertains to the fourth *A&C* factor, the Motion summarily states that the proposed Stoll settlement is in the best interest the Estate's creditors.  However, the Trustee's sentiment appears to be predicated upon the fallacy of continued state court litigation and overlooks a potentially unjustified allowed claim of approximately $5.5 million.  One of the benefits of bankruptcy is an alleged creditor's ability to file a proof of claim without needing to obtain a judgment liquidating the claimed debt.  If a trustee believes a given proof of claim is objectionable, the trustee can file a

---

[1] The Trustee's premise that Avenatti is the main percipient witness is plainly disproved vis-à-vis the exitance and testimony of Mr. Stoll, Mr. Parrish, Mr. Fitzgibbons and Mr. Girardi.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1    4

claim objection and rebut the presumption of validity – ultimately shifting the burden back to the claimant. All of which can be done through motion practice before this Court. The bankruptcy claims process avoids the protracted and expensive litigation process alluded to in the Motion as a basis for settlement of the Stoll Litigation. When this parade of horribles is removed as a red herring, the Court is left with the notion that because the Stoll claim will be reduced from $30 million to approximately $5.5 million, it is in the creditors' best interest. Viewed in a vacuum, it cannot be disputed that a claim reduction of $25 million is beneficial to the Estate. Yet when viewed from the proper prospective of the Estate's creditors, it cannot be disputed that an unjustified $5.5 million allowed claim is materially detrimental to their potential *pro rata* return.

In addition, the proposed settlement with Stoll will not resolve the obligations or burden of Eagan Avenatti, LLP in the underlying lawsuit. The clients, William Parrish and Tim Fitzgibbons, still have crossclaims against the firm and its partner(s) and those claims will continue. Further, Mr. Avenatti will remain a defendant in the case and Eagan Avenatti, LLP has a continuing obligation to provide him a full defense, and indemnification and contribution, pursuant to his partnership and other agreements with the firm, as well as under California law. The Trustee has made no accommodation for these significant obligations or explained why a settlement with Stoll, and Stoll alone, provides any true benefit to the Estate or its valid creditors under these circumstances. Indeed, it appears that neither the Trustee nor his counsel even considered, let alone analyzed, these factors prior to filing the Motion.

## II.    CONCLUSION

Based upon the aforementioned, the Motion should be denied in its entirety.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: September 9, 2020

/s/ *Ryan D. O'Dea*
James C. Bastian, Jr.
Ryan D. O'Dea
Attorneys for Interested Party Michael Avenatti

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1         5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH ROBERT STOLL JR. AND STOLL NUSSBAUM & POLAKOV, APC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 9, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/09/2020 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

- **James C Bastian**   jbastian@shulmanbastian.com
- **Christopher L Blank**   chris@chrisblanklaw.com
- **Mark S Bostick**   mbostick@wendel.com, bankruptcy@wendel.com
- **Steven Casselberry**   s.casselberry@mpglaw.com, j.jacobs@mpglaw.com
- **Lei Lei Wang Ekvall**   lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **David B Golubchik**   dbg@lnbyb.com, stephanie@lnbyb.com
- **Martin B Greenbaum**   eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Filippo Marchino**   fm@xlawx.com, tc@xlawx.com
- **Judith E Marshack**   jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Meghan C Murphey**   meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **Karen S. Naylor**   Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
- **Misty A Perry Isaacson**   misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- **Eric S Pezold**   epezold@swlaw.com, knestuk@swlaw.com
- **Kurt Ramlo**   kr@lnbyb.com, kr@ecf.inforuptcy.com
- **David M Reeder**   david@reederlaw.com, secretary@reederlaw.com
- **Jack A. Reitman**   jareitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**   jreitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **Monica Rieder**   mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com
- **Nanette D Sanders**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Michael Simon**   msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **David Wood**   dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**