1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  TINHO MANG, #322146
   MARSHACK HAYS LLP
3  870 Roosevelt
   Irvine, California 92620
4  Telephone: (949) 333-7777
   Facsimile: (949) 333-7778
5
   General Counsel for Chapter 7 Trustee,
6  RICHARD A. MARSHACK

7                    UNITED STATES BANKRUPTCY COURT

8         CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9

10 | In re | Case No. 8:19-bk-13560-SC |
11 | EAGAN AVENATTI, LLP, | Chapter 7 |
12 | | MOTION BY CHAPTER 7 TRUSTEE TO |
13 | | APPROVE AMENDMENT TO SUBORDINATION AGREEMENT RE: |
   | Debtor. | JUDGMENT LIEN HELD BY JASON |
14 | | FRANK LAW AND TERMS OF |
   | | EMPLOYMENT OF RICHARD L. |
15 | | KELLNER AS SPECIAL LITIGATION |
16 | | COUNSEL; MEMORANDUM OF POINTS |
   | | AND AUTHORITIES; DECLARATION |
17 | | OF RICHARD A. MARSHACK IN |
   | | SUPPORT |
18
19 |  | [NO HEARING REQUIRED PER |
   | | LBR 9013-1(o)] |

20 TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

21 THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

22     Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

23 Estate ("Estate") of Eagan Avenatti, LLP ("Debtor" or "EA"), respectfully submits this motion

24 ("Motion") for entry of an order approving a one-page amendment to the Court-approved

25 subordination agreement between Trustee and Jason Frank Law, PLC ("JFL"). The modification

26 increases the amount of the subordination for the benefit of Trustee's special litigation counsel,

27 Richard Kellner of Kellner Law Group, PC ("Kellner").

28

## 1.    Summary of Argument

A Bankruptcy court may approve a subordination agreement if it is in the best interests of the estate. In this case, virtually all of the estate's assets are subject to a judgment lien held by JFL. To recover assets for the benefit of the estate's unsecured creditors, Trustee negotiated a subordination agreement with JFL which the Court approved. A portion of the subordination was for the benefit of Trustee's special litigation counsel, Richard Kellner of Kellner Law Group, PC. Mr. Kellner initially agreed to cap his fees as part of his employment. Given the unexpected amount of litigation and complexity of issues encountered, Mr. Kellner requested and JFL agreed to remove the cap on his compensation and increase the amount of the subordination of its lien and claim for Mr. Kellner's benefit. Trustee believes that the proposed modification of the subordination agreement already approved by the Court is in the best interest of the estate.

## 2.    Background Facts

On March 1, 2017, an involuntary bankruptcy petition was filed against Debtor by Michael J. Avenatti, Debtor's principal, in the Middle District of Florida, commencing case number 6:17-bk-01329-KSJ. The case was transferred to the Central District of California and assigned case number 8:17-bk-11961-CB ("2017 Bankruptcy").

On March 15, 2018, as Dk. No. 412 in the 2017 Bankruptcy, an order dismissing the 2017 Bankruptcy was entered pursuant to a compromise between various interested parties. The bankruptcy court retained jurisdiction over certain post-dismissal matters.

On May 22, 2018, as Dk. No. 445 in the 2017 Bankruptcy, a final judgment was entered against Debtor and in favor of JFL in the amount of $10,000,000 ("JFL Judgment").

On June 7, 2018, a notice of judgment lien against personal property was filed by JFL against Debtor in the full amount of the JFL Judgment, creating a judgment lien against Debtor's personal property assets.

On June 22, 2018, JFL served Michael Avenatti with an order to appear for examination ("ORAP") in aid of enforcement of the JFL Judgment, creating a lien on all assets of Debtor

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1  pursuant to CCP § 708.110(d).[1]

2  On September 13, 2019, Debtor was placed into Chapter 7 bankruptcy by its federal court-

3  appointed receiver, Brian Weiss. Richard A. Marshack was appointed as the Chapter 7 trustee.

4  On December 19, 2019, JFL filed proof of claim number 14-1, based on the JFL Judgment.

5  On February 4, 2020, as Dk. No. 91, Trustee filed an application to employ Kellner Law

6  Group, PC (previously defined as "Kellner") as special collections counsel ("Kellner Employment

7  Application"). A true and correct copy of the Kellner Employment Application is attached to the

8  request for judicial notice ("RJN") as Exhibit "2." The Kellner Employment Application sought to

9  employ counsel pursuant to 11 U.S.C. § 327 with compensation to be determined by the Court under

10  11 U.S.C. §§ 330 and 331 and reduced hourly rates and with a cap on total compensation equal to

11  the greater of KLG's fees will be capped at the greater of (1) 3.5% of the first $10 million of

12  recovery and 5% thereafter; or (b) $100,000.

13  Also on February 4, 2020, as Dk. No. 93, Trustee filed a motion to approve a subordination

14  agreement with JFL ("Subordination Motion"). Attached to the Subordination Motion was an

15  agreement for partial subordination of JFL's lien ("Agreement"). A true and correct copy of the

16  Subordination Motion, which appended the mutually executed Agreement, is attached to the RJN as

17  Exhibit "3." A portion of the subordination specifically included any compensation awarded to

18  Kellner by the Court subject to the terms of his proposed compensation.

19  On March 4, 2020, as Dk. No. 107, the Court entered an order granting the Subordination

20  Motion ("Order Approving Subordination").

21  Also on March 4, 2020, as Dk. No. 109, the Court entered an order granting the employment

22  of Kellner as special counsel under 11 U.S.C. § 327 pursuant to the reduced hourly rates and cap on

23  total compensation ("Kellner Employment Order").

24

25  [1] Under the plain language of CCP § 708.110, an ORAP lien only continues for one year. But, the
Ninth Circuit has held that 11 U.S.C. § 108(c) extends the time for renewing a pre-bankruptcy
26  judgment lien until 30 days after termination of the automatic stay. See, Daff v. Good (In re
Swintek), 906 F.3d 1100 (9th Cir. 2018) [time to renew ORAP extended until 30 days after stay
27  terminated]. In this case, the stay has not been terminated with respect to the JFL action.
Additionally, the notice of judgment lien filed with the California Secretary of State continues for a
28  period of five years.

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1    On May 19, 2020, Trustee (through prior counsel) filed a complaint against The X-Law

2   Group, PC, Filippo Marchino, Elba Hernandez, Young Blue, LLC, and Sandy Le, commencing

3   adversary proceeding number 8:20-ap-01086-CB ("Hernandez Adversary").[2] On September 9, 2020,

4   Kellner replaced John Reitman as Trustee's lead counsel in the Hernandez Adversary.

5    Substantial motion practice, discovery, appeals, and ancillary litigation have proceeded in the

6   Hernandez Adversary. Based on the extensive litigation and document discovery in the Hernandez

7   Adversary, Kellner requested and JFL agreed to increase the amount of the subordination to provide

8   for additional compensation for work performed for the benefit of the Estate. Trustee agrees that the

9   proposed modification to the previously-approved subordination agreement (attached to the

10   Marshack Declaration as Exhibit "1") is in the best interest of the estate.

11    On June 8, 2021, as Dk. No. 292, Trustee filed a supplemental declaration for Richard L.

12   Kellner regarding and relating to disclosures and connections with Kabateck LLP.

13   **3.    Legal Argument**

14    **A.    The Court may modify the terms of employment of counsel.**

15    "As long as a district court has jurisdiction over the case, then it possesses the inherent

16   procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

17   sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

18   Because Kellner's employment was not approved under 11 U.S.C. § 328, the proposed modification

19   is not subject to the improvidence standard in Section 328(a).

20    Here, the Court has the inherent authority to modify the Kellner Employment Order and also

21   to approve amendments to previously-approved subordination agreement. As discussed below, the

22   amendment to the subordination agreement is appropriate and JFL's consent to the voluntary

23   subordination of its claim and lien provides a substantial benefit to the Estate. Moreover, the

24   modification of the Kellner Employment Order[3] is appropriate because the extent of litigation

25

26   [2] Effective July 31, 2020, the presiding judge retired from the bench and the case was reassigned case number 8:20-ap-01086-SC.

27   [3] No relief is requested in this Motion under 11 U.S.C. § 328, which provides that modification of compensation "**after** the conclusion of such employment" may be approved in certain

28   circumstances. *See* 11 U.S.C. § 328 (emphasis added); *In re Reimers*, 972 F.2d 1127, 1128 (9th Cir.

1    originally contemplated when the Kellner Employment Application was filed was significantly

2    smaller in scope than the litigation that has ensued in the Hernandez Adversary.

3         As stated in the Declaration of Richard L. Kellner below, Kellner now agrees that its

4    compensation shall not exceed and be capped at 40% of the gross recoveries that it obtains. Thus,

5    under the proposed modified terms of employment, Kellner shall be compensated by the greater of

6    $400,000, or at its reduced hourly rates as set forth in the Kellner Employment Application, but also

7    be subject to a cap that Kellner's compensation shall not exceed 40% of gross recoveries in any

8    action on behalf of the Estate to collect Debtor's receivables. In summary, the proposed modification

9    effectively removes one cap (i.e. 3.5% of the first ten million in recoveries) and replaces it with

10    another cap (i.e. not to exceed 40% of gross recoveries). Kellner's employment, however, remains

11    subject to the Court's determination whether to award any fees as being reasonable and beneficial to

12    the estate under Section 330.

13      **B.**      **The Agreement, as amended, satisfies the *KVN* factors, to the extent**

14            **that such analysis applies.**

15         While the terms of the Agreement expressly provide for a subordination (and not a carve-

16    out), the Agreement nonetheless satisfies the legal test for approval of a carve-out agreement.[4]

17    "Despite the general rule prohibiting the sale of fully encumbered property, chapter 7 trustees may

18    seek to justify the sale through a negotiated carve-out agreement with the secured creditor." *In re*

19    *KVN Corp.*, 514 B.R. 1, 6 (B.A.P. 9th Cir. 2014). In determining whether to approve a sale subject to

20    a carve-out agreement, the trustee must present evidence addressing the following questions:

21      1)   "Has the trustee fulfilled his or her basic duties?

22      2)   Is there a benefit to the estate; i.e. prospects for a meaningful distribution to unsecured

23         creditors?

24      3)   Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court?

25

26

_____

1992). Here, Trustee proactively requests modification of a prior employment order.

27   [4] Lienholders may contractually subordinate any portion of their lien. A subordination agreement is
effective as a matter of contract law. *See In re Marks*, 2012 Bankr. LEXIS 5788 at *31 (B.A.P. 9th

28   Cir. 2012); *see also* Cal. Civ. Code § 2934 (recordation of a subordination agreement is optional).

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1  *KVN Corp*, 514 B.R. at 8.

