**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Robert J. Im (SBN 299613)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:    (949) 271-4040
Email:         bpaino@mcglinchey.com
                   rim@mcglinchey.com

Attorneys for *Defendant* **HONDA AIRCRAFT COMPANY, LLC**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor.<br>_____<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>Plaintiff,<br><br>v.<br><br>HONDA AIRCRAFT COMPANY LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01150-SC<br><br>**STIPULATION TO CONTINUE DISCOVERY CUTOFF, MOTION CUTOFF, PRETRIAL CONFERENCE, AND ALL RELATED DATES AND DEADLINES**<br><br>**Hearing:** [No Hearing Required] |

This *Stipulation to Continue the Discovery Cutoff, Motion Cutoff, Pretrial Conference, and All Related Dates and Deadlines* (the "Stipulation") is entered into by and between *plaintiff* Richard A. Marshack, Chapter 7 Trustee for Eagan Avenatti, LLP ("Plaintiff"), and *defendant* Honda Aircraft Company, LLC ("Honda," and together with Plaintiff, the "Parties"), by and through their undersigned attorneys of record.

## I. RECITALS

A. On March 3, 2021, a status conference took place in the above captioned adversary proceeding. Pursuant to that status conference, the Court set the following schedule:

1. Discovery cutoff (must be completed by), including the date by which all discovery motions must be heard and resolved, is August 31, 2021.

2. Motion cutoff (must be heard by), including the date by which all non-discovery motions must be heard and resolved, is October 15, 2021.

3. A pretrial conference was set for December 1, 2021 at 1:30 p.m.

B. The Parties are currently engaged in party-to-party discovery and Honda has issued subpoenas to third-parties, including The X-Law Group, PC, a California professional corporation ("X-Law"). Honda also anticipates the need to conduct additional third-party discovery and obtain records and/or deposition testimony from Michael J. Avenatti ("Avenatti") and Avenatti & Associates, APC, a California professional corporation ("A&A").

1. X-Law is the purported owner of the "conduit account (Chase 7608)" from which the second transfer at issue in the Trustee's Complaint was allegedly made to Honda. (*See* Complaint, Exhibit 1.)

2. Avenatti is alleged to have played a significant role in causing the transfers at issue in the Trustee's Complaint. (*See, e.g.*, Complaint, ¶¶ 6-18 & 30.)

3. A&A is a corporation through which Avenatti allegedly caused some of the transfers discussed in the Trustee's Complaint and indirectly acquired an indirect ownership interest in a private jet sold by Honda. (*See, e.g.*, Complaint, ¶¶ 6, 10, & 30.)

C. Following service of the Subpoena to X-Law, Honda's counsel learned that the U.S. government seized records from X-Law in connection with the pending criminal proceedings against Michael J. Avenatti in the Central District of California, Southern Division, assigned case number 8:19-cr-00061-JVS and entitled *USA v. Avenatti* (the "Criminal Action").

D. The Criminal Action arises, in part, out of the same facts as the Trustee's claims against Honda in this action. The *Avenatti* Indictment alleges that Avenatti embezzled $2,750,000 from a client identified as "Client 2" and thereafter allegedly transferred $2,500,000 of those embezzled funds

to Honda to "purchase a private airplane." A portion of this $2,500,000 transfer is the second transfer at issue in the Trustee's Complaint and the private airplane described in the *Avenatti* Indictment is the same aircraft described in the Trustee's Complaint. (*See* Complaint, ¶ 30 & Exhibit 1.) Additionally, Avenatti, A&A, & X-Law are referenced in the Indictment and it is Honda's counsel's understanding that all three are percipient witnesses in the Criminal Action.

E.    Honda does not intend to interfere with the USAO's preparation for trial or the Criminal Action by demanding the production of X-Law's records, some of which have been seized by the U.S. government or by propounding any discovery or conducting any depositions that could impact the USAO's prosecution of Avenatti and/or the scheduling of the Trial in the Criminal Action or otherwise interfere with it.

F.    Accordingly, on June 18, 2021 and on September 24, 2021, the Parties stipulated to a continuance of the discovery and motion cutoff dates, a continuance of the pretrial conference, and all related dates and deadlines. On September 24, 2021, the Court approved the stipulation.

