CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
Christopher L. Blank (SBN 115450)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 250-4600
Email: chris@chrisblanklaw.com

Attorney for Defendant ANDREW DAVIS

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>        Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>**DECLARATION RE TRUSTEE'S DEFAULT UNDER SETTLEMENT AGREEMENTS WITH TRACKSIDE, FAIETA AND DAVIS**<br><br>Continued Hearing Set For:<br><br>**Date: December 8, 2022**<br>**Time: 10:00 AM**<br>**Hearing Judge: Scott C. Clarkson**<br>**Location: 411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701 - Zoom** |

## DECLARATION OF CHRISTOPHER L. BLANK

       I, Christopher L. Blank, declare that the facts set forth below are true and correct of my own personal knowledge and if called upon to do so, I could and would testify competently to them.

       1.     I am an attorney at law, duly licensed to practice before this Court.  I am attorney of record for defendants Trackside Performance, Andrew Davis and Robert Faieta respectively in the following adversary actions:  8:20-ap-1069SC, 8:20-ap-1051SC and 8:20-ap-1146.

       2.     As of August 4, 2022, the parties in the three adversary actions reached an

agreement in principle to settle those adversary actions, subject to Court approval.  Plaintiff's counsel agreed to prepare a formal written settlement agreement.

3.    A formal settlement agreement was transmitted by Plaintiff's counsel to the undersigned on August 15, 2022.  Defendant approved the form of the settlement agreement on August 23, 2022.  The undersigned transmitted his own signature and defendant's signature on the settlement agreement to Plaintiff's counsel on August 24, 2022.

4.    The undersigned received Mr. Reitman's signature on the settlement agreement on August 26, 2022, and Mr. Marshack's signature on the settlement agreement on August 29, 2022.  At that time, Mr. Reitmant advised me that Marshack Hays was drafting the motion to approve the settlement and would share it with me when it was ready.

5.    A true and correct copy of the settlement agreement with Davis is attached as **Exhibit 1**.  The settlement agreements with Trackside and Faieta are identical with respect to the requirement that the adversary actions be dismissed once the orders approving the settlements became final.

6.    Motions to approve the settlements were filed by Marshack Hays in the EA bankruptcy case on October 25, 2022.  The motions were granted on November 15, 2022, and orders approving the settlements were entered on November 16, 2022.  Attached as **Exhibit 2** is a true and correct copy of an email from Tinho Mang attaching the approval orders and expressing his belief Mr. Reitman would handle the dismissals.  No appeals were taken from the orders approving the settlements.  Therefore, the orders approving the settlements became final on November 30, 2022.

7.    At the hearing on November 15, 2022, the Trustee advised that he has a dispute with his special counsel in the adversary actions, the Landau Firm and John Reitman, regarding fees and expenses claimed by his counsel.  The Court set that issue for continued hearing on December 8, 2022.

8.    According to the Trustee's representations in Court at the hearing on approval of the settlements, Mr. Reitman had threatened to cease working for the Trustee if the Trustee did

not immediately pay the amounts demanded.  This caused the undersigned to be concerned about the dismissal of the adversary actions as required by the settlement agreements.  Voicing that concern, the undersigned asked if the Court would *sua sponte* dismiss the adversary actions.  The Court declined.

9.    The undersigned sent an email to Mr. Reitman on November 29, 2022, advising that the approval orders were expected to become final the next day and asking that the adversary actions be dismissed by the end of the week.  Mr. Reitman never responded.  The undersigned followed up with an email on December 6 again requesting the adversary actions be dismissed. Again, Mr. Reitman failed to respond.  Instead, Trustee's general counsel Tinho Mang responded expressing that the Trustee was entitled to 5 days to cure any default by dismiss the adversary actions.  The undersigned replied on December 6, acknowledging that the Trustee has 5 days after notice of default to cure any default.  That deadline runs on December 11.  A true and correct copy of the email messages referenced in this paragraph are attached as **Exhibit 3**.

10.    It appears that Mr. Reitman has made good on his alleged threat to cease work for the Trustee.  Trackside, Davis and Faieta should not suffer because of the dispute between the Trustee and his special counsel.  Trackside, Davis and Faieta are hopeful that the Trustee's general counsel will follow through and take all steps necessary to dismiss the adversary actions by the December 11 deadline.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 7th day of December, 2022 at Costa Mesa, California.

/S/Christopher L. Blank
Christopher L. Blank

DECLARATION RE SETTLEMENT AND DISMISSAL OF ADVERSARY ACTIONS

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

## <u>SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE</u>

This Settlement Agreement and Mutual General Release (the "Settlement Agreement") is made and entered into effective as of July 30, 2022, by and between (i) Richard A. Marshack, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Eagan Avenatti, LLP ("EA"), *In re Eagan Avenatti, LLP,* Case No. 8:19-bk-13560-SC (the "EA Bankruptcy Case"), pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Bankruptcy Court"), and (ii) Andrew S. Davis ("Mr. Davis") (the Trustee and Mr. Davis are referred to collectively as the "Parties" and singularly as a "Party").   The Parties hereby stipulate, represent and agree (as applicable) as follows:

### <u>RECITALS</u>

**A.**      On September 13, 2019 (the "Petition Date"), EA filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, et seq.), thereby commencing the EA Bankruptcy Case.

**B.**      The Trustee was appointed by the United States Trustee on September 13, 2019.

**C.**      On October 20, 2020, the Trustee filed a complaint (the "Complaint") commencing an adversary proceeding entitled *Richard A. Marshack v. Andrew S. Davis* (the "Adversary Proceeding"), Adv. No. 8:20-ap-01146-SC, in the Bankruptcy Court, asserting three claims for relief seeking to set aside and recover $60,000.00 in voidable transfers.

**D.**      On December 3, 2020, Mr. Davis filed his Answer to the Trustee's Complaint denying all the material allegations thereof and asserting affirmative defenses.

**E.**      On April 13, 2022, Mr. Davis filed a Motion for Summary Judgment against all claims asserted in the Complaint by the Trustee.  The Trustee opposed that motion.  By an Order entered on June 8, 2022, the Bankruptcy Court denied the Motion for Summary Judgment.

1

**F.**     The Trustee and Mr. Davis now desire to resolve and settle all disputes between them and, except as expressly reserved in this Settlement Agreement, all claims each Party now has or may have against the other Party, including, without limitation, all claims alleged in, arising out of, relating to, resulting from or connected with the Adversary Proceeding and the EA Bankruptcy Case.

**G.**     This Settlement Agreement is made in good faith and in an arm's-length transaction between the Trustee and Mr. Davis.

**AGREEMENT**

**NOW THEREFORE**, in consideration of the foregoing Recitals and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties each agree as follows:

**1.**     **Incorporation of Recitals**

Recitals A through G are incorporated into and made a part of this Settlement Agreement.

**2.**     **Bankruptcy Court Approval**

**a.**     This Settlement Agreement is subject to approval by the Bankruptcy Court. Within a reasonable time after the Parties have exchanged duly signed counterparts of the Settlement Agreement, the Trustee will file a motion for the approval of this Settlement Agreement (*i.e.*, the "Approval Motion") in the Bankruptcy Court.

**b.**     Except as otherwise expressly provided in this Settlement Agreement, the Parties each agree **(i)** not to withdraw their consent to this Settlement Agreement; **(ii)** not to oppose, object to, appeal from or otherwise interfere with or assist or counsel any other person or entity to oppose, object to, appeal from or otherwise interfere with the granting of the Approval Motion; **(iii)** to inform the Bankruptcy Court of the pendency of this settlement; **(iv)** not to take

any action in furtherance of the prosecution or defense of the Adversary Proceeding; and **(v)** upon the order approving this Settlement Agreement becoming a Final Order (as defined in ¶ 2d below) and the full performance of all of the Parties' other respective obligations set forth in this Settlement Agreement, to take such action as may be necessary or reasonably appropriate to dismiss the Adversary Proceeding.

    **c.**    Except as provided in ¶¶ 2a and b above and ¶¶ 2d, 3 and 8-21 below, neither Party shall have any rights, duties or obligations under this Settlement Agreement unless and until the Bankruptcy Court enters an order (the "Approval Order") that, in substance **(i)** approves all of the terms of this Settlement Agreement; **(ii)** determines that this Settlement Agreement was made in good faith in an arm's-length transaction; **(iii)** determines that adequate notice of the hearing on the Approval Motion was given; **(iv)** authorizes the Parties to perform the terms of this Settlement Agreement; and **(v)** reserves jurisdiction to enforce the terms of this Settlement Agreement.

    **d.**    The Parties recognize that the Approval Order does not become a Final Order unless and until **(i)** the time to file a timely appeal under Fed. R. Bankr. P. 8002 from the order passes and no such timely appeal is filed; or **(ii)** if a timely appeal is filed, then after all timely filed appeals are dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further timely filed appellate review, whether by appeal, petition for rehearing or petition for certiorari or otherwise.  If appeal of the Approval Order is sought and the Approval Order is reversed on appeal, then this Settlement Agreement shall be of no force or effect and the Parties and the Adversary Proceeding shall be as they were before this Settlement Agreement was signed, and any part of the Settlement Amount (as defined in ¶ 3a below) paid by or for Mr.

Davis to the Estate shall promptly be returned to the payor thereof by the Trustee from assets of the Estate, without any deductions and without interest.

       **3.**      **<u>Settlement Consideration</u>**

       **a.**      Mr. Davis shall pay or cause to be paid to the Estate the sum of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount"), except as provided in ¶ 3b below.

       **b.**      Mr. Davis shall pay or cause to be paid to the Estate the sum of Forty-Two Thousand Dollars ($42,000.00) (the "Settlement Pre-Payment") in immediately available funds by Bank Cashier's or Certified Check or wire transfer, as directed in writing by legal counsel for the Trustee, to be paid to the Trustee not later than one (1) business day prior to the Settlement Motion approval hearing date set by the Bankruptcy Court.  The Trustee shall not deposit and shall not use any part of the Settlement Pre-Payment until the earlier of ninety (90) calendar days after **(i)** the date of this Settlement Agreement (July 30,2022); or **(ii)** the date on which the Approval Order becomes a Final Order.  If the Settlement Pre-Payment is received when due, the Settlement Motion is approved by the Bankruptcy Court, the Approval Order becomes a Final Order and the Settlement Pre-Payment clears the banking process, ¶ 3a above shall have no force or effect, and the Trustee within a reasonable time thereafter shall file and/or lodge with the Bankruptcy Court paper(s) seeking dismissal of the Adversary Proceeding.  Notwithstanding such dismissal, the Court will retain jurisdiction to enforce the Settlement Agreement as may be necessary or appropriate to effectuate its terms and the intention of the Parties as set forth therein.

       **c.**      Upon Mr. Davis's failure to timely make the Settlement Pre-Payment in full or such payment failing to clear the banking process as set forth in ¶ 3b above, the Trustee in the exercise of his unfettered discretion may by giving written notice to Mr. Davis as provided in

¶ 18 below declare the entire Settlement Amount immediately due and payable and seek *ex parte* relief in the Bankruptcy Court for entry of Judgment in that amount and such other relief as he may deem appropriate against Mr. Davis.  The Judgment shall be for the entire Settlement Amount, plus interest thereon at the rate of ten percent (10%) per annum from the date the Settlement Agreement to the date of the Judgment, plus all legal fees, costs and expenses that may be incurred by the Trustee in collecting the Settlement Amount or any part thereof and post-Judgment interest at the applicable federal rate.

      **d.**    The Parties acknowledge and agree that time is of the essence as to ¶ 3 in its entirety and that neither the Settlement Pre-Payment nor (except as provided in ¶ 3b above) the Settlement Amount shall be subject to reduction for any reason whatsoever.

      **e.**    Further consideration for the execution and delivery of this Settlement Agreement by the Parties is as set forth in ¶¶ 4 and 5 below and shall be deemed paid and received upon the Settlement Pre-Payment having been made in full and having cleared the banking process.

      **4.**    <u>**Mutual General Releases**</u>

      **a.**    Upon the execution of this Settlement Agreement by the Parties and their respective legal counsel in the spaces provided at the end of this Settlement Agreement, the subsequent approval of this Settlement Agreement in accordance with ¶¶ 2c and d above (i.e., the Approval Order being entered and becoming a Final Order), the Trustee's timely receipt of the Settlement Pre-Payment, and that payment having cleared the banking process as set forth in ¶ 3b above, except for the obligations created or preserved by this Settlement Agreement, the Trustee on behalf of the Estate, without further action, shall be deemed to have waived and released any and all claims and other rights that the Estate possesses, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against Mr. Davis, and against each of

his attorneys, representatives, agents, successors, assigns and insurers, individually and

collectively, solely to the extent acting in such capacity (collectively, the "Davis Releasees").

**b.**    Upon the execution of this Settlement Agreement by the Parties and their

respective legal counsel in the spaces provided at the end of this Settlement Agreement, except

for the obligations created or preserved by this Settlement Agreement, Mr. Davis, without further

action, shall be deemed to have waived and released any and all claims and other rights that he

possesses, and/or may possess, whether known or unknown and whether matured, contingent or

disputed, against the Trustee and the Estate, and each of them, and against each of their

respective attorneys, representatives, agents, successors, assigns and insurers, individually and

collectively, solely to the extent acting in such capacity (the "Trustee Releasees").

**c.**    The releases set forth in ¶¶ 4a and b above and ¶ 5 below shall be void if the

Approval Order is reversed on appeal, except as to a Party, if any, that sought such reversal (who

shall continue to be bound by the releases given by that Party).  The release set forth in ¶ 4a

above shall be void if ¶¶ 3a and c above become applicable.

**5.**    **Release of Unknown Claims**

**a.**    It is the intention of the Parties in executing this Settlement Agreement that it is a

general release as between the Trustee and the Estate, on one hand, and Mr. Davis, on the other

hand, which shall be effective as a bar to each and every claim, demand or cause of action

released by ¶ 4 above.  Each Party recognizes that he/it may have some claim, demand, or cause

of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is

giving up by executing this Settlement Agreement.  It is the intention of the Parties in executing

this Agreement that it will deprive each such Party of each such claim, demand or cause of action

and prevent it from asserting it against the other Party.  In furtherance of this intention, **each**

Party expressly waives any rights or benefits conferred by the provisions of Section 1542 of

the California Civil Code, which provides as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY."**

b.      The waiver of the rights or benefits conferred by the provisions of Section 1542 of

the Civil Code of California is a material part of the consideration for this Settlement Agreement

and shall not be subject to severance from this Settlement Agreement.

c.      Mr. Davis expressly understands and agrees that in no event whatsoever shall he

(or his successors-in-interest) have any claim as a creditor of the Estate for any reason

whatsoever.

6.      **Representations and Warranties by the Parties**

a.      The Trustee represents and warrants to Mr. Davis, which representations and

warranties are material, are being relied upon by Mr. Davis, and shall survive the execution,

delivery and performance of this Settlement Agreement, that **(i)** to the best of his actual

knowledge, from and after the Petition Date, no portion of any claim, right, demand or cause of

action (or claim for relief) that the Estate had or might have had against Mr. Davis has been

assigned or transferred to any other person or entity in any manner; and **(ii)** he has consulted with

legal counsel of his own choosing regarding its rights and the terms, effect and consequences of

this Settlement Agreement before executing this Settlement Agreement and that he understands

its meaning, including the effect of Section 1542 of the California Civil Code and the waiver of the rights or benefits conferred by that statute.

**b.**      Mr. Davis represents and warrants to the Trustee and the Estate, which representations and warranties are material and are being relied upon by the Trustee in acting for the Estate and shall survive the execution, delivery and performance of this Settlement Agreement, that **(i)** no portion of any claim, right, demand, or cause of action (or claim for relief) that Mr. Davis had or might have had against the Trustee, acting in that capacity, and the Estate (or its property) has been assigned or transferred to any other person or entity in any manner; and **(ii)** Mr. Davis has been afforded a reasonable opportunity to consult with legal counsel of his own choosing regarding his rights and the terms, effect, and consequences of this Settlement Agreement before executing this Settlement Agreement and that he understands its meaning, including the effect of Section 1542 of the California Civil Code and the waiver of the rights or benefits conferred by that statute.

**7.      Default**

**a.**      In the event that **(i)** the Settlement Pre-Payment is not timely made or does not clear the banking process as described in ¶ 3b above, or **(ii)** the Trustee reasonably believes that any of Mr. Davis's representations and warranties set forth in ¶ 6b above is materially false and in any such case gives Mr. Davis written notice, as provided in ¶ 18 below, of a default under the Settlement Agreement stating such default, Mr. Davis shall have five (5) business days to cure the default by, as provided in ¶ 18 below, submitting admissible documentary evidence to the Trustee that to the Trustee's satisfaction refutes the Trustee's assertion that the Settlement Pre-Payment was not timely made or of a material misrepresentation in Mr. Davis's representations and warranties.

**b.**        In the event that **(i)** the Trustee fails within a reasonable period of time to request that the Adversary Proceeding be dismissed as provided in ¶ 3b above; or **(ii)** Mr. Davis reasonably believes that any of the Trustee's representations and warranties set forth in ¶ 6a above is materially false and in any such case gives the Trustee written notice, as provided in ¶ 18 below, of a default under the Settlement Agreement stating such default, the Trustee shall have five (5) business days to cure the default by lodging the request for dismissal of the Adversary Proceeding and, as provided in ¶ 18 below, submitting to Mr. Davis a copy of that request (or, as applicable, submitting admissible documentary evidence that to Mr. Davis's satisfaction refutes Mr. Davis's assertion of a material misrepresentation in the Trustee's representations and warranties).

**c.**        In the event that the Party alleged to be in default does not cure that default within the five (5) business day cure period or provide admissible documentary evidence to the non-defaulting Party's satisfaction that refutes the assertion of a material default as set forth in ¶¶ 7a and b above, the non-defaulting Party, without further notice, shall have the right to **(i)** file an *ex parte* application in the Bankruptcy Court for entry of Judgment against Party alleged to be in default for breach of this Settlement Agreement for all damages alleged or such other relief as the non-defaulting Party deems appropriate or **(ii)** take such other actions as the non-defaulting Party deems appropriate, in the exercise of his/its discretion, to enforce any or all of the non-defaulting Party's rights and remedies against the defaulting Party.

**8.**    <u>**No Additional Representations or Admissions**</u>

**a.**        Except for the representations and warranties expressly set forth in this Settlement Agreement, each Party acknowledges that he/it has relied wholly upon his/its own judgment, belief and knowledge of the existence, nature and extent of each claim, demand or cause of

action that it may have against the other Party, which is to be released pursuant to this Settlement

Agreement and that he/it has not been influenced to any extent in entering into this Settlement

Agreement by any representation or statement regarding any such claim, demand or cause of

action made by the other Party (except as expressly set forth in this Settlement Agreement).

      **b.**      It is understood and agreed that this Settlement Agreement is made as part of the

compromise and settlement of disputed claims, and that no action taken by either Party, either

previously or in connection with said compromise and settlement, shall be deemed or construed

to be an admission by such Party of any fault or liability whatsoever to the other Party or to any

other person or entity in connection with any matter or thing.

      **9.**      **<u>Successors and Assigns</u>**

This Settlement Agreement shall be binding on and shall inure to the benefit of the

Parties and as may be applicable, their respective heirs, legal representatives, successors and

assigns.

      **10.**      **<u>Choice of Law</u>**

This Settlement Agreement is entered into and shall be performed in the State of

California and shall be governed by and construed and interpreted in accordance with its internal

laws and without regard to otherwise applicable principles of conflicts of laws or choice of laws,

whether by statute, rule or judicial determination and whether of the State of California or any

other jurisdiction.

      **11.**      **<u>Interpretation</u>**

      **a.**      Each of the Parties has reviewed this Settlement Agreement and agrees that any

question of interpretation shall not be resolved by any rule providing for interpretation against

the drafting Party.  Whenever possible, each provision of this Settlement Agreement shall be

interpreted in such manner as to be valid under applicable substantive laws (excluding choice of laws) of California.

**b.**      Whenever the pronoun "he", "she" or "it" is used herein that pronoun shall also be deemed to mean "his", "hers" or " "its" whenever applicable.  Words in the singular shall be read and construed as though in the plural and words in the plural shall be construed as though in the singular in all cases where they would so apply.

### 12.      <u>No Inducement</u>

Each Party acknowledges and represents to the other Party that no promise, representation or inducement not expressed herein has been made in connection with this Settlement Agreement.

### 13.      <u>No Admission of Liability</u>

The execution of this Settlement Agreement and the performance of its terms and conditions effectuate the settlement of claims which are contested and denied.  Nothing contained in this Settlement Agreement, nor the performance of any act hereunder is or shall be construed as an admission by any Party of any wrongdoing or liability of any kind to the other Party.

### 14.      <u>Costs and Expenses</u>

**a.**      Each Party shall bear his/its own attorneys' fees and expenses incurred in connection with (i) the Adversary Proceeding; and (ii) the negotiation of the terms, preparation and performance of this Settlement Agreement.

**b.**      If any legal action is necessary to enforce the terms and conditions of this Settlement Agreement, the substantially prevailing Party shall be entitled to recover all costs of

11

suit and reasonable attorneys' and other professionals' fees and expenses incurred as determined by the court in that action.

15. **Jurisdiction and Venue**

Each Party hereby irrevocably consents to the exclusive personal jurisdiction of and proper venue in the Bankruptcy Court for the trial, entry of findings, entry of final orders and judgments solely for the purpose of resolving all disputes under, arising from or out of or relating to this Settlement Agreement or the Parties' rights and obligations with respect thereto.  If the Bankruptcy Court lacks or refuses to exercise jurisdiction over any such dispute, each Party hereby irrevocably consents to the exclusive personal jurisdiction of and proper venue before the Superior Court of the State of California, County of Orange for such purpose.

16. **Waiver of Jury Trial**

**To the extent permitted by applicable law, each Party hereby expressly waives the right to trial by jury in any action or other proceeding under, arising from or out of or relating to this Settlement Agreement or the Parties' rights and obligations with respect thereto.**

17. **Additional Documents**

Each Party agrees to execute, and as appropriate cause to be acknowledged, and deliver such additional documents and instruments and perform such further acts as may be reasonably necessary or appropriate to effectuate the purposes of this Settlement Agreement.

18. **Notices**

a.    Any notice, service or demand permitted under this Settlement Agreement may be given by electronic mail (with proof of receipt), postage prepaid first-class mail, Federal Express (or other over-night delivery service) (with proof of receipt), or personal delivery as follows:

12

**To the Trustee**: c/o John P. Reitman (jreitman@landaufirm.com) and Monica Rieder (mrieder@landaufirm.com) of Landau Law LLP, 2338 Manning Avenue, Los Angeles, CA 90064 (fax no. 310 557-0056); copy to Ed Hays (ehays@marshackhays.com) of Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620.

**To Mr. Davis**: c/o Christopher L. Blank (Chris@chrisblanklaw.com) of Christopher L. Blank Law, 4675 MacArthur Ct. #550, Newport Beach, CA 92660.

**b.**     Notice shall be deemed effective (i) upon receipt, if given by email, Federal Express (or other over-night delivery service), or personal delivery, or (ii) if given by postage prepaid first-class mail, on the third business day after deposit into an active daily pick-up U.S. postal box or with an authorized U.S. postal office.

**c.**     Any Party may change the person to whom and/or the address to which notice to that Party shall be delivered by giving notice of such change in accordance with ¶ 18a above.

### 19.    Headings

The headings in this Settlement Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

### 20.    Signing by Facsimile and in Counterparts

This Settlement Agreement may be executed by facsimile or pdf signature in separate counterparts and shall become effective when such separate counterparts have been exchanged between the Parties.

### 21.    Entire Agreement

This Settlement Agreement contains the entire understanding between the Parties and supersedes any prior negotiations, representations, understandings, and agreements, whether oral

13

or written, between them concerning its subject.  No waiver of any of the provisions of this

Settlement Agreement shall be a continuing waiver unless expressly provided in writing.

THE BANKRUPTCY ESTATE OF
EAGAN AVENATTI, LLP

Dated: August 25, 2022          By: _____
                                     Richard A. Marshack, Chapter 7 Trustee


ANDREW S. DAVIS


Dated: August 23, 2022          By: _____
                                     Andrew S. Davis



APPROVED SOLELY AS TO FORM:

LANDAU LAW LLP


Dated:  August __, 2022         By: _____
                                     John P. Reitman,
                                     Attorneys for the Trustee


CHRISTOPER L. BLANK LAW


Dated:  August __, 2022         By: _____
                                     Christopher L. Blank,
                                     Attorneys for Andrew S. Davis


14

or written, between them concerning its subject.  No waiver of any of the provisions of this

Settlement Agreement shall be a continuing waiver unless expressly provided in writing.

THE BANKRUPTCY ESTATE OF
EAGAN AVENATTI, LLP

Dated: August __, 2022                          By: _____
                                                        Richard A. Marshack, Chapter 7 Trustee


ANDREW S. DAVIS

Dated: August 23, 2022                          By: _____
                                                        Andrew S. Davis


APPROVED SOLELY AS TO FORM:

LANDAU LAW LLP

Dated:  August 25, 2022                         By: _____
                                                        John P. Reitman,
                                                        Attorneys for the Trustee


CHRISTOPER L. BLANK LAW

Dated:  August 24 2022                          By: _____
                                                        Christopher L. Blank,
                                                        Attorneys for Andrew S. Davis


14

# EXHIBIT 2

# EXHIBIT 2

# EXHIBIT 2

**Christopher Blank**

| | |
|---|---|
| **From:** | Tinho Mang <tmang@marshackhays.com> |
| **Sent:** | Wednesday, November 16, 2022 2:14 PM |
| **To:** | Christopher Blank |
| **Cc:** | Ed Hays |
| **Subject:** | Avenatti - Settlement Orders |
| **Attachments:** | 2022.11.16 DE 399 Order Granting Motion To Approve Part 1.pdf; 2022.11.16 DE 398 Order Granting Motion To Approve Part 1.pdf; 2022.11.16 DE 397 Order Granting Motion To Approve Part 1.pdf |

Mr. Blank,

The attached orders were just entered by the court today. Again, if you need assistance getting the cases dismissed please reach out to me – but Mr. Reitman is principally responsible as counsel of record and should be your first resort.

Tinho

# Tinho Mang
## Associate

# MARSHACK HAYS LLP
## — ATTORNEYS AT LAW —
### 870 Roosevelt, Irvine, CA 92620

# EXHIBIT 3

# EXHIBIT 3

# EXHIBIT 3

**Christopher Blank**

| | |
|---|---|
| **From:** | Christopher Blank |
| **Sent:** | Tuesday, December 6, 2022 7:02 PM |
| **To:** | Tinho Mang; John Reitman; mrieder@landaufirm.com |
| **Cc:** | Ed Hays |
| **Subject:** | RE: Avenatti/Marshack/Trackside/Davis/Faieta |

Tinho,

Paragraph 2.b of the Settlement Agreements provides that the Parties shall:

"upon the order approving this Settlement Agreement becoming a Final Order (as defined in ¶ 2d below) and the full performance of all of the Parties' other respective obligations set forth in this Settlement Agreement, to take such action as may be necessary or reasonably appropriate to dismiss the Adversary Proceeding."

On November 29, I respectfully asked Mr. Reitman and Ms. Rieder to process the dismissal paperwork once the orders became final.  I got no response.

At the hearing on approval of our settlements I asked the Court to dismiss the actions on its own motion.  You are correct that Judge Clarkson declined to do so, but I believe he also expressed his confidence that Mr. Reitman would not shirk his duty to dismiss the actions just because the Trustee and Mr. Reitman have a dispute about compensation claimed by Mr. Reitman.

I also asked if you would prepare the dismissal paperwork and you said you believed that Mr. Reitman was obligated to do it and that he would faithfully perform his obligations.  That hasn't happened.

The Trustee has had a reasonable amount of time to get one of his attorneys to prepare a unilateral request for dismissal, or if necessary, a stipulation for dismissal.  Either one is fine with me.  Ignoring my reasonable request is not okay with me.

The Trustee is in default.  Mr. Reitman has not faithfully performed his duties.  Yes, the Trustee is entitled to 5 business days to cure his default, but it will not be premature for me to advise the Court of the Trustee's default by filing a declaration with the Court tomorrow.  As I stated, I intend to do that if the default has not been cured 10 AM tomorrow.

Again, thank you for your attention to this matter.
Chris

---

**From:** Tinho Mang <tmang@marshackhays.com>
**Sent:** Tuesday, December 6, 2022 5:22 PM
**To:** Christopher Blank <Chris@chrisblanklaw.com>; John Reitman <jreitman@landaufirm.com>; mrieder@landaufirm.com
**Cc:** Ed Hays <EHays@MarshackHays.com>
**Subject:** RE: Avenatti/Marshack/Trackside/Davis/Faieta

Hi Chris,

The appeals period expired on 11/30 and today is the fourth business day after the expiration of such period. As you probably recall, you asked the court to *sua sponte* enter a dismissal of the adversary proceedings but that oral motion

1

was not granted. Under the applicable federal rules, a stipulation for dismissal of the adversary proceeding is appropriate in this circumstance.

With respect to your statements that the trustee is in breach of the settlement agreements, the agreement provides in paragraph 7b that the trustee has a "reasonable period of time" to request dismissal of the adversary proceedings. And, again, under the settlement agreements, the trustee has five business days after written notice to cure an alleged default (to the extent that there even is any, four business days after the expiration of the appeal period). Either you, I, or Mr. Reitman's firm may prepare a stipulation for dismissal to be signed by the parties. Let me know your preference and we can get it done this week. Your threat to file a premature declaration is not well-taken under the settlement agreement language.

Tinho

---

**From:** Christopher Blank <Chris@chrisblanklaw.com>
**Sent:** Tuesday, December 6, 2022 4:57 PM
**To:** John Reitman <jreitman@landaufirm.com>; mrieder@landaufirm.com
**Cc:** Tinho Mang <tmang@marshackhays.com>
**Subject:** RE: Avenatti/Marshack/Trackside/Davis/Faieta

John & Monica,

The time to appeal the orders approving settlements with my clients has expired.  The orders are final.  The Trustee is obligated to dismiss the adversary actions.  To my knowledge, that has not yet been done.  The Trustee is in breach of the settlement agreements.  If the adversary actions are not dismissed by 10 AM tomorrow morning, I intend to file a declaration with the Court advising of the Trustee's breach.  I also intend to appear at the hearing on Thursday to answer any questions the Court may have about why the Trustee has breached the settlement agreement.  Thank you for your attention to this matter.

Sincerely,
Christopher L. Blank

---

**From:** Christopher Blank
**Sent:** Tuesday, November 29, 2022 3:30 PM
**To:** John Reitman <jreitman@landaufirm.com>; mrieder@landaufirm.com
**Cc:** Tinho Mang <tmang@marshackhays.com>
**Subject:** Avenatti/Marshack/Trackside/Davis/Faieta

Hi John & Monica,

The orders approving the settlements of the above referenced cases were entered on November 16.  Copies are attached.  The settlement sums were all timely paid prior to the hearings on approval.  Mr. Mang can confirm this.  The approval orders become final tomorrow.  Once the approval orders have become final, please take all steps necessary to dismiss the adversary actions as required by paragraph 2.b of the respective settlement agreements by the end of this week.

Thank you for your attention to this matter.

Sincerely,
CLB

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  4675 MacArthur Court, Suite 550, Newport Beach, California 92660.

A true and correct copy of the foregoing document described as **DECLARATION RE TRUSTEE'S DEFAULT UNDER SETTLEMENT AGREEMENTS WITH TRACKSIDE, FAIETA AND DAVIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 7, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**SEE ATTACHED SERVICE LIST**

**II.  <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served)**:**
On, December 7, 2022I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**NONE**

**III.  <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served  the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/7/2022 | CHRISTOPHER BLANK | /s/ Christopher L. Blank |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**SERVICE LIST**

**8:19-bk-13560-SC Notice will be electronically mailed to:**

James C Bastian, Jr on behalf of Interested Party Courtesy NEF
jbastian@shulmanbastian.com

Elizabeth Berke-Dreyfuss on behalf of Defendant Dillanos Coffee Roasters, Inc.
edreyfuss@wendel.com, ecfbankruptcy@fennemorelaw.com

Christopher L Blank on behalf of Defendant Trackside Performance, LLC
chris@chrisblanklaw.com

Christopher L Blank on behalf of Defendant Andrew S. Davis
chris@chrisblanklaw.com

Christopher L Blank on behalf of Defendant Robert Faieta dba Competition Motorsports
chris@chrisblanklaw.com

Mark S Bostick on behalf of Defendant Dillanos Coffee Roasters, Inc.
mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com

Steven Casselberry on behalf of Defendant Eisenhower Carlson PLLC
Steve.Casselberry@procopio.com, samantha.geraghty@procopio.com

Steven Casselberry on behalf of Interested Party Eisenhower Carlson PLLC
Steve.Casselberry@procopio.com, samantha.geraghty@procopio.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Defendant Aledmi, LLC
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Defendant Alan Chaffee
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Defendant Edwin Spaunhurst
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Defendant Michael White
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Jeffrey I Golden on behalf of Defendant Silver Star Sounds & Communications, Inc
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

David B Golubchik on behalf of Defendant The X-Law Group, PC, a professional corporation
dbg@lnbyb.com, stephanie@lnbyb.com

David B Golubchik on behalf of Defendant Filippo Marchino
dbg@lnbyb.com, stephanie@lnbyb.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, stephanie@lnbyb.com

Martin B Greenbaum on behalf of Defendant Gallo Builders, Inc.
eparker@collectionlaw.com, mgreenbaum@collectionlaw.com

Sarah Rose Hasselberger on behalf of Interested Party Courtesy NEF
shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,

ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party INTERESTED PARTY
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Richard A. Marshack
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Trustee Richard A Marshack (TR)
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Robert J Im on behalf of Creditor Honda Aircraft Company, LLC
rim@mcglinchey.com, irvineECF@mcglinchey.com

Robert J Im on behalf of Defendant Honda Aircraft Company LLC
rim@mcglinchey.com, irvineECF@mcglinchey.com

Richard L Kellner on behalf of Plaintiff Richard A. Marshack
rlk@kellnerlaw.com, irma.c.deleon@gmail.com

Erick Kuylman on behalf of Intervenor Hrayr Shahinian
erick.kuylman@warrenterzian.com

Rodger M. Landau on behalf of Attorney Landau Law LLP
rlandau@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

Jessica R MacGregor on behalf of Other Professional JAMS, Inc.
jmacgregor@longlevit.com, lmyers@longlevit.com

Aaron J Malo on behalf of Defendant Osborn Machler, PLLC
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

Aaron J Malo on behalf of Defendant Simeon Osborn
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

Aaron J Malo on behalf of Interested Party Simeon Osborn
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

Tinho Mang on behalf of Interested Party Courtesy NEF
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Tinho Mang on behalf of Plaintiff Richard A. Marshack
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Tinho Mang on behalf of Trustee Richard A Marshack (TR)
tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Filippo Marchino on behalf of Creditor The X-Law Group, P.C.
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Creditor Alexis Gardner
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Creditor Damon Rogers
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Defendant The X-Law Group, PC, a professional corporation
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Defendant Young Blue LLC, a limited liability company
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Defendant Filippo Marchino
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Filippo Marchino on behalf of Defendant Sandy Le, individually and on behalf of Tina Ngan Le, decedent
fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com

Judith E Marshack on behalf of Trustee Richard A Marshack (TR)
jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Robert S Marticello on behalf of Defendant Aledmi, LLC
Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Robert S Marticello on behalf of Defendant Alan Chaffee
Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Robert S Marticello on behalf of Defendant Edwin Spaunhurst
Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Robert S Marticello on behalf of Defendant Michael White
Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Meghan C Murphey on behalf of Trustee Richard A Marshack (TR)
meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com

Alan I Nahmias on behalf of Mediator Alan I Nahmias
anahmias@mbn.law, jdale@mbnlawyers.com

Karen S. Naylor on behalf of Creditor Stoll, Nussbaum & Polakov
Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com

Karen S. Naylor on behalf of Interested Party Courtesy NEF
Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com

Ryan D O'Dea on behalf of Defendant Avenatti & Associates APC
rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

Ryan D O'Dea on behalf of Defendant Michael Avenatti
rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

Ryan D O'Dea on behalf of Interested Party Avenatti Michael
rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

Brian A Paino on behalf of Defendant Honda Aircraft Company LLC
bpaino@mcglinchey.com, irvineECF@mcglinchey.com

Aditi Paranjpye on behalf of Defendant HPPW, LLC
aparanjpye@cairncross.com, eroth@cairncross.com;AParanjpye@ecf.courtdrive.com

Misty A Perry Isaacson on behalf of Defendant Foster Garvey PC, as successor-in-interest to Foster Pepper PLLC
misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Misty A Perry Isaacson on behalf of Defendant Christine Avenatti Carlin
misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Eric S Pezold on behalf of Defendant Vincent Builders, Inc.
epezold@swlaw.com, knestuk@swlaw.com

Kurt Ramlo on behalf of Defendant The X-Law Group, PC, a professional corporation
kr@lnbyg.com, kr@ecf.inforuptcy.com

Kurt Ramlo on behalf of Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased
kr@lnbyg.com, kr@ecf.inforuptcy.com

Kurt Ramlo on behalf of Defendant Filippo Marchino
kr@lnbyg.com, kr@ecf.inforuptcy.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kr@lnbyg.com, kr@ecf.inforuptcy.com

David M Reeder on behalf of Creditor Edward M. Ricci, P.A.
david@reederlaw.com, secretary@reederlaw.com

Jack A. Reitman on behalf of Debtor Eagan Avenatti, LLP
jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

Jack A. Reitman on behalf of Defendant Eagan Avenatti, LLP
jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

Jack A. Reitman on behalf of Plaintiff Richard A Marshack
jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

Jack A. Reitman on behalf of Plaintiff Richard A. Marshack
jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

Jack A. Reitman on behalf of Trustee Richard A Marshack (TR)
jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

John P. Reitman on behalf of Creditor Honda Aircraft Company, LLC
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

John P. Reitman on behalf of Interested Party Courtesy NEF
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

John P. Reitman on behalf of Plaintiff Richard A Marshack
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

John P. Reitman on behalf of Plaintiff Richard A. Marshack
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

John P. Reitman on behalf of Plaintiff Richard A. Marshack
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

John P. Reitman on behalf of Trustee Richard A Marshack (TR)
jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Monica Rieder on behalf of Interested Party Courtesy NEF
mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

Monica Rieder on behalf of Plaintiff Richard A. Marshack
mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com

Nanette D Sanders on behalf of Interested Party Courtesy NEF
becky@ringstadlaw.com, arlene@ringstadlaw.com

Michael Simon on behalf of Defendant Aledmi, LLC
msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Michael Simon on behalf of Defendant Alan Chaffee
msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Michael Simon on behalf of Defendant Edwin Spaunhurst
msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Michael Simon on behalf of Defendant Michael White
msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Andrew Still on behalf of Defendant Vincent Builders, Inc.
astill@swlaw.com, kcollins@swlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

David Wood on behalf of Interested Party Courtesy NEF
dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

David Wood on behalf of Interested Party INTERESTED PARTY
dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

David Wood on behalf of Trustee Richard A Marshack (TR)
dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

**8:19-bk-13560-SC Notice will not be electronically mailed to:**

Conway Mackenzie, Inc.
333 South Hope Street
Suite 3625
Los Angeles, CA 90071

Bicher & Associates
,

Burke, Williams & Sorensen, LLP
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067

Force 10 Partners, LLC
20341 SW Birch Ste 220
Newport Beach, CA 92660

Hahn Fife & Company
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101

H James Keathley on behalf of Creditor Stoll, Nussbaum & Polakov
Keathley & Keathley LLP
2030 Main St Ste 1040
Irvine, CA 92614

H James Keathley on behalf of Plaintiff Stoll, Nussbaum & Polakov, APC.
Keathley & Keathley LLP
2030 Main St Ste 210
Irvine, CA 92614

Kellner Law Group PC
,

Philip Landsman
Law Office of Philip Landsman
5776 Lindero Canyon Rd Ste D-666
Westlake Village, CA 91362

Marshack Hays LLP
,

Murphey & Murphey, APC
120 Vantis Dr Ste 300
Aliso Viejo, CA 92656-2677

Suzy Quinn
304 East 65th Street Apt 36A
New York, NY 10065

Fredrick A Rafeedie on behalf of Defendant Alki Bakery, Inc.
Jones Bell Abbott Fleming & Fitzger
601 S Figueroa St Ste 2700
Los Angeles, CA 90017

Brett Reed
Competition Economics LLC
234 E Colorado Blvd Ste 230
Pasadena, CA 91101