2      If the answer to these questions demonstrates that the Estate will be benefitted, then the

3  proposed carve-out can be approved. In this case, as set forth below, the Agreement, including the

4  amendment, provides substantial benefits to the Estate.

5                    **i.      Has the Trustee fulfilled his basic duties?**

6      The Trustee has a statutory duty to administer the assets of the estate for the benefit of

7  creditors. 11 U.S.C. § 704(a)(1). As a fiduciary for the Estate, Trustee must seek to maximize returns

8  to creditors through his administration of the Estate. In this case, the Estate's primary assets are its

9  accounts receivable including claims for quantum meruit for services performed by Debtor prior to

10 bankruptcy. To liquidate these claims, the employment of special counsel was necessary and

11 previously approved by the Court. However, subsequent to the execution of the original Agreement,

12 the highly litigious claims in the Hernandez adversary resulted in a need for the subordination in

13 favor of Kellner to be increased.

14     The original Agreement provided a subordination of JFL's judgment lien for attorneys' fees

15 incurred by Kellner:

16   • "Legal fees to the Law Offices of Richard Kellner ("Kellner") incurred in connection

17     with the collection of the debtor's receivables (the "Receivables") subject to a cap equal

18     to the *greater* of (a) One Hundred Thousand ($100,000) or (b) 3.5% of the first Ten

19     Million Dollars ($10,000,000.00) of Receivables collected and 5% of the Receivables

20     collected thereafter."

21 The amendment substitutes the following terms for Kellner:

22   • The *lesser* of $400,000; or

23   • Kellner's actual invoiced fees at Kellner's reduced hourly rates for services rendered and

24     approved by the Court.

25     Kellner may only be paid from actual funds and receivables collected through his efforts.

26 Thus, the amended subordination acts as a modification to Kellner's previous compensation terms.

27

28

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1

## ii.    Is there a benefit to the Estate?

Here, without the work of special counsel such as Kellner, the Estate would be unable to liquidate its claims against highly litigious defendants (such as those in the Hernandez Adversary). Thus, the Estate receives a clear benefit from the expansion of the Agreement to increase the subordination to Kellner, at the sole expense of JFL. Unsecured creditors of the Estate will not receive anything less than what was previously approved by the Court pursuant to the initial subordination agreement. No other provision of the Agreement is being modified by the proposed amendment.

## iii.    Have the terms of the agreement been fully disclosed to the Court?

The original agreement between the Trustee and JFL is appended to Exhibit "3" to the RJN, and the proposed amendment is attached to the Marshack Declaration as Exhibit "1." Thus, the written terms of the agreement are being fully disclosed to the Court and to interested parties who may examine the terms and object if they deem necessary.

## 4.    Conclusion

The Trustee requests that the Court find good cause and enter an order superseding and modifying the Kellner Employment Order with the revised compensation terms as follows:

- Kellner shall be compensated the *lesser* of: (a) $400,000; or (b) Kellner's actual invoiced fees at Kellner's reduced hourly rate of $825 per hour for services incurred in connection with collecting Debtor's receivables;

- Kellner shall also be subject to a cap that it shall not receive compensation in excess of 40% of gross recoveries.

Kellner's employment remains subject to 11 U.S.C. §§ 327, 330, and 331. As such, the Court will ultimately determine the amount of compensation that is reasonable and which benefitted the estate.

/ / /

/ / /

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1         Trustee also requests that the Court approve the one-page amendment to the Agreement

2  which provides that JFL's judgment lien shall be further subordinated to payment of Kellner's

3  Court-approved compensation as set forth above.

4

DATED: December 21, 2021                MARSHACK HAYS LLP

5

6                                        By:   */s/ D. Edward Hays*

7                                               D. EDWARD HAYS
                                                TINHO MANG
8                                               Attorneys for Chapter 7 Trustee
                                                RICHARD A. MARSHACK
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

# Declaration of Richard L. Kellner

I, RICHARD L. KELLNER, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am the founder of Kellner Law Group PC ("Firm") and maintain offices at 1180 S. Beverly Drive, Suite 610, Los Angeles, CA 90035.

3.      I make this Declaration in support of the Motion by Chapter 7 Trustee to Modify Terms of Employment of Kellner Law Group Pc as Special Collections Counsel filed by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Case No. 8:19-bk-13560-SC.

4.      If called as a witness, I could and would competently testify to the following of my own personal knowledge. Capitalized terms not otherwise defined herein are used as they are defined in the Motion.

5.      I have been serving as the Trustee's special counsel in connection with the Hernandez Adversary, case number 8:20-ap-01086-SC. The case has been highly litigious and I am in the middle of conducting extensive discovery which includes reviewing documents and conducting depositions, in addition to various other disputes and appeals. Accordingly, I requested that the previously-approved terms of my employment be expanded such that the Firm should be entitled to receive compensation equal to the greater of (a) $400,000 or (b) the Firm's actual invoiced fee at my reduced hourly rate of $825/hour for services in connection with collecting receivables.

6.      I agree on behalf of the Firm that the Firm's compensation will be further subject to a cap equal to 40% of the gross receivables collected. Based on my experience in contingency representation, 40% represents a typical and customary rate for high-risk contingency representation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2021.

_____
RICHARD L. KELLNER

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration.

2.    I am the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Case No. 8:19-bk-13560-SC.

3.    If called as a witness, I could and would competently testify to the following of my own personal knowledge. Capitalized terms not otherwise defined herein are used as they are defined in the Motion.

4.    A true and correct copy of the executed amendment to the subordination agreement between myself on behalf of the Estate and Jason Frank Law, PLC ("JFL") is attached as Exhibit "1."

5.    I believe there is good cause to modify the compensation stated in the original employment application for Kellner Law Group, PC ("Kellner"), consistent with the amendment to the subordination agreement.

6.    To ensure that the Estate receives a benefit from the collection efforts by Kellner, the Firm's compensation should be further subject to a cap equal to 40% of gross receivables collected. Based on my experience, 40% represents a typical and customary rate for high-risk contingency representation.

7.    Because the amount of benefit to unsecured creditors pursuant to the previously-approved subordination agreement is not changing and any additional compensation is being paid entirely from the increased amount of the subordination by JFL, I believe that the proposed modification is in the best interest of the estate and fairly compensates counsel for the amount of litigation that has arisen in the course of his representation of the estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 20, 2021.

RICHARD A. MARSHACK

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

1

# Request for Judicial Notice

2    Richard A. Marshack, the duly appointed Chapter 7 Trustee for the bankruptcy estate of

3  Eagan Avenatti LLP, through his attorneys, Marshack Hays LLP, hereby requests pursuant to

4  Federal Rule of Evidence 201, that this Court take judicial notice of the following documents to be

5  considered in connection with the motion ("Motion") for entry of an order approving a one-page

6  amendment to the Court-approved subordination agreement between Trustee and Jason Frank Law,

7  PLC.:

8

| NO. | JUDICIALLY NOTICED DOCUMENT |
|-----|------------------------------|
| 1 | A true and correct copy of the Kellner Employment Application is attached as Exhibit "2." |
| 2 | A true and correct copy of the Subordination Motion is attached as Exhibit "3." |

13  DATED: December 20, 2021              MARSHACK HAYS LLP

14

15                                 By:    */s/ D. Edward Hays*
                                          D. EDWARD HAYS
16                                        TINHO MANG
                                          Attorneys for Chapter 7 Trustee
17                                        RICHARD A. MARSHACK

18

19

20

21

22

23

24

25

26

27

28

MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT AND
COMPENSATION FOR SPECIAL COUNSEL

4828-0104-7729, v. 3

**EXHIBIT "1"**

## FIRST Amendment to Subordination Agreement

On February 4, 2020, a subordination agreement was entered in to between Richard A. Marshack, solely in his capacity as Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), case number 8:19-bk-13560-SC ("Bankruptcy Case"), on the one hand, and Jason Frank Law, PLC ("JFL"), on the other hand. Together, Trustee and JFL shall be referred to as the "Parties."

On March 4, 2020, as Docket No. 107 in the Bankruptcy Case, the Court entered an order approving the subordination agreement in its entirety.

On May 19, 2020, Trustee (through his special counsel Richard L. Kellner) filed a complaint against The X-Law Group, P.C., Filippo Marchino, *et al.*, initiating adversary proceeding number 8:20-ap-01086-SC ("Adversary").

### Agreement to Amendment

1.1. Amendment. By executing this amendment, the Parties intend to amend the subordination agreement. Specifically, the subordination agreement shall be amended by striking paragraph 1, subparagraph (b) in its entirety and replacing such paragraph as follows:

b. Legal fees to the Kellner Law Group PC ("Kellner") incurred in connection with the collection of the debtor's receivables (the "Receivables") subject to a cap equal to the *lesser* of (a) Four Hundred Thousand Dollars ($400,000.00); or (b) Kellner's actual invoiced fees at Kellner's typical hourly rate for services incurred in connection with collecting the Receivables. JFL retains the right to review the invoices for Kellner's services for reasonableness.

1.2. Sole Amendment. Except as specifically set forth above, all other provisions of the subordination agreement remain in full force and effect.

### Miscellaneous Provisions

2.1. Court approval required. The Parties understand that this Amendment shall not be effective unless the Court enters an order approving this Amendment. Trustee shall file a motion seeking approval of this amendment and, if the Court enters an order denying such motion, this Amendment shall be null and void.

2.2. Counterparts. This Amendment may be signed in counterparts.

Dated: October ___, 2021

By: _____
RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for EAGAN AVENATTI, LLP

Dated: October /4, 2021

JASON FRANK LAW, PLC

By: _____
JASON FRANK

**EXHIBIT "2"**

1  D. EDWARD HAYS, SBN 162507
   ehays@marshackhays.com
2  DAVID A. WOOD, SBN 272406
   dwood@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  General Counsel for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 | In re                          | Case No. 8:19-bk-13560-CB

12 | EAGAN AVENATTI, LLP,            | Chapter 7

13 |                                | APPLICATION BY CHAPTER 7
   |                                | TRUSTEE TO KELLNER LAW GROUP
14 |          Debtor.               | PC AS SPECIAL COLLECTIONS
   |                                | COUNSEL; DECLARATION OF
15 |                                | RICHARD L. KELLNER IN SUPPORT

16 |                                | Hearing:
   |                                | Date:   February 25, 2020
17 |                                | Time:   2:30 p.m.
   |                                | Courtroom: 5D
18 |                                | Address: 411 W. Fourth Street
   |                                | Santa Ana, CA 92701
19

20  TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

21  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

22  PARTIES:

23      Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

24  Estate (the "Estate") of Eagan Avenatti, LLP ("Debtor" or "EA"), respectfully submits this

25  application ("Application") for entry of an order authorizing the employment of Kellner Law Group,

26  PC as Special Collections Counsel for the Estate ("Firm" or "KLG"), effective as of February 4,

27  2020, with respect to monitoring and recovering the fees owed to Debtor in various pending legal

28  matters ("Litigation Fees"). The Trustee also desires to retain the Firm to further investigate, and as

1  appropriate, prosecute the recovery of fees owed to the Debtor as well as defend litigation or other

2  claims against the Estate that may arise in the course of pursuing the Litigation Fees, pursuant to 11

3  U.S.C. § 327. In support of this Application, the Trustee respectfully represents as follows:

4  **A.    Statement of Facts**

5         **1.   General Background information for the Debtor**

6         The Debtor was a California-based litigation law firm formed in the mid-2000s. At any given

7  time, the Debtor employed between seven to nine attorneys, and primarily handled plaintiff

8  contingency matters, whereby the firm only received legal fees after a case was resolved in favor of

9  the Debtor's client.

10        By not later than some time in 2012, Michael Avenatti ("Mr. Avenatti") assumed control

11 over the management of the Debtor.  By 2013 and at all relevant times thereafter, Mr. Avenatti was

12 the Debtor's managing partner and owned at least 75% of the Debtor directly or indirectly through

13 his personal corporation, Avenatti & Associates, APC ("AA"). As the Debtor's managing partner,

14 Mr. Avenatti at all relevant times had access to and control over its business and financial records

15 (including its banking records).

16        **2.   Debtor's prior Chapter 11 Bankruptcy Case**

17        On March 10, 2017, Mr. Avenatti consented to the Debtor's voluntary chapter 11 bankruptcy

18 (after it has been placed into an involuntary bankruptcy in the Middle District of Florida on March 1,

19 2017 by a single creditor). The bankruptcy case was transferred to the Honorable Catherine E. Bauer

20 in the Central District of California on May 16, 2017 (*In re Eagan Avenatti, LLP*, Case No. 8:17-bk-

21 11961-CB).

22        The Debtor's chapter 11 bankruptcy was later dismissed on March 15, 2018, as part of a

23 structured settlement approved by this Court.  That structured settlement ("Settlement") required the

24 Debtor, following the dismissal of the bankruptcy, to pay certain debts it owed to creditors, including

25 the Internal Revenue Service ("IRS"), Jason Frank Law, APC ("JFL") and various other creditors.

26 The Debtor did not make the payment owed to JFL and, on May 22, 2018, this Court entered a

27 judgment in favor of JFL and against the Debtor in the approximate amount of $10 million ("JFL

28 Judgment"). JFL has created judgment liens and contends that it has unavoidable judgment liens

1   against all assets of the estate.

2          **3.  Appointment of Brian Weiss as Receiver**

3        On August 31, 2018, the JFL Judgment was registered before the United States District Court

4   for the Central District of California and was assigned for all post-judgment matters to Chief Judge

5   Virginia A. Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES].

6        JFL subsequently moved in the District Court for the appointment of an independent

7   receiver.  On February 13, 2019, Mr. Avenatti stipulated to the appointment of Mr. Brian Weiss, a

8   partner at Force 10 Partners ("Receiver"), as the receiver for the Debtor. The District Court then

9   entered a Receivership and Restraining Order ("Receivership Order") against the Debtor and Mr.

10  Avenatti.

11         **4.  Procedural Background**

12       Since February of 2019, multiple parties have commenced lawsuits against the Debtor.

13  Because the Debtor's receivership estate lacked sufficient funds to defend these lawsuits, and in

14  effort to establish an efficient procedure for administering claims against the Debtor the Receiver

15  determined that it was in the best interests of the Debtor and its creditors to commence a chapter 7

16  bankruptcy case for the Debtor.

17       On September 13, 2019, Debtor filed a voluntary petition under Chapter 7 of Title 11 the

18  United States Code. On the same day, Richard A. Marshack was appointed as the Chapter 7 trustee

19  of the Estate.

20       The Trustee seeks entry of an order authorizing him to retain KLG as Special Collections

21  Counsel to assist the Trustee with respect to monitoring and recovering the Litigation Fees owed to

22  Debtor in the various ongoing legal matters in which Debtor may be entitled to fees. The Trustee

23  also desires to retain the Firm pursuant to 11 U.S.C. § 327 to further investigate, and as appropriate,

24  prosecute the recovery of the Litigation Fees owed to the Debtor as well as defend against litigation

25  or other claims against the Estate that may arise in the course of pursuing the Litigation Fees.

26  B.    **Necessity of Special Counsel**

27       "The trustee, with the court's approval, may employ, for a specified special purpose, other

28  than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in

4828-0104-7729, v. 3

1  the best interest of the estate, and if such attorney does not represent or hold any interest adverse to

2  the debtor or the estate with respect to the matter on which such attorney is to be employed." 11

3  U.S.C. § 327(e). "[S]pecial counsel is appropriate when an attorney is employed to handle a specific

4  legal action that is unrelated to the reorganization and the attorney is particularly suited for that

5  action." *In re Goldstein*, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007).

6        In order to pursue the Estate's interests in the Litigation Fees generated by Debtor in the

7  various litigation matters, the Trustee requires the assistance of special counsel as follows:

8        (1) The Firm will represent and advise the Trustee on any matter relating to the collection of

9  the Litigation Fees, including any Litigation Fees owed pursuant to Debtor's retainer agreements, as

10  well as collection of fees owed as a result of fee sharing agreements ("Collection Matters").

11        (2) The Firm may need to represent and advise the Trustee on any matter relating to the

12  collection of the Collection Matters.

13        (3) At the request of the Trustee, the Firm may also need to represent and advise the Trustee

14  on any matter relating to the litigation of the Collection Matters as well as the enforcement of

15  judgments awarded in Debtor's favor, and as necessary, to defend against claims or litigation against

16  the Estate that may arise in the course of pursuing fees that are property of the Estate (together with

17  the Collection Matters, "Scope of Work").

18        The Firm will provide general consulting services as needed to assist the Trustee in

19  maximizing the recovery of Debtor's assets. Specifically, the Firm is needed to monitor and pursue

20  the collection of assets owed to the Debtor pursuant to fee agreements or awards in the various

21  ongoing legal matters in which the Debtor may be entitled to fees. Accordingly, the Firm, at the

22  Trustee's request, may need to appear in, prosecute, or defend matters, suits, counterclaims, or

23  proceedings, if any, when they arise, and to take all necessary and proper steps in related matters

24  involving federal and/or state law, or connected with the affairs of the Estate, as needed, with respect

25  to the Scope of Work.

26        The Firm is particularly suited to pursue the Collection Matters on behalf of the Estate. The

27  principal of the Firm (Richard Kellner) is a highly respected litigator who has particular knowledge

28  and experience in the litigation matters upon which the Litigation Fees are being sought on behalf of

4828-0104-7729, v. 3

1  the Estate. Mr. Kellner has been lead counsel or co-lead counsel on some of the largest consumer

2  class actions in the United States and is highly respected amongst his peers. In addition to serving as

3  a Trustee for the Los Angeles County Bar Association, Mr. Kellner has served numerous terms as

4  the Chair of the Complex Courts committee for the Litigation Section of the Los Angeles County

5  Bar Association. Mr. Kellner has tried over 30 cases to verdict and handled over 130 appeals in

6  Federal and State Courts. Importantly, Mr. Kellner is admitted to practice law not only in California,

7  but also in Florida, Pennsylvania, Nevada, and New York.

8  The Firm has intimate knowledge of the factual background of many of the ongoing litigation

9  matters in which Debtor is entitled to fees, including a class action judgment presently on appeal in

10  which the Debtor is entitled to substantial attorney fees in excess of $10 million. Likewise, the Firm

11  is well qualified to pursue the enforcement of judgments awarded in Debtor's favor, and as

12  necessary, to defend against claims or litigation against the Estate that may arise in the course of

13  pursuing collection of property of the Estate.

14  **C.     Scope of KLG'S Proposed Employment**

15  The Trustee seeks to retain KLG as special litigation counsel for the Estate to represent and

16  advise the Trustee on any matter relating to collection of the Litigation Fees pursuant to Debtor's

17  retainer and fee sharing agreements. At the request of the Trustee, the Firm may also need to

18  represent and advise the Trustee on any matter relating to the litigation of the Collection Matters as

19  well as the enforcement of judgments awarded in Debtor's favor, and as appropriate, to defend

20  against claims or litigation against the Estate that may arise in the course of pursuing fees that are

21  property of the Estate. The Trustee believes that KLG is uniquely positioned and well-qualified to

22  provide these services.

23  Specifically, the Trustee requires the assistance of KLG to, among other things, investigate,

24  analyze, and advise him on any matter relating to the collection of the Collection Matters, including

25  enforcement of judgments in the Debtor's favor.

26  The Firm may also be required to assist the Trustee in the following matters:

27  a.     Monitor and pursue the collection of assets owed to the Debtor pursuant to fee

28  agreements or awards in the various ongoing legal matters in which the Debtor may be entitled to

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 17

1  fees and costs;

2         b.     Appear in, prosecute, or defend matters, suits, counterclaims, or proceedings,

3  if any, when they arise; and

4         c.     Take all necessary and proper steps in related matters involving federal and/or

5  state law, or connected with the affairs of the Estate, as needed, with respect to the Scope of Work.

6  **D.     Requirements for Application to Employ Professional**

7         Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local

8  Bankruptcy Rule 2014-1 ("LBR"), here follows a summary of the proposed employment of the Firm.

9  Should any additional information be requested by the Office of the United States Trustee, the Court,

10  or any party in interest, the Firm will provide a supplemental declaration prior to any hearing on this

11  Application.

12         **1.     LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation**

13         Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a

14  professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the

15  requirements of FRBP 2014 and 6003(a) and be filed with the court. The notice and application must

16  specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or

17  11 U.S.C. § 330."

18         The Trustee seeks employment of the Firm pursuant to 11 U.S.C. § 327. The Firm will seek

19  compensation pursuant to 11 U.S.C. §§ 330 and 331.The terms of employment of the Firm agreed to

20  by the Trustee, subject to approval of the Court, are that the Firm will represent the Trustee and the

21  Estate at a special discounted rate of $825 per hour. KLG's fees will be capped at the greater of

22  (1) 3.5% of the first $10 million of recovery and 5% thereafter; or (b) $100,000. The Trustee is

23  separately negotiating a subordination agreement with JFL pursuant to which JFL will subordinate

24  its claim and lien to certain administrative claims including the foregoing fees to KLG.

25         KLG understands that its compensation in this case is subject to approval by the Bankruptcy

26  Court. In compliance with 11 U.S.C. §§ 330 and 331, KLG intends to file applications for interim

27  allowance of fees and reimbursement of costs. If appropriate, approximately every four (4) months,

28  the Firm will file an application with the Court seeking allowance of its fees and costs incurred to

4828-0104-7729, v. 3

1    date and paid pursuant to such monthly payment procedure.

2    The Firm has advised the Trustee that the Firm has not shared or agreed to share any

3    compensation to be received by it in this case with any other person or entity, except as among

4    partners of the Firm.

5    The Trustee and the Firm understand and agree that the proposed compensation arrangement

6    will be subject to the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 330 and

7    331. The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed

8    the amount that is ultimately allowed to the Firm, the Firm will be required to, and will, promptly

9    repay such difference.

10    **2.    FRBP 2014**

11    Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

12    An order approving the employment of attorneys, accountants, appraisers,
      auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of
13    the Code shall be made only on application of the trustee or committee. The
      application shall be filed and, unless the case is a chapter 9 municipality case, a
14    copy of the application shall be transmitted by the applicant to the United States
      trustee. The application shall state the specific facts showing the necessity for the
15    employment, the name of the person to be employed, the reasons for the selection,
      the professional services to be rendered, any proposed arrangement for
16    compensation, and, to the best of the applicant's knowledge, all of the person's
      connections with the debtor, creditors, any other party in interest, their respective
17    attorneys and accountants, the United States trustee, or any person employed in
      the office of the United States trustee. The application shall be accompanied by a
18    verified statement of the person to be employed setting forth the person's
      connections with the debtor, creditors, any other party in interest, their respective
19    attorneys and accountants, the United States trustee, or any person employed in
      the office of the United States trustee.
20
21

22    The Trustee is seeking employment of the Firm as a Special Counsel for the Estate. A copy

23    of this Application will be served on the Office of the United States Trustee.

24    **a.    FRBP 2014 - Facts Showing the Necessity for the Employment**

25    The Trustee is informed that the Collection Matters constitute a significant potential asset for

26    the Estate. As such, he has determined that it is in the best interest of the Estate to pursue collection

27    of the Collection Matters.  The Firm will assist the Trustee in all matters regarding the Collection

28    Matters, primarily in pursuing collection of fees owed to the Estate pursuant to the retainer and fee

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

1  sharing agreements.

2      The Firm, at the Trustee's request, may need to appear in, prosecute or defend any matter,

3  suits, or proceedings, if any, when they arise, and to take all necessary and proper steps in other

4  matters involving bankruptcy, federal and/or state law, or connected with the affairs of the Estate, as

5  needed, with respect to the Scope of Work.

6          **(i)       FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person**

7                        **to Be Employed**

8      In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that

9  the Notice of the Application must "[s]tate the ***identity of the professional*** and the purpose and

10 scope for which it is being employed" (emphasis added).

11     The Trustee seeks to employ KLG as Special Collections Counsel. Pursuant to Rule 2014(b)

12 of the Federal Rules of Bankruptcy Procedure, partners, members, and regular associates of the Firm

13 will act on behalf of Trustee and Estate without further order of the court.

14     The professionals and paraprofessionals who may render services in connection with the

15 Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with

16 each application for allowance of fees and reimbursement of costs, by their initials. Those persons

17 may include Richard L. Kellner (partner) and support staff. **FRBP 2014 and LBR 2014-1(b)(3)(A) -**

18 **Reasons for the Selection**

19     In addition to the provisions of Rule 2014 of the FRBP, LBR 2014-1(b)(3)(A) provides that

20 the Notice of the Application must "[s]tate the identity of the professional and the ***purpose and***

21 ***scope*** for which it is being employed" (emphasis added).

22     The Trustee believes that the Firm is well-qualified to render the requested professional

23 services to the Estate. Mr. Kellner is a professional who has extensive experience in complex

24 litigation and class actions and has intimate knowledge of the factual background of many of the

25 ongoing litigation matters in which Debtor is entitled to fees and costs. Likewise, the Firm is well

26 qualified to pursue the enforcement of judgments awarded in Debtor's favor throughout the United

27 States, and as necessary, to defend against claims or litigation against the Estate that may arise in the

28 course of pursuing collection of property of the Estate.

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 20

1  Richard Kellner is an attorney who has been admitted to practice law for 34 years. He has

2  extensive experience as a plaintiff class action and complex litigation attorney – and has been lead

3  counsel or co-lead counsel in some of the largest litigation matters in the United States. Importantly,

4  he is admitted to practice law not only in the States of California, but also Florida, New York,

5  Pennsylvania and Nevada – where some of the underlying cases are pending upon which the Estate

6  is seeking enforcement of a judgment upon the Debtor's fees.

7  Mr. Kellner's particular knowledge and experience handling the types of litigation matters

8  upon which the Estate is seeking enforcement of a judgment of the Debtor's fees will create unique

9  efficiencies for the Estate – since Mr. Kellner will not have to expend significant time to "acquaint"

10  himself with the nature and general law relating to class actions. The Firm's biography and the

11  hourly rates are set forth in Exhibit 1 to the Declaration of Richard L. Kellner ("Kellner

12  Declaration").

13  **b.    FRBP 2014 and LBR 2014-1(b)(3)(A) – Professional Services to be**

14  **Rendered**

15  In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure,

16  LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the

17  professional and the purpose and *scope* for which it is being employed" (emphasis added).

18  The Firm will assist the Trustee in all matters regarding the Collection Matters, primarily in

19  pursuing collection of fees owed to the Estate pursuant to the retainer and fee sharing agreements.

20  The Firm, at the Trustee's request, may need to appear in, prosecute or defend any matter,

21  suits, or proceedings, if any, when they arise, and to take all necessary and proper steps in other

22  matters involving bankruptcy, federal and/or state law, or connected with the affairs of the Estate, as

23  needed, with respect to the Scope of Work.

24  **c.    FRBP 2014 and LBR 2014-1(b)(3)(C) – Proposed Arrangement for**

25  **Compensation**

26  In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure,

27  LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements

28  for compensation, including the hourly rate of each professional to render services, source of the

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 21

fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to the Trustee at a discounted rate of the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's discounted rate and its current hourly billing rates are as follows:

| Partner: | Current Rate | Discounted Rate |
|---|---|---|
| Richard L. Kellner | $875/hour | $825/hour |
| Paraprofessionals | $175/hour | $125/hour |

The Firm will be compensated from assets of the Estate, if any, upon Bankruptcy Court approval of duly filed applications for allowance of fees and costs and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case and has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any person, except as among partners of the Firm

**d.    FRBP 2014 - Firm's Connections and Associations**

Except as disclosed in this Application, and to the best of the Firm's knowledge, neither the Firm nor any of the professionals comprising or employed by the Firm has any connection with Debtor or Debtor's attorney, Debtor's creditors, any other party in interest, or their respective attorneys or accountants.

The Firm does not have an interest adverse to Debtor or the Estate related to the Collection Matters. As of the Petition Date, the Firm is not a creditor of the Estate and is not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Kellner Declaration, none of the professionals comprising or employed by the Firm has any connection with any judge of

1 the United States Bankruptcy Court for the Central District of California, the United States Trustee,

2 or any person currently employed in the Office of the United States Trustee.

3      **3.    LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm**

4      Pursuant to Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a

5 declaration of the person to be employed establishing disinterestedness or disclosing the nature of any

6 interest held by such person." There is no disinterestedness requirement for employment of special

7 counsel under 11 U.S.C. § 327. Nonetheless, the Kellner Declaration submitted with this Application

8 provides information regarding the Firm's disinterestedness. As set forth in the appended Kellner

9 Declaration, and except as described in the following paragraphs, KLG does not hold or represent any

10 interest adverse to the interests of the Debtor's estate.  KLG has no interest adverse to the Debtor, the

11 estate, its creditors, or any other party in interest, their respective attorneys and accountants, and has

12 no relation to any bankruptcy judge presiding in this district or any relation to the United States

13 Trustee in this district or any person employed by the Office of the United States Trustee.

14      KLG has reviewed its files and determined that, KLG (i) has not represented, is not

15 representing, and has no present intention to represent any related entity or creditor in connection with

16 this bankruptcy case or any person known to it to have any involvement with respect to the Claims,

17 and (ii) neither holds nor represents a claim against the Debtor, the Trustee, the estate, or Mr. Avenatti

18 or any of his known affiliates. In May 2013, at both Mr. Avenatti's and Mr. Frank's request, Mr.

19 Kellner provided a loan to the firm for litigation costs, which were repaid in or around 2014 upon the

20 settlement of the matter.

21      KLG has received no retainer in its capacity as proposed special litigation attorneys to the

22 Trustee in this case.  There is no separate written agreement pertaining to the Firm's employment in

23 connection with this representation, except that the terms set forth in **Exhibit 1** are, to the extent not

24 inconsistent with the terms set forth above, are intended to be part of the agreement between KLG and

25 the Trustee acting on behalf of the estate.

26      **4.    Authority to Retain out of State Counsel**

27      Debtor prosecuted litigation throughout the United States and is entitled to attorneys' fees and

28 costs in several cases currently pending in other states. Accordingly, the Firm may need to retain local

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 23

1  counsel to secure the Estate's rights to fees and costs owed to the Debtor, including filing notices of

2  attorneys' lien when appropriate, The Trustee respectfully requests that the Court vest him and KLG

3  with the authority to retain out of state, local counsel to administer such claims and related issues, on

4  condition that the Trustee file an application to employ such out of state, local counsel ("Local

5  Counsel") within 30 days of retaining Local Counsel, and that Local Counsel's rates for the first 30

6  days cannot exceed KLG's rates.

7          **5.    LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee**

8          Pursuant to Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served, in

9  accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not later

10 than the day it is filed with the court. No hearing is required unless requested by the United States

11 trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn Proof of

12 Service filed contemporaneously with this document, the Firm served a copy of this Application on

13 the Office of the United States Trustee on the date this Application was filed with the Court.

14 **E.    Conclusion**

15         The Trustee requests that he be authorized to employ the Firm, effective as of February 4,

16 2020, as its Special Counsel pursuant to 11 U.S.C. § 327, at the Firm's discounted hourly rates with

17 any compensation and reimbursement of costs to be paid by the Estate only upon application to and

18 approval by the Court pursuant to 11 U.S.C. §§ 330 and 331.

19 DATED: February ___, 2020          Respectfully submitted,

20

21                                    By: _____
                                          RICHARD A. MARSHACK
22                                        Chapter 7 Trustee for the Bankruptcy
                                          Estate of Eagan Avenatti, LLP
23

24 DATED: February 4, 2020            MARSHACK HAYS LLP

25

26                                    By:   */s/ D. Edward Hays*
                                          D. EDWARD HAYS
27                                        DAVID A. WOOD
                                          Attorneys for Chapter 7 Trustee
28                                        RICHARD A. MARSHACK

                                        12

4828-0104-7729, v. 3

**Declaration of Richard L. Kellner**

I, RICHARD L. KELLNER, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am the founder of Kellner Law Group PC ("Firm") and maintain offices at 1180 S. Beverly Drive, Suite 610, Los Angeles, CA  90035. I am also the Managing Partner of Jacoby & Meyers Mass Torts Law Group LLC.

3.      I make this Declaration in support of the Application to Employ the Firm as Special Counsel ("Application") filed by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Case No. 8:19-bk-13560-CB.

4.      If called as a witness, I could and would competently testify to the following of my own personal knowledge.

5.      Trustee has asked that the Firm serve as its Special Counsel in connection with the administration of the Estate for the specific special purpose of representing the Estate with respect to monitoring and recovering the fees owed to Debtor in various ongoing legal matters ("Litigation Fees") in which Debtor may be entitled to fees.  The Trustee also desires to retain the Firm to further investigate, and as appropriate, prosecute the recovery of fees owed to the Debtor as well as defend litigation or other claims against the Estate that may arise in the course of pursuing the Litigation Fees. The Firm will represent and advise the Trustee on any matter relating to the collection of the Litigation Fees pursuant to Debtor's retainer agreements, as well as collection of fees owed as a result of fee sharing agreements ("Collection Matters").  At the request of the Trustee, the Firm will also represent and advise the Trustee on any matter relating to the litigation of the Collection Matters as well as the enforcement of judgments awarded in Debtor's favor, and as necessary, to defend against claims or litigation against the Estate that may arise in the course of pursuing fees that are property of the Estate. The Firm is well-qualified to do so.

6.      I have extensive litigation experience, and specific experience in the factual background and history related to the Collection Matters and am well qualified to represent Trustee

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

in proceedings of this nature. I have over 34 years of litigation experience, and have been lead counsel or co-lead counsel in some of the largest class actions in the United States. I am presently a Trustee for the Los Angeles County Bar Association, and have served repeated terms as the Chair of the Complex Court Committee for the Litigation Section of the Los Angeles County Bar Association.

7.      I have repeatedly been selected amongst the top trial attorneys by the National Trial Lawyers, and have tried over 30 cases and handled over 100 appeals.

8.      I am duly licensed to practice law in the State of California, before this Court, and also in the States of Florida, New York, Pennsylvania, and Nevada.

9.      A biography of the Firm with billing rates is attached as Exhibit 1 and incorporated by this reference.

10.      The Firm and its paralegal support staff who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

11.      The Firm will render services to the Trustee at a discounted rate of the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's discounted rate and its current hourly billing rates are as follows:

| Partner: | Current Rate | Discounted Rate |
|---|---|---|
| Richard L. Kellner | $ 875/hour | $825/hour |
| Paraprofessionals | $175/hour | $125/hour |

12.      The Firm will be compensated from assets of the Estate, if any, upon Bankruptcy Court approval of duly filed applications for allowance of fees and costs and will not be compensated absent the Estate's receipt or recovery of such assets.

13.      The Firm has not received a retainer for the services that it will perform in this matter.

14.      The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 26

15.    The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

16.    The Firm completed a conflicts check prior to submitting this Application.

17.    I am the owner of Kellner Law Group, a professional law corporation ("KLG").

18.    The Firm is not currently representing any creditors in connection with their claims against the Debtor and/or Avenatti.

19.    To the best of my knowledge, neither the Firm, nor any of the professionals comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

20.    The Firm is not and was not an investment banker for any outstanding security of the Debtor.

21.    The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtor.

22.    The Firm is not and was not, within two (2) years before the date of the filing of Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any security of Debtor.

23.    As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and is not owed any funds by Debtor.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

4828-0104-7729, v. 3

EXHIBIT "2"
PAGE 27

24.     In May 2013, at both Mr. Avenatti's and Mr. Frank's request, Mr. Kellner provided a loan to the firm for litigation costs, which were repaid in or around 2014 upon the settlement of the matter.

25.     The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason

26.     To the best of my knowledge, none of the persons employed by the Firm have any connection to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

27.     The Firm does not have an interest adverse to Debtor or the bankruptcy Estate related to the Collection Matters.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 31, 2020, at Los Angeles, California.

_____
RICHARD L. KELLNER

18

TRUSTEE'S APPLICATION TO KELLNER LAW GROUP PC

EXHIBIT "2"
PAGE 28

EXHIBIT "1"



KELLNER LAW GROUP PC

## Richard L. Kellner

For over 34 years, Richard L. Kellner has been recognized as one of the top trial attorneys in the United States.  Starting as a homicide prosecutor in the Bronx District Attorneys' Office to his role as co-founder of Kabateck Brown Kellner LLP in 2004, Mr. Kellner has litigated some of the largest and most important cases in the United States.  Through his efforts, Mr. Kellner secured over $1 billion for his clients in class actions, complex business disputes and insurance bad faith cases

In 2018, Mr. Kellner formed Kellner Law Group PC to provide hands-on litigation for a limited number of cases.  This is in addition to his role as Managing Partner for Jacoby & Meyers Mass Torts Law Group LLC.

The National Trial Lawyers has recognized Mr. Kellner as one of the Top 100 Influential Trial Lawyers in the United States, and he has annually been designated as a Super Lawyer.  In the field of class actions and complex litigation, Mr. Kellner has taken leadership positions in local and national bar associations.  Mr. Kellner presently serves as a Trustee for the Los Angeles County Bar Association.

Among Mr. Kellner's notable successes is his recovery in the Epson class action, which resulted in a settlement valued at over $400 million.  Mr. Kellner was co-lead counsel for the NAACP in landmark litigation against major banking institutions, and was given the NAACP's Champion of Justice in Civil Rights award in 2010. Mr. Kellner is among a handful of experienced California trial litigators who handle complex business and corporate litigation matters on a contingency fee basis, recovering hundreds of millions of dollars in such cases.

In addition to his accomplishments as a trial attorney, Mr. Kellner is a highly successful appellate attorney.  He has argued more than 130 appeals in state and federal courts including the California State Supreme Court, the Ninth Circuit Court of Appeals, the Second Circuit Court of Appeals, and the New York Court of Appeals.

HONORS AND RECOGNITION

- National Trial Lawyers – Top 100 in California – 2010 to present.
- National Trial Lawyers – Top 100 Influential Trial Lawyers in the United States – 2015 to present.
- NAACP's Champions of Justice in Civil Rights – 2010.
- Finalist, Consumer Attorneys of California – Consumer Attorney of the Year – 2010.

PROFESSIONAL ASSOCIATIONS & MEMBERSHIP

National Trial Attorneys.
- Executive Board.

Los Angeles County Bar Association.
- Trustee.
- Executive Committee of the Litigation Section.

Consumer Attorneys Association of Los Angeles.


ADMITTED TO PRACTICE

State Bar of California.
State Bar of New York.
State Bar of Florida.
State Bar of Nevada.
State Bar of Pennsylvania.
Ninth Circuit Court of Appeal.
Second Circuit Court of Appeal.
Multiple District Courts throughout the United States.


### Billing Rates

**Richard L. Kellner, Parnter**        **$875.00 per hour**
**Paralegal support**         **$175.00 per hour**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO KELLNER LAW GROUP PC AS SPECIAL COLLECTIONS COUNSEL; DECLARATION OF RICHARD L. KELLNER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 4, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **February 4, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE**
**09/23/19**
**DEBTOR**
Eagan Avenatti, LLP
~~20341 SW Birch, Suite 220~~
~~Newport Beach, CA 92660-1514~~

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 4, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY
**PRESIDING JUDGE'S COPY**
Bankruptcy Judge Honorable Catherine E. Bauer
U. S. Bankruptcy Court – Central District
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2020 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4839-4029-3043, v. 1

EXHIBIT "2"
PAGE 32

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: (CONTINUED)
   - **ATTORNEY FOR INTERESTED PARTY COURTESY NEF:** James C Bastian, Jr jbastian@shbllp.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, 8649808420@filings.docketbird.com
   - **ATTORNEY FOR CREDITOR THE X-LAW GROUP, P.C.; CREDITOR ALEXIS GARDNER; AND CREDITOR DAMON ROGERS:** Filippo Marchino fm@xlawx.com, tc@xlawx.com
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK (TR):** Judith E Marshack jmarshack@marshackhays.com, 8649808420@filings.docketbird.com
   - **RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com
   - **SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE:** Meghan Canty Murphey MCMurphey@bwslaw.com, lwan@bwslaw.com, JGomez@bwslaw.com
   - **ATTORNEY FOR DEFENDANTS AVENATTI & ASSOCIATES APC and MICHAEL AVENATTI:** Ryan D O'Dea rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
   - **DEBTOR EAGAN AVENATTI, LLP AND TRUSTEE RICHARD A MARSHACK (TR):** Jack A. Reitman jareitman@lgbfirm.com, srichmond@lgbfirm.com; vrichmond@lgbfirm.com; avedrova@lgbfirm.com
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK (TR):** John P. Reitman jreitman@lgbfirm.com, srichmond@lgbfirm.com; vrichmond@lgbfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK:** David Wood dwood@marshackhays.com, 8649808420@filings.docketbird.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

4839-4029-3043, v. 1

**EXHIBIT "3"**

1  D. EDWARD HAYS, #162507
ehays@marshackhays.com
2  DAVID A. WOOD, #272406
dwood@marshackhays.com
3  MARSHACK HAYS LLP
870 Roosevelt
4  Irvine, California 92620
Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK
7

8                    UNITED STATES BANKRUPTCY COURT
9
       CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION
10

11  In re                                    Case No. 8:19-bk-13560-CB

12  EAGAN AVENATTI, LLP,                     Chapter 7

13        Debtor.                            TRUSTEE'S MOTION FOR ORDER
                                             APPROVING SUBORDINATION
14                                           AGREEMENT WITH JASON FRANK
                                             LAW, PLC; MEMORANDUM OF POINTS
15                                           AND AUTHORITIES; AND
                                             DECLARATION OF RICHARD A.
16                                           MARSHACK IN SUPPORT

17                                           Date:     February 25, 2020
                                             Time:     2:30 p.m.
18                                           Ctrm:     5D
                                             Location: United States Bankruptcy Court
19                                                     Central District of California
                                                       Ronald Reagan Federal Building
20                                                     and Courthouse
                                                       411 West Fourth Street
21                                                     Santa Ana, CA 92701-4593

22  TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY COURT

23  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

24  PARTIES:

25        Richard A. Marshack, Chapter 7 Trustee ("Trustee") for the Estate ("Estate") of Debtor

26  Eagan Avenatti, LLP ("Debtor") respectfully submits this motion to approve a subordination

27  agreement with Jason Frank Law, PLC ("JFL") ("JFL," collectively with Trustee, the "Parties")

28  relating to JFL's secured claim against all of the Debtor's assets.

---

1

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT

4851-9735-4046.v1

Case 8:19-bk-13560-SC    Doc 93    Filed 02/04/20    Entered 02/04/20 18:36:29    Desc
Main Document    Page 2 of 16

## 1.    Summary of Argument

Any claim may be subordinated for purposes of distribution to all or part of any other claims under Section 510. In this case, Jason Frank Law ("JFL") contends that it has a lien against all assets of the bankruptcy estate to secure a claim in excess of $12 million. JFL wants the Trustee to administer the estate's assets and, as such, it has agreed to a voluntary subordination of its secured claim for the benefit of certain administrative and unsecured claims.

Under the terms of the proposed agreement, JFL subordinates it secured claim for the benefit of all compensation awarded to the Trustee and the Trustee's retained attorneys who are actively prosecuting the Estate's claims including the Kellner firm regarding collections of receivables and the Reitman firm regarding fraudulent transfer claims. JFL further subordinates its claim to other allowed administrative claims including Trustee's general counsel and unsecured creditors in the maximum amount of 10% as set forth in more detail below.

Although there is no requirement that a subordination agreement be approved, the 9th Circuit Bankruptcy Appellate Panel in the case of *In re KVN* has held that a carve-out agreement should be approved by the Court. As such, in an abundance of caution and to the extent this Court concludes that the proposed subordination agreement must be approved, the Trustee seeks such approval as being reasonable and beneficial to the Estate. Other than agreeing not to seek any Section 506(c) surcharge, the Trustee has not compromised any claims held by the Estate in entering the agreement.

## 2.    Statement of Relevant Facts

On September 13, 2019, Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code. On the same day, Richard A. Marshack was appointed as the Chapter 7 trustee of the Estate.

Prior to the commencement of this bankruptcy case, Jason Frank Law, PLC ("JFL") obtained a judgment against the debtor from this Court in the principal amount of $10 million plus "reasonable attorneys' fees and costs incurred in collecting any and all sums due from [the debtor] pursuant to the entered judgment" ("Judgment"). The Trustee understands the Judgment has been

4829-2959-5315, v. 2/1015-131

EXHIBIT "3"
PAGE 35

1  accruing interest at the rate prescribed by 28 U.S.C. § 1961 since the date the Judgment was

2  entered on May 22, 2018. The Trustee further understands that JFL asserts a secured claim for

3  these amounts against all of the debtor's assets based on various judgment liens it contends it

4  created outside the preference period. JFL wants the Trustee to collect the receivables. To resolve

5  any claims to surcharge under Section 11 U.S.C. § 506(c), the Trustee and JFL have entered into

6  the agreement attached as Exhibit "1."

7  **3.    Summary of the Proposed Agreement for Partial Subordination**

8  The following is a summary of the substantive terms of the Agreement.[1] Subject to

9  Bankruptcy Court approval, the Parties agree as follows:

10  1.    JFL will agree to a <u>limited</u> subordination of its claim and lien under 11 U.S.C. § 510(c), which will be limited to the following amounts:

11
12  a.    Reasonable compensation to the Trustee not to exceed the amounts permitted under 11 U.S.C. § 326(a);

13  b.    Legal fees to the Law Offices of Richard Kellner ("Kellner")
14  incurred in connection with the collection of the debtor's receivables (the "Receivables") subject to a cap equal to the *greater* of (a) One Hundred Thousand ($100,000.00) or (b) 3.5% of the first Ten Million Dollars ($10,000,000.00 ) of Receivables collected and 5%
15  percent of the Receivables collected thereafter;[2]

16  c.    In the event JFL has a secured claim on the amounts recovered in any fraudulent transfer and avoidance actions ("Fraudulent
17  Transfer/Avoidance Matters"),[3] then JFL will agree that its secured claim is subordinated to the approved contingency fees owed to
18  Landau Law from the recoveries in the Fraudulent Transfer/Avoidance Matters pursuant to the terms set forth in Exhibit
19  1 to the Trustee's Application to Employ Landau Law as Special Litigation Counsel, unless otherwise modified by the Court. (Doc.
20  33.) All other legal fees and expenses owed to Landau Law for work not relating to the Fraudulent Transfer/Avoidance Matters will be
21  considered "Other Allowed Administrative Claims" subject to the limits set forth in ¶ 1(d) below;

22  d.    Other Allowed Administrative Claims not to exceed the *lesser of*
23  (a) the actual amounts approved by the Court (not including the

---

24  [1] All interested parties are advised to consult the Agreement for all terms and conditions. The statements contained in this Motion are a summary of the material terms and conditions only. The actual language of the agreement shall control.

25  [2] If for any reason Kellner's employment application is not approved by the Court, then the Parties
26  will discuss whether JFL will agree to a similar subordination with respect to any other counsel retained to collect the debtor's receivables.

27  [3] The Trustee reserves the Estate's rights to contest whether JFL has a secured claim and the extent
28  of such claim including any lien on the amounts recovered in the Fraudulent Transfer/Avoidance Actions.

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT
4829-2959-5315, v. 2/1015-131

amounts set forth in ¶1(a)-(c) above); and (b) 10% of total recoveries otherwise subject to JFL's secured lien; and

    e.    To the extent that Other Allowed Administrative Claims are less than 10% of total recoveries otherwise subject to JFL's secured lien, then the difference between such amounts (not to exceed 2.5% of the total recoveries otherwise subject to JFL's secured lien) will be distributed by the Trustee to unsecured creditors. For example, if Other Allowed Administrative Claims are 5% of such total recoveries, then the total subordination will be 7.5% (5% + 2.5%). If the total amount of Other Allowed Administrative Claims exceed 10% of such total recoveries and are therefore capped at such amount, and unsecured creditors will not receive any benefit from the subordination but will still receive distributions if other collections exceed the amount of JFL's claim;

2.    Because JFL's claim is being subordinated (and it is not carving out funds otherwise payable on account of the lien), JFL will remain entitled to collect the remainder of its claim as collections payment. In other words, if sufficient funds are recovered to pay the amounts subordinated in ¶ 1 and JFL's claim in full, then JFL will receive full payment;

    a.    If the Trustee recovers funds from assets not subject to JFL's secured lien, then JFL will be entitled to receive 20% of the net proceeds from such recoveries (after payment of administrative claims including any costs of sale) until such time as the amounts subordinated pursuant to ¶ 1 are repaid. JFL will still be entitled to receive its proportionate share of the remaining 80% of such proceeds in accordance with applicable law;

3.    JFL is retaining the full amount of its claim against any co-debtors;

4.    The Trustee agrees JFL's secured claim includes the pre-petition "reasonable attorneys' fees and costs incurred in collecting any and all sums due from [the debtor] pursuant to the entered judgment" as provided for in Paragraph 3 of the Judgment. JFL will also be able to seek contribution for post-petition fees and expenses incurred in assisting the Trustee recover assets pursuant to 11 U.S.C. § 503(b)(3)(D). The Trustee reserves the right to oppose or join in any such request;

5.    The Trustee will obtain JFL's written approval (email is sufficient) prior to agreeing to any settlement or agreement that is less than 75% of the claim value, including but not limited to the Receivables, the Fraudulent Transfer/Avoidance Matters, or any other litigation claims or assets of the debtor. However, in the event JFL does not consent to the settlement or agreement, then the Trustee will retain his right to seek Court approval of the settlement or agreement over JFL's objection, if the Trustee believes it is in the best interest of the Estate;

    a.    Additionally, the Trustee will regularly communicate with Jason Frank on issues relating to matters covered or potentially covered by JFL's lien. In furtherance of this goal of cooperation, the Trustee or his counsel will participate in calls or meetings requested by Jason Frank regarding such issues;

6.    In consideration of the foregoing, the Trustee agrees not to seek any surcharge of JFL's collateral under 11 U.S.C. § 506(c); and

7.    This agreement will be subject to court approval on motion after notice and a hearing. Although the Trustee is not compromising any claims held by the

4

estate, agreements such as subordination or carve-out agreements may be subject to Court approval. *See, In re KVN*, 541 B.R. 1 (9th Cir. BAP 2014).

## 4.    Legal Authority

### A.    The Court May Approve a Settlement of a Pending Controversy

"A carve-out agreement is generally understood to be 'an agreement by a party secured by all or some of the assets of the estate to allow some portion of its lien proceeds to be paid to others, i.e., to carve out its lien position.'" *In re KVN Corp., Inc.*, 514 B.R. 1, 6 (9th Cir. BAP 2014) (citing *Costa v. Robotic Vision Sys., Inc.* (*In re Robotic Vision Sys., Inc.*), 367 B.R. 232, 237 n. 23 (1st Cir. BAP 2007); *In re Besset*, 2012 WL 6554706, at *5 n. 5 (9th Cir. BAP 2012)).

In *In re KVN Corp., Inc.*, the Bankruptcy Appellate Panel for the Ninth Circuit held that courts should consider the following factors in deciding whether to approve a carve-out agreement between a Chapter 7 trustee and a secured lender: (1) whether the trustee "fulfilled his or her basic duties;" (2) whether there is "a benefit to the estate, i.e., prospects for a meaningful distribution to unsecured creditors;" (3) whether "the terms of the carve-out agreement been fully disclosed to the bankruptcy court." *Id.* at 8. In sum, courts should scrutinize carve-out agreements to ensure that the agreement provides a benefit to unsecured creditors and is not merely an opportunity for the trustee to receive a commission for making a distribution to a secured creditor who could foreclose on the security interest itself. *Id.* at 7.

In this case, the proposed agreement provides for a subordination and not a carve-out. As such, the Trustee does not believe that Court approval may be required. That said, in an abundance of caution and out of respect for this Court, the Trustee files this Motion seeking approval of the agreement.

Because JFL contends that it is a secured creditor with a claim that could equal or exceed $12 million including principal, post-judgment interest, and attorneys' fees, the Trustee justifiably has concerns about being able to employ qualified professionals to represent the Estate if no such professionals could be paid until after the Trustee recovered and paid an alleged $12 million secured claim. Moreover, JFL did not want the Trustee to abandon the assets back to the Debtor given Mr. Avenatti's other pending legal matters. Lastly, the Trustee believes that the potential

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT

4829-2959-5315, v. 2/1015-131

1    recoveries in this case could exceed $12 million given the amount of pending claims for attorneys'

2    fees in other litigation matters. If this were to prove to be the case, then the Trustee would not want

3    to have abandoned the assets when their administration could have otherwise produce distributions

4    to general unsecured creditors.

5        After considering all options, the Trustee negotiated the proposed subordination agreement

6    with JFL. The agreement is the product of much back-and-forth and the Trustee believes that it is

7    the best possible agreement that can be reached with JFL. Given that the agreement provides a

8    partial subordination of JFL's secured claim for the benefit of administrative expenses as set forth

9    in the agreement and may also provide the ability for the Trustee to satisfy JFL's claim to

10    maximize the chances that other asset administration could provide some or additional distributions

11    to unsecured creditors, the Trustee believes it is in the best interest of the estate and that it should

12    be approved.

13        If this Court chooses to apply the *KVN* carve-out standards to this subordination agreement,

14    the proposal should be approved. First, the Trustee has fulfilled his basic duties by negotiating an

15    agreement that will result in creditors receiving distributions that would otherwise not be possible

16    until after the Trustee collected approximately $12 million. Second, the Agreement provides a

17    significant benefit to the Estate in that it will allow the Trustee to employ well-regarded counsel to

18    assist in the administration of substantial assets subject to JFL's alleged liens. Third, the Trustee

19    has disclosed the proposed subordination and all terms of the Agreement to the Court and has

20    provided notice to all creditors and parties-in-interest by the filing of this Motion. The Trustee has

21    thus met all of the requirements for approval of the agreement even if the proposed subordination is

22    analyzed as a carve-out.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

6

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT

4829-2959-5315, v. 2/1015-131

1

## 5.    Conclusion

2          For the reasons stated above, the Trustee requests that the Motion be granted and that the

3   Court enter an order approving the proposed subordination agreement.

4

5   DATED: February 4, 2020                     MARSHACK HAYS LLP

6

7                                               By: */s/ D. Edward Hays*
                                                    D. EDWARD HAYS
8                                                   DAVID A. WOOD
                                                    General Counsel for Chapter 7 Trustee,
9                                                   RICHARD A. MARSHACK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3.      I am the Chapter 7 Trustee of the Bankruptcy Estate of Eagan Avenatti, LLP ("Debtor").

4.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

5.      The facts set forth below are true of my personal knowledge.

6.      I reviewed the court's PACER docket for this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed and confirm no further relevant documents were filed.

7.      I make this declaration in support of the this motion to approve the subordination agreement between the Estate and Jason Frank Law, PLC ("JFL") ("JFL," collectively with Trustee, the "Parties"). A true and correct copy of the Agreement is attached as **Exhibit 1.**

8.      On September 13, 2019, Eagan Avenatti, LLP ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 the United States Code. On the same day, I was appointed as the Chapter 7 trustee of the Estate.

9.      Prior to the commencement of this bankruptcy case, Jason Frank Law, PLC ("JFL") obtained a judgment against the debtor from this Court in the principal amount of $10 million plus "reasonable attorneys' fees and costs incurred in collecting any and all sums due from [the debtor] pursuant to the entered judgment" ("Judgment").

10.     JFL contends that the Judgment has been accruing interest at the rate prescribed by 28 U.S.C. § 1961 since the date the Judgment was entered on May 22, 2018. I further understand

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT

4829-2959-5315, v. 2/1015-131

EXHIBIT "3"
PAGE 41

1    that JFL asserts a secured claim for these amounts against all of the debtor's assets based on

2    various judgment liens it contends it created outside the preference period.

3        11.    JFL wants me to collect the receivables. To resolve any claims to surcharge under

4    Section 11 U.S.C. § 506(c), JFL and I have entered into the agreement attached as Exhibit "1."

5        12.    In this case, the proposed agreement provides for a subordination and not a carve-

6    out. As such, it may be the case that Court approval may not be required. In an abundance of

7    caution and out of respect for this Court, I am filing this Motion seeking approval of the agreement.

8        13.    Because JFL contends that it is a secured creditor with a claim that could equal or

9    exceed $12 million including principal, post-judgment interest, and attorneys' fees, I was

10   concerned about being able to employ qualified professionals to represent the Estate if no such

11   professionals could be paid until after I recovered and paid an alleged $12 million secured claim.

12       14.    Moreover, JFL did not want me to abandon the assets back to the Debtor given Mr.

13   Avenatti's other pending legal matters.

14       15.    Based on schedules, statements, and other documents prepared by the receiver prior

15   to the filing of this bankruptcy case, I believe that it is possible that recoveries in this case could

16   exceed $12 million given the amount of pending claims for attorneys' fees in other litigation

17   matters. If this were to prove to be the case (and I do not yet have sufficient knowledge to know if

18   this is possible), I would not want to have abandoned the assets when their administration could

19   have produced distributions to general unsecured creditors.

20       16.    After considering all options, I negotiated the proposed subordination agreement

21   with JFL. The agreement is the product of much back-and-forth and I believe that it is the best

22   possible agreement that can be reached with JFL.

23       17.    Given that the agreement provides a partial subordination of JFL's secured claim for

24   the benefit of administrative expenses as set forth in the agreement and may also provide the ability

25   for me to satisfy JFL's claim and thereby maximize the chances that other asset administration

26   could provide some or additional distributions to unsecured creditors, I believe it is in the best

27   interest of the estate and that it should be approved.

28

9

MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT

4829-2959-5315, v. 2/1015-131

EXHIBIT "3"

PAGE 42

1

2          18.     Except for resolving any potential Section 506(c) claims, the agreement does not

3    release any claims held by the estate and does not constitute a compromise.

4          I declare under penalty of perjury that the foregoing is true and correct. Executed on

5    February 4, 2020.

6                                                    RICHARD A. MARSHACK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        10
                    MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT
4829-2959-5315, v. 1/1015-131

EXHIBIT "1"

## SUBORDINATION AGREEMENT

Richard A. Marshack, in his capacity as Chapter 7 Trustee of the Eagan Avenatti bankruptcy estate ("Trustee"), understands that Jason Frank Law, PLC ("JFL") obtained a judgment against the debtor in the amount of Ten Million Dollars ($10,000,000.00) plus "reasonable attorneys' fees and costs incurred in collecting any and all sums due from [the debtor] pursuant to the entered judgment" ("Judgment"). The Trustee understands the Judgment has been accruing interest at the rate prescribed by 28 U.S.C. § 1961 since the date the Judgment was entered on May 22, 2018. The Trustee further understands that JFL asserts a secured claim for these amounts against all of the debtor's assets. JFL wants the Trustee to collect the receivables. To resolve any claims to surcharge under 11 U.S.C. § 506(c), the Trustee and JFL agree to the following:

The Trustee and JFL agree to the following treatment with regard to JFL's secured claim:

1. JFL will agree to a <u>limited</u> subordination of its claim and lien under 11 U.S.C. § 510(c), which will be limited to the following amounts:
   a. Reasonable compensation to the Trustee not to exceed the amounts permitted under 11 U.S.C. § 326(a);
   b. Legal fees to the Law Offices of Richard Kellner ("Kellner") incurred in connection with the collection of the debtor's receivables (the "Receivables") subject to a cap equal to the *greater* of (a) One Hundred Thousand ($100,000.00) or (b) 3.5% of the first Ten Million Dollars ($10,000,000.00 ) of Receivables collected and 5% percent of the Receivables collected thereafter; [1]
   c. In the event JFL has a secured claim on the amounts recovered in any fraudulent transfer and avoidance actions ("Fraudulent Transfer/Avoidance Matters"),[2] then JFL will agree that its secured claim is subordinated to the approved contingency fees owed to Landau Law from the recoveries in the Fraudulent Transfer/Avoidance Matters pursuant to the terms set forth in Exhibit 1 to the Trustee's Application to Employ Landau Law as Special Litigation Counsel, unless otherwise modified by the Court. (Doc. 33.) All other legal fees and expenses owed to Landau Law for work not relating to the Fraudulent Transfer/Avoidance Matters will be considered "Other Allowed Administrative Claims" subject to the limits set forth in ¶ 1(d) below;
   d. Other Allowed Administrative Claims not to exceed the *lesser of* (a) the actual amounts approved by the Court (not including the amounts set forth in ¶1(a)-(c) above); and (b) 10% of total recoveries otherwise subject to JFL's secured lien; and
   e. To the extent that Other Allowed Administrative Claims are less than 10% of total recoveries otherwise subject to JFL's secured lien, then the difference between such amounts (not to exceed 2.5% of the total recoveries otherwise subject to

---

[1] If for any reason Kellner's employment application is not approved by the Court, then the Parties will discuss whether JFL will agree to a similar subordination with respect to any other counsel retained to collect the debtor's receivables.

[2] The Trustee reserves the Estate's rights to contest whether JFL has a secured claim and the extent of such claim including any lien on the amounts recovered in the Fraudulent Transfer/Avoidance Actions.

JFL's secured lien) will be distributed by the Trustee to unsecured creditors. For example, if Other Allowed Administrative Claims are 5% of such total recoveries, then the total subordination will be 7.5% (5% + 2.5%). If the total amount of Other Allowed Administrative Claims exceed 10% of such total recoveries and are therefore capped at such amount, then unsecured creditors will not receive any distributions;

2. Because your claim is being subordinated (and you are not carving out funds otherwise payable to you on account of your lien), you will remain entitled to collect the remainder of your claim as collections permit. In other words, if sufficient funds are recovered to pay the amounts subordinated in ¶ 1 and your claim in full, then you will receive full payment;

   a. If the Trustee recovers funds from assets not subject to your secured lien, then you will be entitled to receive 20% of the net proceeds from such recoveries (after payment of administrative claims including any costs of sale) until such time as the amounts subordinated pursuant to ¶ 1 are repaid. JFL will still be entitled to receive its proportionate share of the remaining 80% of such proceeds in accordance with applicable law;

3. You will be able to retain the full amount of your claim against any co-debtors including Mr. Avenatti;

4. The Trustee agrees JFL's secured claim includes the pre-petition "reasonable attorneys' fees and costs incurred in collecting any and all sums due from [the debtor] pursuant to the entered judgment" as provided for in Paragraph 3 of the Judgment. JFL will also be able to seek contribution for post-petition fees and expenses incurred in assisting the Trustee recover assets pursuant to 11 U.S.C. § 503(b)(3)(D). The Trustee reserves the right to oppose or join in any such request;

5. The Trustee will obtain JFL's written approval (email is sufficient) prior to agreeing to any settlement or agreement that is less than 75% of the claim value, including but not limited to the Receivables, the Fraudulent Transfer/Avoidance Matters, or any other litigation claims or assets of the debtor. However, in the event JFL does not consent to the settlement or agreement, then the Trustee will retain his right to seek Court approval of the settlement or agreement over JFL's objection, if the Trustee believes it is in the best interest of the Estate;

   a. Additionally, the Trustee will regularly communicate with Jason Frank on issues relating to matters covered or potentially covered by JFL's lien. In furtherance of this goal of cooperation, the Trustee or his counsel will participate in calls or meetings requested by Jason Frank regarding such issues;

6. In consideration of the foregoing, the Trustee agrees not to seek any surcharge of JFL's collateral under 11 U.S.C. § 506(c); and

/ / /

/ / /

/ / /

/ / /

Exhibit "1"
Page 12
EXHIBIT "3"
PAGE 46

7. This agreement will be subject to court approval on motion after notice and a hearing. Although the Trustee is not compromising any claims held by the estate, agreements such as subordination or carve-out agreements are subject to Court approval. *See, In re KVN*, 541 B.R. 1 (9th Cir. BAP 2014).

DATED: January 31, 2020

By: _____
Richard A. Marshack
Chapter 7 Trustee of the Bankruptcy
Estate of Eagan Avenatti

DATED: January 31, 2020

JASON FRANK LAW, PLC

By: _____
Jason Frank

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION FOR ORDER APPROVING SUBORDINATION AGREEMENT WITH JASON FRANK LAW, PLC; MEMORANDUM OF POINTS AND AUTHROTIEIS; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 4, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On **February 4, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

MAIL REDIRECTED TO TRUSTEE 09/23/19        INTERESTED PARTY
DEBTOR                                     Jason Frank
Eagan Avenatti, LLP                        Jason Frank Law, PLC
20341 SW Birch, Suite 220                  19800 MacArthur Blvd., Suite 855
Newport Beach, CA 92660-1514               Irvine, CA 92612

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 4, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY
**PRESIDING JUDGE'S COPY**
Bankruptcy Judge Honorable Catherine E. Bauer
U. S. Bankruptcy Court – Central District
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2020 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4839-4029-3043, v. 1

EXHIBIT "3"
PAGE 48

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: (CONTINUED)
   - **ATTORNEY FOR INTERESTED PARTY COURTESY NEF:** James C Bastian, Jr jbastian@shbllp.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, 8649808420@filings.docketbird.com
   - **ATTORNEY FOR CREDITOR THE X-LAW GROUP, P.C.; CREDITOR ALEXIS GARDNER; AND CREDITOR DAMON ROGERS:** Filippo Marchino fm@xlawx.com, tc@xlawx.com
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK (TR):** Judith E Marshack jmarshack@marshackhays.com, 8649808420@filings.docketbird.com
   - **RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com
   - **SPECIAL LITIGATION COUNSE FOR CHAPTER 7 TRUSTEE:** Meghan Canty Murphey MCMurphey@bwslaw.com, lwan@bwslaw.com, JGomez@bwslaw.com
   - **ATTORNEY FOR DEFENDANTS AVENATTI & ASSOCIATES APC and MICHAEL AVENATTI:** Ryan D O'Dea rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
   - **DEBTOR EAGAN AVENATTI, LLP AND TRUSTEE RICHARD A MARSHACK (TR):** Jack A. Reitman jareitman@lgbfirm.com, srichmond@lgbfirm.com; vrichmond@lgbfirm.com; avedrova@lgbfirm.com
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK (TR):** John P. Reitman jreitman@lgbfirm.com, srichmond@lgbfirm.com; vrichmond@lgbfirm.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A. MARSHACK:** David Wood dwood@marshackhays.com, 8649808420@filings.docketbird.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

4839-4029-3043, v. 1

                                                          EXHIBIT "3"
                                                          PAGE 49

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **MOTION BY CHAPTER 7 TRUSTEE TO APPROVE AMENDMENT TO SUBORDINATION AGREEMENT RE: JUDGMENT LIEN HELD BY JASON FRANK LAW AND TERMS OF EMPLOYMENT OF RICHARD L. KELLNER AS SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 21, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **December 21, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>MAIL REDIRECTED TO TRUSTEE 09/23/19</u>
**DEBTOR**
EAGAN AVENATTI, LLP
~~20341 SW BIRCH, SUITE 220~~
~~NEWPORT BEACH, CA 92660-1514~~

**U.S. TRUSTEE**
UNITED STATES TRUSTEE (SA)
411 W FOURTH ST., SUITE 7160
SANTA ANA, CA 92701-4593

**INTERESTED PARTY**
JASON FRANK LAW, PLC
C/O JASON M FRANK, ESQ.
FRANK SIMS STOLPER LLP
19800 MACARTHUR BLVD, STE 855
IRVINE, CA 92612-8444

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 21, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 21, 2021 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF:** James C Bastian    jbastian@shulmanbastian.com
- **ATTORNEY FOR DEFENDANT TRACKSIDE PERFORMANCE, LLC; DEFENDANT ANDREW S DAVIS; AND DEFENDANT ROBERT FAIETA DBA COMPETITION MOTORSPORTS:** Christopher L Blank chris@chrisblanklaw.com
- **ATTORNEY FOR DEFENDANT DILLANOS COFFEE ROASTERS, INC:** Mark S Bostick mbostick@wendel.com, bankruptcy@wendel.com
- **ATTORNEY FOR INTERESTED PARTY AND DEFENDANT EISENHOWER CARLSON PLLC:** Steven Casselberry    s.casselberry@mpglaw.com, j.jacobs@mpglaw.com
- **[DECEASED] ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; AND DEFENDANT MICHAEL WHITE:** Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR DEFENDANT SILVER STAR SOUNDS & COMMUNICATIONS, INC:** Jeffrey I Golden jgolden@wgllp.com, kadele@wgllp.com; cbmeeker@gmail.com; lbracken@wgllp.com; gestrada@wgllp.com
- **ATTORNEY FOR DEFENDANTS THE X-LAW GROUP, PC, A PROFESSIONAL CORPORATION AND FILIPPO MARCHINO:** David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
- **ATTORNEY FOR DEFENDANT GALLO BUILDERS, INC.:** Martin B Greenbaum    eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT HONDA AIRCRAFT COMPANY LLC:** Robert J Im rim@mcglinchey.com, irvineECF@mcglinchey.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Richard L Kellner rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **ATTORNEY FOR INTERVENOR HRAYR SHAHINIAN:** Erick Kuylman erick.kuylman@warrenterzian.com
- **ATTORNEY FOR OTHER PROFESSIONAL JAMS, INC.:** Jessica R MacGregor jmacgregor@longlevit.com, lmyers@longlevit.com
- **ATTORNEY FOR INTERESTED PARTY AND DEFENDANT SIMEON OSBORN:** Aaron J Malo malo@sheppardmullin.com, clopez@sheppardmullin.com; abilly@sheppardmullin.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR/DEFENDANT THE X-LAW GROUP, P.C.; CREDITOR ALEXIS GARDNER; CREDITOR DAMON ROGERS; DEFENDANT YOUNG BLUE LLC; DEFENDANT ELBA HERNANDEZ; DEFENDANT FILIPPO MARCHINO; DEFENDANT SANDY LE:** Filippo Marchino fm@xlawx.com, tc@xlawx.com; sg@xlawx.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Judith E Marshack jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; AND DEFENDANT MICHAEL WHITE:** Robert S Marticello Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Meghan C Murphey meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **MEDIATOR ALAN I NAHMIAS:** Alan I Nahmias anahmias@mbn.law, jdale@mbnlawyers.com
- **ATTORNEY FOR CREDITOR STOLL, NUSSBAUM & POLAKOV:** Karen S. Naylor    Becky@ringstadlaw.com, Karen@ringstadlaw.com; arlene@ringstadlaw.com
- **ATTORNEY FOR INTERESTED PARTY AND DEFENDANT MICHAEL AVENATTI AND DEFENDANT AVENATTI & ASSOCIATES APC**: Ryan D O'Dea    rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
- **ATTORNEY FOR DEFENDANT HONDA AIRCRAFT COMPANY LLC**: Brian A Paino bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **ATTORNEY FOR DEFENDANT HPPW, LLC:** Aditi Paranjpye aparanjpye@cairncross.com, gglosser@cairncross.com; AParanjpye@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4828-3049-9260, v. 1

- **ATTORNEY FOR DEFENDANT FOSTER GARVEY PC, AS SUCCESSOR-IN-INTEREST TO FOSTER PEPPER PLLC, AND DEFENDANT CHRISTINE AVENATTI CARLIN:** Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com; perryisaacsonmr51779@notify.bestcase.com
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC:** Eric S Pezold epezold@swlaw.com, knestuk@swlaw.com
- **ATTORNEY FOR DEFENDANTS THE X-LAW GROUP, PC, A PROFESSIONAL CORPORATION AND FILIPPO MARCHINO:** Kurt Ramlo kr@lnbyg.com, kr@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR EDWARD M. RICCI, P.A.:** David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- **ATTORNEY FOR PLAINTIFF AND TRUSTEE RICHARD A MARSHACK (TR):** Jack A. Reitman jareitman@landaufirm.com, srichmond@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- **ATTORNEY FOR PLAINTIFF AND TRUSTEE RICHARD A MARSHACK (TR):** John P. Reitman jreitman@landaufirm.com, hrichmond@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- **INTERESTED PARTY COURTESY NEF:** Monica Rieder    mrieder@landaufirm.com, vrichmond@landaufirm.com; avedrova@landaufirm.com; hrichmond@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Nanette D Sanders    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; AND DEFENDANT MICHAEL WHITE**: Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC.:** Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- United States Trustee (SA): United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4828-3049-9260, v. 1