G.    Trial in the Criminal Action commenced on July 13, 2021. (Dkt.[1] 553.) After the USAO's case-in-chief, Avenatti filed a motion for a mistrial. (Dkt. 705.) On August 24, 2021, the motion for a mistrial was granted and a new trial date for the Criminal Action was set for October 12, 2021. (Dkt. 780.) On September 2, 2021, per stipulation, the trial date in the Criminal Action was continued to November 2, 2021. (Dkt. 804.)

H.    Avenatti subsequently moved to dismiss the Criminal Action due to double jeopardy, among other grounds, and the motion to dismiss (the "Motion to Dismiss") was denied on October 4, 2021. (Dkt. 838.) On October 12, 2021, Avenatti filed a notice of appeal of the denial of the Motion to Dismiss. (Dkt. 852.) On October 15, 2021, the Honorable James V. Selna determined that the court lacked jurisdiction pending Avenatti's appeal of the denial of the Motion to Dismiss and therefore vacated the November 2, 2021 trial date and all pretrial dates. (Dkt. 866.) Based on the preceding, the Parties stipulated to further continue discovery cutoff, motion cutoff, the pretrial conference, and all related dates and deadlines. The Court approved the stipulation on February 11, 2022 and ordered that:

1.    Discovery cutoff was extended to September 30, 2022.

---

[1] All references to "Dkt." will be to the docket in the Criminal Action

        2.       Motion cutoff was extended to January 31, 2023.

        3.       The pretrial conference was continued to March 7, 2023 at 1:30 p.m.

        4.       That all related dates and deadlines were extended.

I.       The appeal (the "Appeal") was briefed and argued and on March 16, 2022, the United States Court of Appeals for the Ninth Circuit issued an order wherein the denial of the Motion to Dismiss was affirmed in part and dismissed in part. (Dkt. 917.)

J.       On June 16, 2022, Avenatti entered a guilty plea as to certain counts of the indictment (the "Indictment") in the Criminal Action. (Dkt. 955.) The sentencing hearing for these counts is currently scheduled for October 3, 2022. (DKt. 972.)

K.       With respect to the remaining counts of the Indictment, on June 21, 2022, the Honorable James V. Selna entered an order vacating trial on certain counts and setting the remaining counts for trial on February 21, 2023. (Dkt. 960).

L.       Because of the upcoming discovery deadlines, Honda's counsel exchanged communications with both the USAO and X-Law to determine if Honda could proceed with discovery on X-Law. However, as of August 26, 2022, the USAO remains in possession of X-Law's records, including those which would likely be subject to Honda's Subpoena to X-Law. Additionally, both the USAO and X-Law's representatives have indicated that the USAO will not know until after Avenatti's October 3, 2022 sentencing hearing whether or not X-Law's records and testimony from X-Law's representatives would remain a part of the USAO's case-in-chief in the Criminal Action. The outcome of Avenatti's October 3, 2022 sentencing hearing will determine whether or not evidence from X-Law, including X-Law's records, will be discoverable by Honda without any threat of impeding or interfering with the Criminal Action.

M.       The same concerns that prompted the Parties to enter into the prior stipulation remain present. Also, through the course of the trial in the Criminal Action, Honda has learned of the identity of additional percipient witnesses who are witnesses for the USAO in their prosecution of Avenatti. As before, Honda does not intend to conduct any discovery that could interfere with the USAO's preparation for trial or prosecution of Avenatti.

## II. TERMS

The Parties agree as follows:

1. To extend discovery cutoff (must be completed by), including the date by which all discovery motions must be heard and resolved, from September 30, 2022 to **January 31, 2023**.

2. To extend motion cutoff (must be heard by), including the date by which all non-discovery motions must be heard and resolved, from January 31, 2023 to **May 31, 2023**.

3. To continue the pretrial conference from March 7, 2023 to **July 11, 2023** at 1:30 p.m., or any later date that the Court deems appropriate.

4. That all related dates and deadlines are extended.

**IT IS STIPULATED.**

DATED: September 7, 2022

McGLINCHEY STAFFORD

By: _____
BRIAN A. PAINO
ROBERT J. IM
Attorneys for *Defendant* HONDA AIRCRAFT COMPANY, LLC

DATED: September 4, 2022

**LANDAU LAW LLP**

By: _____
MONICA RIEDER
JOHN P. REITMAN
Attorneys for *Plaintiff* RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP