1   RODGER M. LANDAU (State Bar No. 151456)
    rlandau@landaufirm.com
2   LANDAU LAW LLP
    2338 Manning Ave.
3   Los Angeles, California 90064
    Telephone: (310) 557-0050
4   Facsimile: (310) 557-0056

5   For Administrative Creditor Landau Law LLP

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

10  In re                                    Case No.: 8:19-bk-13560-SC

11  EAGAN AVENATTI, LLP,                      Chapter 7

12                    Debtor.                 **NOTICE OF MOTION AND MOTION
                                              FOR ISSUANCE OF AN ORDER UNDER
13                                            FEDERAL RULE OF BANKRUPTCY
                                              PROCEDURE 2004 COMPELLING THE
14                                            PRODUCTION OF DOCUMENTS BY
                                              THE OFFICE OF THE UNITED STATES
15                                            ATTORNEY REGARDING POTENTIAL
                                              TRANSFERS TO MR. FILIPPO
16                                            MARCHINO; MEMORANDUM OF
                                              POINTS AND AUTHORITIES AND
17                                            DECLARATION OF RODGER M.
                                              LANDAU IN SUPPORT THEREOF
18
                                              [No hearing required, per LBR 2004-1(d)]
19

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE THAT** administrative creditor Landau Law LLP ("Landau Law"), on its own behalf, hereby moves the Court (the "Motion") for issuance of an order under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") requiring the production of documents regarding potential transfers of funds belonging to the bankruptcy estate (the "Estate") of Eagan Avenatti, LLP ("EA") to The X-Law Group, PC ("X-Law") or its principal Mr. Filippo Marchino ("Mr. Marchino"). In denying Landau Law's prior Rule 2004 motion seeking similar information, the Court expressed concern that the discovery sought (which included an examination of Assistant United States Attorney Brett A. Sagel) would distract Chapter 7 trustee Richard A. Marshack ("Trustee Marshack") from the prosecution of an adversary proceeding against X-Law and Mr. Marchino on behalf of the Estate (the "X-Law Adversary"). Accordingly, the present Motion seeks more limited discovery – solely the production of documents by the United States Attorney's Office (the "USAO") – which should not require any involvement by the Trustee or use of his time.

**PLEASE TAKE FURTHER NOTICE** that, since the filing of the prior Rule 2004 motion, Landau Law has received an email from Michael Avenatti explaining that he possesses information showing that "Mr. Marchino and the X-Law Group have been acting to defraud the EA estate and its creditors" and that Mr. Marchino has received substantial sums from those actions. While a certain level of skepticism is appropriate in dealing with a convicted criminal like Mr. Avenatti, he also is a potential percipient witness with a lengthy and close relationship with Mr. Marchino and personal knowledge of X-Law's and Mr. Marchino's history of engaging in fraudulent transactions. In particular, X-Law and Mr. Marchino assisted Mr. Avenatti in placing funds belonging to EA and EA's client beyond the reach of EA, the client, and EA's creditors. Accordingly, Mr. Avenatti's representation that X-Law and Mr. Marchino continue to engage in similar conduct is plausible; and provides grounds for believing that the actions that allowed $4 million to be paid to X-Law (rather than placed in the registry of the Court, as the Trustee sought in his initial complaint in the X-Law Adversary) has impaired the Estate's ability to recover that sum. At a minimum, those actions have caused the Estate to incur litigation expenses that likely would not have been necessary had the $4 million been secured in the Court's

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    registry two and a half years ago.

2        **PLEASE TAKE FURTHER NOTICE** that a Rule 2004 motion should be granted when

3    "good cause" is shown for the requested discovery, and a paradigm case of "good cause" is the

4    need to discover information that will demonstrate whether or not the Estate possesses a cause of

5    action.  As set forth in more detail in the accompanying Memorandum of Points and Authorities,

6    Mr. Avenatti's email, in conjunction with the statements made in pleadings and sworn declarations

7    cited in the prior Rule 2004 motion, demonstrates that there is ample "good cause" for the limited

8    discovery sought in this Motion, which will establish whether or not causes of action may exist

9    against any parties involved in permitting $4 million (and potentially additional sums) to be

10   diverted to X-Law and Mr. Marchino – including the USAO and any party who counseled the

11   Trustee in favor of delaying discovery regarding the $4 million contingency fee.

12       **PLEASE TAKE FURTHER NOTICE** that Landau Law seeks an order:

13       (1)  compelling the USAO, which maintains a business address at 411 West Fourth Street,

14   Suite 8000, Santa Ana, CA 92701, through its custodian of records, to produce to Landau Law for

15   inspection and copying all documents in the following categories that are in the USAO's

16   possession, custody, or control (the "Documents"), at 10:00 a.m. on the 30th day after entry of an

17   order granting the Motion (or, if the 30th day is a Saturday, Sunday, or holiday, on the first

18   business day after the 30th day), at the office of Landau Law LLP, 141 S. Windsor Blvd., Los

19   Angeles, CA 90004 (attention:  Rodger M. Landau):

20           (a)  all written communications (including letters, emails, text messages, and notes

21   or memoranda of oral conversations, whether maintained in paper or electronic form)

22   (collectively, "Written Communications") between Assistant States Attorney Brett A. Sagel or any

23   other member of the USAO who has been involved with X-Law, Mr. Marchino, the EA

24   bankruptcy case, and/or any adversary proceeding in the EA bankruptcy case (each, an "Involved

25   USAO Member"), on the one hand, and any other person, on the other hand, between March 1,

26   2020, and April 30, 2020, regarding the Rule 2004 motion filed by the Trustee in the EA

27   bankruptcy case seeking information from X-Law and Mr. Marchino;

28           (b)      all Written Communications and all other writings, including but not limited

to filed papers and pleadings, created by any Involved USAO Member(s) between March 1, 2020, and February 28, 2023, informing Mr. Avenatti, U.S. District Judge Selna, and/or the Court in this case of (i) the USAO's involvement or interference in the EA bankruptcy case or any adversary proceedings in the EA bankruptcy case, or (ii) receipt by X-Law or Mr. Marchino of money as a result of such involvement or interference;

(c)    all Written Communications between any one or more Involved USAO Members, on the one hand, and any one or more of the Trustee and/or his counsel or other representative(s), on the other hand, regarding X-Law, Mr. Marchino, the EA bankruptcy case, or any adversary proceedings in the EA bankruptcy case, between March 1, 2020, and February 28, 2023; and

(d)    all Written Communications between any one or more Involved USAO Members, on the one hand, and any one or more of X-Law, X-Law's counsel, X-Law's representative(s), Mr. Marchino, Mr. Marchino's counsel, and/or Mr. Marchino's representative(s), on the other hand, regarding the EA bankruptcy case or any adversary proceedings in the EA bankruptcy case, between March 1, 2020, and February 28, 2023; and

(2) authorizing Landau Law to issue and serve a subpoena on the USAO for production of the Documents on the terms set forth in paragraph (1).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1(d), the Motion will be decided without a hearing, unless otherwise ordered by the Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **WHEREFORE**, Landau Law respectfully requests that the Court enter an order directing

2  the USAO to produce the Documents at the time and place set forth above and authorizing Landau

3  Law to issue and serve on the USAO a subpoena for such production.

4

5  DATED: March 13, 2023                              LANDAU LAW LLP

6

7                                                     By:  /s/ Rodger M. Landau
                                                          _____
8                                                         Rodger M. Landau
                                                     Attorney for Administrative Creditor
9                                                    Landau Law LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................. 2

     A.    Existing Evidence Regarding USAO Interference, X-Law's Resulting Receipt of Funds, and Lack of Disclosure ................................................ 2

     B.    Prior Rule 2004 Motion ............................................................................. 3

     C.    New Evidence (Email from Mr. Avenatti) ............................................... 4

     D.    Landau Law Has Met and Conferred with the USAO ............................. 5

III.  RELIEF REQUESTED ................................................................................... 5

IV.   ARGUMENT .................................................................................................. 6

V.    CONCLUSION ............................................................................................. 10

DECLARATION OF RODGER M. LANDAU ....................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**

*In re Subpoena Duces Tecum & Ad Testificandum Pursuant to
     Fed. R. Bankr. P. 2004,*
     461 B.R. 823 (Bankr. C.D. Cal. 2011) ............................................................. 7, 9, 10

*In re Downs,*
     2021 Bankr. LEXIS 2839 (Bankr. C.D. Cal. Oct. 13, 2021) ................................ 7, 8

*In re Gawker Media LLC,*
     2017 Bankr. LEXIS 1798 (Bankr. S.D.N.Y. June 28, 2017) ................................ 7, 8

*In re Int'l Fibercom,*
     283 B.R. 290 (Bankr. D. Ariz. 2002) ..................................................................... 8

*In re Martino,*
     2011 Bankr. LEXIS 4560 (Bankr. D. Colo. Nov. 17, 2011) ..................................... 8

*In re Michalski,*
     449 B.R. 273 (Bankr. N.D. Ohio 2011) ............................................................. 7, 8

*In re Mitchell,*
     2019 Bankr. LEXIS 658 (Bankr. D. Idaho Mar. 5, 2019) ..................................... 7

*Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel.
     Cybergenics Corp. Chinery,*
     330 F.3d 548 (3d Cir. 2003) ................................................................................ 8

*Rigby v. Mastro (In re Mastro),*
     585 B.R. 587 (B.A.P. 9th Cir. 2018) ..................................................................... 7

**RULES**

Fed. R. Bankr. P. 2004 ...................................................................................... 1, 7

Fed. R. Bankr. P. 2004(a)......................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Creditor Landau Law LLP ("Landau Law") respectfully submits this memorandum of points and authorities in support of its motion (the "Motion") under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") for the issuance of an order requiring the production of documents by the United States Attorney's Office (the "USAO").

## I.    INTRODUCTION

Landau Law, the largest administrative creditor in this case, became aware of potential serial impropriety in this bankruptcy case based on its reading of the July 12, 2022 *Declaration of D. Edward Hays* (the "Hays Declaration") in support of the July 12, 2022 *Supplement to Motion for Leave to File Third Amended Complaint* [Docket No. 274] (the "July 12, 2022 Disclosure," with the Hays Declaration but without its exhibits, is attached as Exhibit A to Landau Law's prior February 3, 2023 Rule 2004 motion [Bankr. Docket No. 426] (the "Prior Rule 2004 Motion"), a copy of which is attached hereto as Exhibit "1" for this Court's convenience).  On February 6, 2023, this Court denied Landau Law's Prior Rule 2004 Motion [Bankr. Docket No. 429], without prejudice, by concluding that the motion was not supported "by any meaningful evidence" and that it "distracts and uses important time from the Trustee's prosecution of the X-Law Adversary Proceeding."

While Landau Law disagrees with this Court's conclusions (it believes that the declarations submitted by Chapter 7 Trustee Richard Marshack ("Trustee Marshack") are "meaningful evidence" and that examination of the USAO should not distract Trustee Marshack in any way), Landau Law has modified its request, and further supported its request, to address this Court's concerns.  This motion now solely seeks the physical and electronic production of documents from the USAO (which should not result in "distraction" to third parties, including Trustee Marshack).  The motion not only clarifies why Trustee Marshack's admissions that he delayed pursuit of Mr. Marchino constitutes "meaningful evidence," but is supplemented by new evidence that Trustee Marshack may have helped (either inadvertently or purposefully) the USAO to pay off Mr. Marchino by more than $4 million.

/ / /

## II.    STATEMENT OF FACTS

### A.    Existing Evidence Regarding USAO Interference, X-Law's Resulting Receipt of Funds, and Lack of Disclosure

As detailed in the Prior Rule 2004 Motion, in early 2020, Trustee Marshack was beginning to pursue claims against Mr. Filippo Marchino, a witness in Mr. Michael Avenatti's criminal trial. As part of that pursuit, on March 31, 2020, Trustee Marshack sought to examine Mr. Marchino and his law firm, The X-Law Group, PC ("X-Law"), by filing a Motion under Federal Rule of Bankruptcy Procedure 2004 (the "X-Law Rule 2004 Motion").  The X-Law Rule 2004 Motion sought specific information about contingency fees which Mr. Marshack believed might have been fraudulently transferred by Mr. Avenatti to Mr. Marchino and/or X-Law.  One of those contingency fees was an approximate $4 million contingency fee in a case called Hernandez (the "Hernandez Contingency Fee").  **The papers described above are reflected in this Court's records.**

Also as detailed in the Prior Rule 2004 Motion, in early April 2020, the Office of the United States Attorney (the "USAO") approached Mr. Marshack, in coordination with the Office of the United States Trustee (the entity that appointed Mr. Marshack as trustee), and asked Trustee Marshack to withdraw the X-Law Rule 2004 Motion.  While all of this appears to have been done orally (i.e., there is no written evidence of the request), **Trustee Marshack submitted sworn testimony of the oral request with this Court in July 2022**.  As a result of such "accommodation" (the word used to describe the agreement by Trustee Marshack), obviously, the bankruptcy estate's ability to discover the amount and location of the Hernandez Contingency Fee was delayed.

Four months later, in approximately August of 2020, Mr. Marchino obtained possession of the $4 million Hernandez Contingency Fee.  It is unclear whether, in April 2020, the USAO and/or Trustee Marshack knew that Mr. Marchino was on the precipice of receiving the $4 million when they collectively decided, without notifying creditors, to delay pursuit of Mr. Marchino.  **Evidence that the $4 million had been paid out to Mr. Marchino was filed by Trustee Marshack with this Court in September 2020.**  While Trustee Marshack disclosed that Mr. Marchino obtained

1   the money and that the USAO delayed pursuit of the money, he never "linked" the two events

2   when disclosing them two years apart.  To the best of Landau Law's knowledge (admittedly

3   Landau Law does not have great expertise in criminal proceedings), the USAO never disclosed to

4   anyone that their secret efforts in 2020 led to Mr. Marchino receiving $4 million in 2020.

5   Accordingly, neither this Court nor District Court Judge Selna were told anything about it.

6         **B.    Prior Rule 2004 Motion**

7         On February 3, 2023, Landau Law filed the Prior Rule 2004 Motion, seeking to examine

8   Assistant United States Attorney Brett A. Sagel ("AUSA Sagel") and obtain documents from

9   AUSA Sagel and the USAO to determine what happened in 2020, and specifically why the X-Law

10  Rule 2004 Motion was delayed, and whether anyone knew – at the time – that such delay might

11  result in Mr. Marchino receiving $4 million.  Even if what happened in April 2020 was

12  inadvertent and unknowing, Trustee Marshack likely would possess a multi-million-dollar

13  malpractice action against anyone that advised him that the X-Law Rule 2004 Motion was not

14  time-sensitive, among other claims.   The bankruptcy estate also may possess a claim against the

15  US government for pressuring Trustee Marshack to delay that pursuit in April 2020.   Landau Law

16  filed the Prior Rule 2004 Motion to address these fundamental issues (none of which are being

17  addressed in any presently pending adversary proceedings).  Both Trustee Marshack and the

18  USAO never disclosed the $4 million payment to Judge Clarkson or Judge Selna in 2020, 2021 or

19  2022.

20        The USAO and Trustee Marshack both objected to the Prior Rule 2004 Motion.  The crux

21  of their oppositions amounted to an allegation that Landau Law was seeking to understand the

22  April 2020 delay out of idle curiosity (rather than because it caused harm to Landau Law, the

23  largest creditor in the bankruptcy case).  This Court, who originally had suggested that Landau

24  Law file a Rule 2004 motion to obtain discovery from the USAO and continues to express its own

25  concerns about the USAO's secret activities in the bankruptcy case, used its discretion to deny the

26  motion because Landau Law examining the USAO might "distract" Trustee Marshack, and

27  because it did not believe that there was "meaningful evidence" that the actions described above

28  have resulted in harm to the estate.

Landau Law LLP
Attorneys at Law
Los Angeles, California

**C.      New Evidence (Email from Mr. Avenatti)**

Subsequent to the filing of the Prior Rule 2004 Motion, Landau Law received an unsolicited email from Mr. Avenatti's paralegal (due to Mr. Avenatti's incarceration, his ability to communicate directly likely is limited).  A true and correct copy of that email is attached as Exhibit "2" to the Declaration of Rodger M. Landau (the "Landau Declaration").  The email states that Mr. Avenatti possesses information showing that "Mr. Marchino and the X-Law Group have been acting to defraud the EA estate and its creditors" and that Mr. Marchino has received substantial sums from those actions.  While a certain level of skepticism is appropriate in dealing with a convicted criminal like Mr. Avenatti, he also is a percipient witness with a lengthy and close relationship with Mr. Marchino.  In particular, X-Law and Mr. Marchino assisted Mr. Avenatti in placing funds belonging to EA and EA's client beyond the reach of EA, the client, and EA's creditors.

Accordingly, Mr. Avenatti's representation that X-Law and Mr. Marchino continue to engage in similar conduct is plausible, and provides grounds for believing that the actions that allowed $4 million to be paid to X-Law (rather than placed in the registry of the Court, as the Trustee sought in his initial complaint in the X-Law Adversary) has impaired the Estate's ability to recover that sum.  At a minimum, those actions have caused the Estate to incur litigation expenses that likely would not have been necessary had the $4 million been secured in the Court's registry in the early stages of the X-Law Adversary (i.e., tangible damages regardless of the outcome of the X-Law Adversary Proceeding).  The production requested herein may disclose additional efforts by the USAO – as Mr. Avenatti implies – to run interference for its witness, Mr. Marchino.[1]

/ / /

/ / /

/ / /

---

[1] While Landau Law suspects that the USAO solely pressured Trustee Marshack through oral communications (to avoid a paper trail), the parties coordinating with, and accommodating, the USAO should have communicated with the USAO through written communications.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**D.    Landau Law Has Met and Conferred with the USAO**

On March 6, 2023 at approximately 10:00 a.m., Landau Law met and conferred with the USAO and concurrently requested that it provide Landau Law with the documents (if any) that it is requesting.  Landau Declaration, ¶ 2.  To avoid confusion, Landau Law provided the USAO with the request by "cut and pasting" the request from this Motion.  The USAO refused the request on the theory that Landau Law, the largest creditor in this case, had no interest in discovering whether this bankruptcy estate possesses additional causes of action against third parties, including the US government (presumably despite the possibility that its actions resulted in a $4 million loss to this bankruptcy estate, as effectuated by an "accommodation" from a US government-appointed fiduciary).

**III.    RELIEF REQUESTED**

As noted above, the scope of the discovery sought in this Motion is significantly reduced from the scope of the discovery sought in the Prior Rule 2004 Motion.  Landau Law is no longer seeking to examine AUSA Sagel, and instead is seeking only the production of documents by the USAO.

Specifically, Landau Law seeks an order:

(1)  compelling the USAO, through its custodian of records, to produce to Landau Law for inspection and copying all documents in the following categories that are in the USAO's possession, custody, or control (the "Documents"), at 10:00 a.m. on the 30th day after entry of an order granting the Motion (or, if the 30th day is a Saturday, Sunday, or holiday, on the first business day after the 30th day), at Landau Law's office, 141 S. Windsor Blvd., Los Angeles, CA 90004 (attention:  Rodger M. Landau):

(a)  all written communications (including letters, emails, text messages, and notes or memoranda of oral conversations, whether maintained in paper or electronic form) (collectively, "Written Communications") between AUSA Sagel or any other member of the USAO who has been involved with X-Law, Mr. Marchino, the EA bankruptcy case, and/or any adversary proceeding in the EA bankruptcy case (each, an "Involved USAO Member"), on the one hand, and any other person, on the other hand, between March 1, 2020, and April 30, 2020,

1  regarding the X-Law Rule 2004 Motion;

2      (b)    all Written Communications and all other writings, including but not limited

3  to filed papers and pleadings, created by any Involved USAO Member(s) between March 1, 2020,

4  and February 28, 2023, informing Mr. Avenatti, District Judge Selna, and/or the Court in this case

5  of (i) the USAO's involvement or interference in the EA bankruptcy case or any adversary

6  proceedings in the EA bankruptcy case, or (ii) receipt by X-Law or Mr. Marchino of money as a

7  result of such involvement or interference;

8      (c)    all Written Communications between any one or more Involved USAO

9  Members, on the one hand, and any one or more of the Trustee and/or his counsel or other

10  representative(s), on the other hand, regarding X-Law, Mr. Marchino, the EA bankruptcy case, or

11  any adversary proceedings in the EA bankruptcy case, between March 1, 2020, and February 28,

12  2023; and

13      (d)    all Written Communications between any one or more Involved USAO

14  Members, on the one hand, and any one or more of X-Law, X-Law's counsel, X-Law's

15  representative(s), Mr. Marchino, Mr. Marchino's counsel, and/or Mr. Marchino's

16  representative(s), on the other hand, regarding the EA bankruptcy case or any adversary

17  proceedings in the EA bankruptcy case, between March 1, 2020, and February 28, 2023; and

18      (2) authorizing Landau Law to issue and serve a subpoena on the USAO for production of

19  the Documents on the terms set forth in paragraph (1).

20  **IV.    ARGUMENT**

21      There is good cause for permitting the requested discovery to proceed, and therefore the

22  Motion should be granted, because the requested discovery is necessary to determine whether the

23  Estate may possess valuable causes of action against additional parties (separate and apart from

24  the causes of action the Trustee already is pursuing against X-Law and Mr. Marchino in the X-

25  Law Adversary).  As this Court has explained,

26      [Rule 2004] allows parties in interest (especially bankruptcy trustees and others) to

27      conduct general 'fishing expedition'-type inquiries of parties, both previously

28      joined in the proceeding and outside third parties, in order to discover assets,

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  liabilities, improper transfers, and other important information related to the

2  administration of a bankruptcy estate.  The Rule 2004 examination is broad in scope

3  . . . .

4  *In re Downs*, 2021 Bankr. LEXIS 2839, at *4 (Bankr. C.D. Cal. Oct. 13, 2021) (internal citation

5  omitted); *see also, e.g., Rigby v. Mastro (In re Mastro)*, 585 B.R. 587 (B.A.P. 9th Cir. 2018) ("As

6  the Rule's text makes clear, the scope of a Rule 2004 examination is 'unfettered and broad'; the

7  rule essentially permits a 'fishing expedition.'").

8  If the party from whom discovery is sought objects, the party bringing the Rule 2004

9  motion must demonstrate that there is "good cause" for the requested discovery.  *In re Subpoena*

10  *Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. P. 2004*, 461 B.R. 823, 829 (Bankr.

11  C.D. Cal. 2011).  Generally, good cause is shown if the Rule 2004 discovery is necessary to

12  establish the existence of a claim or if denial of the requested discovery would cause the movant

13  undue hardship or injustice.  *Id.*  Investigation of whether sufficient facts exist for assertion of a

14  claim is one of the paradigmatic uses of Rule 2004, and, since Rule 2004 discovery necessarily

15  takes place before the commencement of litigation, the party seeking discovery need not

16  demonstrate that it would prevail on the claim – or even on a motion to dismiss the claim – to

17  show "good cause" for the discovery.  *See, e.g., In re Mitchell*, 2019 Bankr. LEXIS 658, at *16

18  (Bankr. D. Idaho Mar. 5, 2019) ("Rule 2004 can be used as a pre-litigation device to determine

19  whether there are grounds to bring an action . . . . Because a Rule 2004 examination can be used as

20  a pre-litigation device, Creditor is not required to show he would likely prevail in a suit before

21  obtaining the discovery."); *In re Gawker Media LLC*, 2017 Bankr. LEXIS 1798, at *17 (Bankr.

22  S.D.N.Y. June 28, 2017) ("A Rule 2004 request does not require a court to determine whether a

23  pleading that has not been filed and may never be filed states a claim that will survive a motion to

24  dismiss. . . . [The] argument that the Plan Administrator's current lack of a reasonable basis to

25  bring the Potential Causes of Action demonstrates a lack of cause for a Rule 2004 examination . . .

26  makes no sense.  The purpose of Rule 2004 is to allow the [movant] to acquire information it

27  lacks."); *In re Michalski*, 449 B.R. 273, 281 (Bankr. N.D. Ohio 2011) ("A Rule 2004 examination

28  is frequently used as a pre-litigation tool to determine sufficient facts to state a plausible claim for

7

1    relief and, thus, withstand a motion to dismiss.  If, prior to conducting a Rule 2004 examination,

2    the UST (or any party in interest) had to specify [the full grounds for a potential cause of action],

3    Rule 2004 would be rendered meaningless and moot.").  Indeed, "[t]he lack of information

4    [regarding a potential cause of action] is the reason for granting Rule 2004 discovery, not for

5    denying it." *Gawker Media, supra,* 2017 Bankr. LEXIS 1798, at *17.

6        Rule 2004 permits all parties in interest, including creditors, to obtain discovery on the

7    topics identified in the rule.  Fed. R. Bankr. P. 2004(a) ("On motion of <u>any party in interest</u>, the

8    court may order the examination of any entity.") (emphasis added); *see also, e.g., Downs, supra,*

9    2021 Bankr. LEXIS 2839, at *4 ("[Rule 2004] allows parties in interest (especially bankruptcy

10   trustees and others) to conduct general 'fishing expedition'-type inquiries . . . .").  Accordingly, a

11   creditor or other party whose interests are aligned with the estate's may appropriately conduct Rule

12   2004 discovery regarding a potential cause of action belonging to the bankruptcy estate.  *See, e.g.,*

13   *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v.*

14   *Chinery,* 330 F.3d 548, 564 (3d Cir. 2003) ("[A] creditor might assist a debtor in locating assets

15   owed to the estate by conducting a Bankruptcy Rule 2004 examination of a transferee, a step

16   available to any 'party in interest' that obtains court approval."); *In re Martino*, 2011 Bankr.

17   LEXIS 4560, at *4-*5 (Bankr. D. Colo. Nov. 17, 2011) ("The first question raised by the Debtor is

18   whether the Bank has standing to conduct a Rule 2004 examination regarding prepetition transfers

19   recoverable under § 544, since actions to recover such transfers would normally be brought by the

20   Chapter 7 trustee, not a creditor. . . . [T]he Bank, as a creditor, constitutes a party in interest. . . .

21   The Bank is within its rights to seek information within the scope of Rule 2004, even if such

22   information may ultimately be incorporated in a cause of action exclusive to the trustee."); *In re*

23   *Int'l Fibercom*, 283 B.R. 290 (Bankr. D. Ariz. 2002) ("[Debtor IFCI's insurer] Liberty has sought

24   broad discovery from AT&T . . . . to learn about potential claims IFCI may have against either

25   PF.net or AT&T.  Even though Liberty may be subrogated to any of IFCI's claims, they

26   nonetheless constitute property of the Debtor, which is a proper subject for discovery under Rule

27   2004. . . . Liberty and the Debtor IFCI have joint interests in obtaining information that will . . .

28   potentially uncover additional claims that may exist for the benefit of the estate. . . . [T]he

discovery requested by Liberty of AT&T pursuant to Rule 2004 will be permitted.").

The evidence demonstrates that there is good cause for permitting the requested discovery, to determine whether causes of action may exist that one day could be pursued for the benefit of the estate and creditors like Landau Law.  According to the papers filed by Trustee Marshack:

    i)    Trustee Marshack withdrew the X-Law Rule 2004 Motion in April 2020.

    ii)    Trustee Marshack withdrew the X-Law Rule 2004 Motion in April 2020 at the USAO's request.

    iii)    Mr. Marchino thereafter obtained $4 million that was the subject of the April 2020 X-Law Rule 2004 Motion in August 2020.

    iv)    Mr. Marchino was a criminal witness for the USAO in the Avenatti criminal proceeding when it requested the delay between April 2020 and August 2020.

    v)    Neither Trustee Marshack nor the USAO concurrently informed this Court or District Judge Selna that their undisclosed actions may have resulted in the $4 million transfer.

    vi)    During the subsequent three years, neither Trustee Marshack nor the USAO informed this Court or District Judge Selna that their undisclosed actions may have resulted in a $4 million transfer of estate property.

These dots connect seamlessly.  Additionally, Mr. Avenatti recently has implied that the USAO may have aided X-Law and Mr. Marchino to obtain other estate assets.

While it is theoretically possible that Mr. Marchino was inadvertently paid $4 million and the parties inadvertently failed to contemporaneously disclose that fact to everyone for three years, even that explanation cries out for examination and disclosure.  If all of this happened inadvertently, then whoever was advising Trustee Marshack not to protect the estate from the loss likely will be subject to substantial liability.  In any event, there are sufficient grounds for believing that the actions described above may have impaired the Estate's ability to recover the $4 million, or at least caused the Estate to incur unnecessary legal fees, to establish good cause for the requested discovery to proceed.

"Once the [movant] establishes the existence of 'good cause,' the burden shifts back to the

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

1    objecting party to show that examination would be oppressive or burdensome." *In re Subpoena*

2    *Duces Tecum, supra,* 461 B.R. 823 at 829.  Blanket or conclusory statements are insufficient to

3    meet this burden. *Id.* at 831.  Here, Landau Law is asking only for the production of documents

4    generated by a few specific members of the USAO (those who had involvement with the matters at

5    issue), within a defined and reasonably narrow timeframe, on certain discrete subjects.

6    Compliance with the requested discovery should require relatively little effort on the part of the

7    USAO, and none at all on the part of the Trustee.  Accordingly, the requested discovery is neither

8    oppressive nor burdensome.

9        The requested discovery cannot be taken under Federal Rules of Bankruptcy Procedure

10    7030 or 9014 because the issues addressed by the discovery are not the subject of any pending

11    adversary proceeding or contested matter.

12    **V.**    **CONCLUSION**

13        For the foregoing reasons, Landau Law respectfully requests that the Court enter an order

14    directing the USAO to produce the Documents at the time and place set forth above and

15    authorizing Landau Law to issue and serve on the USAO a subpoena for such production.  Landau

16    Law has demonstrated that there is good cause to investigate the matter and need not demonstrate

17    that a cause of action exists before conducting a Rule 2004 examination to determine whether a

18    cause of action exists.

19

20    DATED: March 13, 2023                LANDAU LAW LLP

21

22                                By:   /s/ Rodger M. Landau

23                                    Rodger M. Landau
                                    Attorney for Administrative Creditor
24                                    Landau Law LLP

25

26

27

28

Landau Law LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## DECLARATION OF RODGER M. LANDAU

2      I, Rodger M. Landau, declare as follows:

3      1.    I am the managing partner of the law firm of Landau Law LLP ("Landau Law"),

4   which is the largest administrative creditor of the bankruptcy estate of Eagan Avenatti, LLP.  I

5   make this declaration in support of Landau Law's motion under Federal Rule of Bankruptcy

6   Procedure 2004 for the production of documents by the United States Attorney's Office

7   ("USAO").

8      2.    On March 6, 2023 at approximately 10:00 a.m., I met and conferred with Ms. Elan

9   Levey, an Assistant in the Civil Division of the USAO.  To avoid confusion, I provided Ms. Levey

10  with Landau Law's document request by "cutting and pasting" the request as set forth in the

11  attached Motion.  Ms. Levey informed me that the USAO would not voluntarily comply with the

12  request.

13     3.    On February 8, 2023, I received an unsolicited email from Mr. Michael Avenatti.  A

14  true and correct copy of that email is attached hereto as Exhibit "2."  I subsequently confirmed that

15  Ms. Emma Hernandez, the person who facilitated delivery of the email, serves as a professional on

16  Mr. Avenatti's behalf.

17     4.    The requested discovery cannot be taken under Federal Rules of Bankruptcy

18  Procedure 7030 or 9014 because the issues addressed by the discovery are not the subject of any

19  pending adversary proceeding or contested matter.

20     I declare under penalty of perjury that the foregoing is true and correct.

21     Executed this 13th day of March, 2023 at Los Angeles, California.

22

23

24                                                    Rodger M. Landau

25

26

27

28

ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 1 of 52

1 | RODGER M. LANDAU (State Bar No. 151456)
rlandau@landaufirm.com
2 | LANDAU LAW LLP
2338 Manning Avenue
3 | Los Angeles, California 90064
Telephone: (310) 557-0050
4 | Facsimile: (310) 557-0056

5 | For Administrative Creditor Landau Law LLP

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

10 | In re | Case No.: 8:19-bk-13560-SC

11 | EAGAN AVENATTI, LLP, | Chapter 7

12 | Debtor.

**NOTICE OF MOTION AND MOTION
FOR ISSUANCE OF AN ORDER UNDER
FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2004 COMPELLING THE
PRODUCTION OF DOCUMENTS BY
AND THE EXAMINATION OF THE
OFFICE OF THE UNITED STATES
ATTORNEY AND ASSISTANT UNITED
STATES ATTORNEY BRETT A. SAGEL
REGARDING POTENTIAL TRANSFER
OF APPROXIMATELY $4 MILLION TO
MR. FILIPPO MARCHINO;
MEMORANDUM OF POINTS AND
AUTHORITIES AND DECLARATION OF
RODGER M. LANDAU IN SUPPORT
THEREOF**

[No hearing required, per LBR 2004-1(d)]

*LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA*

EXHIBIT 1
12

1    **PLEASE TAKE NOTICE THAT** administrative creditor Landau Law LLP ("Landau

2  Law"), on its own behalf, hereby moves the Court (the "Motion") for issuance of an order under

3  Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"):

4        (1)  compelling the United States Attorney's Office (the "USAO"), which maintains a

5  business address at 411 West Fourth Street, Suite 8000, Santa Ana, CA 92701, through its

6  custodian of records, to produce to Landau Law for inspection and copying the Documents (as

7  defined in the accompanying Memorandum of Points and Authorities) that are in its possession,

8  custody, or control, at 10:00 a.m. on the 10th day after entry of an order granting the Motion (or, if

9  the 10th day is a Saturday, Sunday, or holiday, on the first business day after the 10th day), at the

10  office of Landau Law LLP, 2338 Manning Avenue, Los Angeles, CA 90064 (attention:  Rodger

11  M. Landau);

12        (2)  compelling Assistant United States Attorney Brett A. Sagel ("AUSA Sagel"), whose

13  place of residence is unknown and whose place of employment is the USAO at 411 West Fourth

14  Street, Suite 8000, Santa Ana, CA 92701, to produce to Landau Law for inspection and copying

15  the Documents in his possession, custody, or control, at 10:00 a.m. on the 10th day after entry of

16  an order granting the Motion (or, if the 10th day is a Saturday, Sunday, or holiday, on the first

17  business day after the 10th day), at the office of Landau Law LLP, 2338 Manning Avenue, Los

18  Angeles, CA 90064 (attention:  Rodger M. Landau);

19        (3)  compelling AUSA Sagel to appear for a sworn examination by Landau Law

20  commencing at 10:00 a.m. on an agreed date that is no more than 30 days after entry of an order

21  granting the Motion, at the office of Landau Law LLP, 2338 Manning Avenue, Los Angeles, CA

22  90064, continuing during business hours from day to day thereafter (Saturdays, Sundays, and

23  holidays excluded) until concluded, to testify about the following subjects:

24            (a)  all actions AUSA Sagel took in connection with Chapter 7 trustee Richard A.

25                Marshack's motion under Rule 2004 (the "X-Law Rule 2004 Motion") against

26                The X-Law Group, PC ("X-Law"), and its principal Filippo Marchino ("Mr.

27                Marchino"), which sought discovery necessary for Trustee Marshack's timely

28                pursuit of a $4 million contingency fee (the "$4 Million Fee") that

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

EXHIBIT 1
13

1    subsequently was appropriated by X-Law and Mr. Marchino;

2        (b)  the reasons for all such actions;

3        (c)  AUSA Sagel's knowledge regarding the $4 Million Fee at the time the X-Law

4            Rule 2004 Motion was withdrawn in April 2020;

5        (d)  when and how AUSA Sagel learned that X-Law and Mr. Marchino had

6            received the $4 Million Fee;

7        (e)  whether AUSA Sagel informed District Judge Selna about any of the

8            foregoing subjects; and

9        (f)  AUSA Sagel's reason(s) for informing, or failing to inform, District Judge

10           Selna about the foregoing subjects;

11       (4) authorizing Landau Law to issue and serve subpoenas on the USAO and AUSA Sagel

12   to facilitate the examinations of and production of documents by the USAO and AUSA Sagel (the

13   "Subpoenas"); and

14       (5) authorizing service of the Subpoenas on the USAO and AUSA Sagel via the respective

15   email addresses previously used by USAO and AUSA Sagel to communicate with Landau Law

16   and other parties in the above-captioned bankruptcy case (with a check for AUSA Sagel's mileage

17   and witness fee to be provided to AUSA Sagel via overnight delivery or messenger to AUSA

18   Sagel's employment address, or, if AUSA Sagel consents, in person at the time of his appearance

19   for examination).

20       **PLEASE TAKE FURTHER NOTICE** that the requirements of Rule 2004 and Local

21   Bankruptcy Rule 2004-1 have been met, because (a) the requested documents and examination

22   relate to a "matter which may affect the administration of the debtor's estate," in that the claims

23   potentially arising from the harm to the estate caused by the withdrawal of the X-Law 2004

24   Motion may constitute the largest remaining asset of the estate; (b) as set forth in the

25   accompanying declaration of Rodger M. Landau and the emails attached thereto, Landau Law has

26   met and conferred with the USAO regarding the terms of the production and examination but has

27   been unable to reach agreement thereon; and (c) the examination cannot proceed under Federal

28   Rule of Bankruptcy Procedure 7030 or 9014 because there is no pending adversary proceeding or

Landau Law LLP
Attorneys At Law
Los Angeles, California

EXHIBIT 1
14

1   contested matter addressing the issues about which examination is sought.  Additionally, in its

2   January 27, 2023 order [docket no. 424], the Court suggested a Rule 2004 motion as a potential

3   vehicle for obtaining the discovery sought herein.

4           **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-

5   1(d), the Motion will be decided without a hearing, unless otherwise ordered by the Court.

6

7   DATED: February 3, 2023                            LANDAU LAW LLP

8

9                                                      By:   /s/ Rodger M. Landau

10                                                          Rodger M. Landau
                                                           Attorney for Administrative Creditor
11                                                         Landau Law LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT 1
15

1

**TABLE OF CONTENTS**

2   I.      INTRODUCTION ................................................................................................1

3   II.     STATEMENT OF FACTS .................................................................................2

4           A.      The X-Law Rule 2004 Motion ................................................................2

5           B.      Trustee Marshack's Withdrawal of the X-Law Rule 2004 Motion........................4

6           C.      Original Complaint Against X-Law Seeking Preservation and
                    Recovery of the Contingency Fee Rights................................................4

7
            D.      Payment of the Approximate $10 Million Hernandez Settlement
8                   to X-Law, Filing of the Trustee's First Amended Complaint, and
                    the Potential Loss of the $4 Million Hernandez Contingency Fee ................5
9
            E.      Conflicting Accounts Regarding Withdrawal of X-Law Rule
10                  2004 Motion ............................................................................................6

11          F.      The Court's Previously Unanswered Questions Regarding the
                    Conduct of AUSA Sagel and the USAO................................................7
12
    III.    ARGUMENT ......................................................................................................8
13
            A.      Trustee Marshack's Withdrawal of the X-Law Rule 2004
14                  Motion Harmed the Estate ......................................................................8

15          B.      Landau Law Has Complied with the Requirements of Local
                    Bankruptcy Rule 2004-1(a) ....................................................................9
16
            C.      Landau Law's Examination Request is Reasonable.............................10
17
            D.      The Requested Production and Examination Is Appropriate
18                  Under Rule 2004 and Local Bankruptcy Rule 2004-1 .........................10

19  IV.     CONCLUSION ................................................................................................11

20  DECLARATION OF RODGER M. LANDAU ........................................................12

21

22

23

24

25

26

27

28

i

EXHIBIT 1
16

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 6 of 52

# TABLE OF AUTHORITIES

**RULES**

Fed. R. Bankr. P. 2004 ........................................................................................................ 1, 9. 10

Fed. R. Bankr. P. 7030 ............................................................................................................. 11

Fed. R. Bankr. P. 9014 ............................................................................................................. 11

Local Bankruptcy Rule 2004-1 ................................................................................................ 10

Local Bankruptcy Rule 2004-1(a)............................................................................................. 9

Local Bankruptcy Rule 2004-1(b)............................................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ii

EXHIBIT 1
17

## MEMORANDUM OF POINTS AND AUTHORITIES

Creditor Landau Law LLP ("Landau Law") respectfully submits this memorandum of points and authorities in support of its motion (the "Motion") under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") for the issuance of an order requiring the production of documents by the United States Attorney's Office (the "USAO") and Assistant United States Attorney Brett A. Sagel ("AUSA Sagel") and the examination of AUSA Sagel.

## I.    INTRODUCTION

Landau Law, the largest administrative creditor in this case, has become aware of potential impropriety in this bankruptcy case based on its reading of the July 12, 2022 *Declaration of D. Edward Hays* (the "Hays Declaration") in support of the July 12, 2022 *Supplement to Motion for Leave to File Third Amended Complaint* [Docket No. 274] (the "July 12, 2022 Disclosure," with the Hays Declaration but without its exhibits, is attached hereto as **Exhibit A** for this court's convenience).

The biggest asset in this case likely was an approximate $4 million contingency fee (the "Contingency Fee") which Trustee Marshack has alleged was fraudulently conveyed by Mr. Michael Avenatti to The X-Law Law Group, PC ("X-Law") and/or Mr. Filippo Marchino ("Mr. Marchino"). According to the July 12, 2022 Disclosure, the USAO – in April 2020 – pressured Chapter 7 Trustee Richard Marshack ("Trustee Marshack") to delay pursuit of that Contingency Fee. Trustee Marshack's decision to delay pursuit of the Contingency Fee may have caused – or facilitated – recovery by Mr. Marchino of the approximate $4 million Contingency Fee. Trustee Marshack has postulated that proceeds of that Contingency Fee may be unrecoverable because it was transferred to X-Law in the Summer of 2020.

By September 16, 2020, when Trustee Marshack filed a motion for leave to file an amended complaint in his adversary proceeding against X-Law [Adv. Docket No. 59] (the "September 16, 2020 Disclosure"), it is clear that both Trustee Marshack and the United States government knew that 1) the USAO had pressured Trustee Marshack to delay pursuit of the Contingency Fee in April 2020, and 2) Mr. Marchino received approximately $4 million of Contingency Fee proceeds soon thereafter (the US Trustee, who was helping the USAO in its

1

EXHIBIT 1
18

1  efforts, was served with the September 16, 2020 Disclosure).  Despite that the transfer of the $4

2  million likely was the most material event in this bankruptcy case, it was never disclosed to

3  creditors or this Court that Trustee Marshack's April 2020 decision may have resulted in the $4

4  million transfer several months later.  It also does not appear that any of this was disclosed by the

5  USAO to Judge Selna, the presiding judge in the Avenatti criminal matter.

6       Landau Law seeks to examine the facts related to the approximate $4 million transfer to

7  determine what claims the estate may possess, including claims against any person or entity who

8  advised Trustee Marshack in April 2020 that pursuit of the Contingency Fee was not time-

9  sensitive.  While it is possible that both Trustee Marshack and the United States government

10 unknowingly helped Mr. Marchino to obtain $4 million of estate assets during the Spring of 2020

11 (potentially resulting in a secret $4 million payoff to a criminal witness), the decision not to

12 disclose the $4 million during the preceding three years does not appear to have been inadvertent.

13 Because Landau Law believes that the estate may possess several multi-million dollar causes of

14 action, Landau Law wishes to investigate them before evaluating how to proceed, if appropriate,

15 in their pursuit.

16 **II.    STATEMENT OF FACTS**

17      **A.    The X-Law Rule 2004 Motion**

18      On March 31, 2020, Landau Law – serving as Trustee Marshack's special litigation

19 counsel on the contingency fee basis approved by this Court – filed an extensive and

20 comprehensive *Motion for Issuance of an Order Under Bankruptcy Rule 2004 Compelling the*

21 *Production of Documents by and the Examination of (1) The X-Law Group, PC, and (2) Filippo*

22 *Marchino* [Bankr. Docket No. 119] (the "X-Law Rule 2004 Motion").  The X-Law Rule 2004

23 Motion, which sought discovery from X-Law and Mr. Marchino on a variety of subjects, was set

24 for hearing on April 28, 2020.

25      One of the topics addressed by the Rule 2004 Motion was "Shared Cases" – defined in the

26 Rule 2004 Motion as "cases in which both EA and X-Law are or were attorneys of record and/or

27 have or had a claim to payment."  Bankr. Docket No. 119, ECF p. 3, lines 14-15.  Discovery from

28 X-Law and Mr. Marchino regarding the Shared Cases was necessary because (a) "X-Law ha[d]

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

EXHIBIT 1
19

1  previously provided some information regarding the Shared Cases, but very few documents, and

2  the Trustee's understanding of the Shared Cases [wa]s far from complete," and (b) "in cases that

3  are still pending, EA has a right to payment based on its previous work, <u>and these rights constitute</u>

4  <u>a major asset of the Estate</u>." *Id.*, ECF p. 9, line 23, through ECF p. 10, line 1 (emphasis added).

5  In other words, the Rule 2004 Motion sought information from X-Law and Mr. Marchino

6  regarding EA cases taken over by X-Law for the explicit purpose of assisting Trustee Marshack in

7  collecting on the Estate's potential multi-million dollar contingency fees rights in the Shared

8  Cases (the "Contingency Fee Rights").

9         The Rule 2004 Motion also sought discovery regarding a number of pre-petition money

10  transfers made by EA to X-Law and Mr. Marchino, which totaled nearly $4 million (the "Money

11  Transfers").  The Rule 2004 Motion explained that discovery from X-Law and Mr. Marchino was

12  necessary because (a) "[t]he Trustee [wa]s unaware of the reasons for, or potential value given in

13  exchange for, most of the transfers,"[1] and (b) "[d]epending on the reasons for the transfers and the

14  value (or lack thereof) given in return for the transfers, <u>one or more of the transfers may be</u>

15  <u>recoverable for the Estate</u>."  Bankr. Docket No. 119, ECF p. 10, lines 14-18 (emphasis added).

16         The Rule 2004 Motion sought information from X-Law and Mr. Marchino for the explicit

17  purpose of assisting Trustee Marshack in identifying and recovering for the benefit of the Estate

18  any avoidable transfers made to X-Law and/or Mr. Marchino, both 1) Contingency Fee Rights and

19

20  ───────────────

[1] As set forth in the X-Law Rule 2004 Motion, Trustee Marshack was aware of the circumstances surrounding one of
21  the Money Transfers, namely, a transfer of $2.5 million from EA to X-Law on January 26, 2017 ("the $2.5 Million
Transfer").  The $2.5 Million Transfer constituted almost the entire amount EA received as settlement proceeds in a
22  case in which EA represented a client named Alexis Gardner ("Ms. Gardner"); EA was entitled to a portion of those
funds for its 33% contingency fee plus costs, and Ms. Gardner was entitled to the rest.  The same day that X-Law
23  received the $2.5 Million Transfer, it transferred the same amount to Honda Aircraft Company, LLC, to purchase a
partial ownership interest in a private jet for EA's former managing partner, Mr. Avenatti.  Bankr. Docket No. 119,
24  ECF p. 10, lines 8-28.

     The criminal case against Mr. Avenatti includes a count for wire fraud relating to the $2.5 Million Transfer.  *See*
25  U.S. District Court, C.D. Cal., Case No. 8:19-cr-00061-JVS ("Criminal Case"), Docket No. 16, pp. 11-12 and 20.
During the criminal trial, Mr. Marchino was called as a witness for the prosecution to testify about, among other
26  things, the $2.5 Million Transfer.  *See* Criminal Case Docket No. 661, pp. 64 through 69 (transcript of Mr. Marchino's
testimony).  Mr. Marchino claimed in his testimony that, at the time that he caused X-Law to transfer the $2.5 million
27  to Honda, he believed that the $2.5 million belonged to William Parrish, an alleged client of EA, and that the money
had to be transferred via X-Law because "there could be a problem for Mr. Avenatti to send the money directly,
28  because he had already paid his side, so Mr. Parrish's side had to come from a different firm."  *Id.*, p. 68, lines 8-24.

Landau Law LLP
Attorneys At Law
Los Angeles, California

EXHIBIT 1
20

1    2) Money Transfers.

2        **B.    Trustee Marshack's Withdrawal of the X-Law Rule 2004 Motion**

3        According to Trustee Marshack's general bankruptcy counsel Mr. Hays, shortly after the

4    filing of the X-Law Rule 2004 Motion, Mr. Hays and Trustee Marshack "were contacted by the

5    Office of the United States Trustee ('OUST') and was requested to withdraw the 2004 Motion to

6    accommodate the request from the USAO to keep the civil lawsuits separate from the criminal

7    prosecution."  *See* September 16, 2022 Hays Declaration, ¶ 4.  To **"accommodat[e] that**

8    **request,"** according to Mr. Hays, Trustee Marshack withdrew the X-Law Rule 2004 Motion on

9    April 15, 2020.  *Id.*; Bankr. Docket No. 126 (emphasis added).  Trustee Marshack did not disclose

10   the reason that he withdrew the X-Law Rule 2004 Motion at that time.

11       As a result of Trustee Marshack's withdrawal of the X-Law Rule 2004 Motion, Trustee

12   Marshack lost the ability to obtain discovery from X-Law and Mr. Marchino in May 2020

13   regarding, among other things, the Contingency Fee Rights.

14       **C.    Original Complaint Against X-Law Seeking Preservation and Recovery of the**

15       **Contingency Fee Rights**

16       On May 19, 2020, Landau Law caused Trustee Marshack's *Complaint for Preliminary*

17   *Injunction, Declaratory Judgment, and Further Relief* [Adv. Docket No. 1] (the "Complaint"),

18   commencing adversary proceeding number 8:20-1086 (the "X-Law Adversary Proceeding"), to be

19   filed.  The Complaint sought to protect and recover the Estate's Contingency Fee Rights in three

20   of the Shared Cases, including a case in which EA represented Elba Hernandez (the "Hernandez

21   Case").  The Complaint sought a preliminary injunction requiring X-Law to file a notice with the

22   Court when any recovery was obtained in any of the three Shared Cases and to deposit the entire

23   contingency fee portion of the recovery with the Clerk of the Court.  The Complaint also sought a

24   determination of the amount of fees to which the Estate was entitled in each case (as and when

25   recoveries were obtained) on account of its Contingency Fee Rights.

26       Landau Law also filed a motion for issuance of the requested preliminary injunction and

27   scheduled it for hearing on July 7, 2020.  Adv. Docket No. 4.  X-Law and Mr. Marchino then

28   sought and received two stipulated continuances of the preliminary injunction motion, moving the

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

EXHIBIT 1
21

1  hearing first to August 4, 2020, and then to September 3, 2020.  Adv. Docket Nos. 26 & 40.  In

2  July 2022, Trustee Marshack explained that he granted these continuances to accommodate X-

3  Law's and Mr. Marchino's alleged need for additional time to allow their counsel to familiarize

4  itself with the case, among other reasons.  Adv. Docket No. 274, p. 11, lines 11-13.

5      While Landau Law continued, and continues, to represent Trustee Marshack in

6  approximately a half dozen other adversary proceedings, Landau Law informed Trustee Marshack

7  soon after withdrawal of the 2004 Motion that it was no longer willing to represent him in the X-

8  Law Adversary Proceeding.  As a result, by August of 2020, Landau Law was no longer involved

9  in the X-Law Adversary Proceeding.  Landau Law's prior representation of the state court receiver

10 of EA likely renders Landau Law the largest administrative creditor in this case (because its prior

11 hourly fees in the receivership case are granted administrative priority in this case).

12      **D.    Payment of the Approximate $10 Million Hernandez Settlement to X-Law,**

13           **Filing of the Trustee's First Amended Complaint, and the Potential Loss of the**

14           **$4 Million Hernandez Contingency Fee**

15      On September 16, 2020, Trustee Marshack filed a motion for leave to file an amended

16 complaint in the X-Law Adversary Proceeding.  Adv. Docket No. 59.  In the motion and attached

17 complaint, Trustee Marshack explained that he had become aware that the Hernandez Case

18 recently had settled for $10.35 million; that the entire $10.35 million had been paid to X-Law; and

19 that the attorneys' fees portion of the settlement was "likely to be in excess of $4 million" (i.e., the

20 "Contingency Fee").  *Id.*, ECF p. 4, lines 8-10; ECF p. 14, lines 5-7; ECF p. 27, lines 10-11; ECF

21 p. 22, lines 20-22.  Trustee Marshack has postulated that proceeds of the Contingency Fee may be

22 unrecoverable now that it has been paid to X-Law.  *See, e.g.,* Adv. Docket No. 59, ECF p. 25,

23 lines 18-19 ("The Trustee has no knowledge of whether X-Law has already appropriated all of the

24 fees generated in the Hernandez Case.").

25      Had the X-Law Rule 2004 Motion not been withdrawn in April 2020, this Estate might

26 have been able to identify and recover, or at least preserve, that money in May 2020.  Obviously,

27 any party that caused the withdrawal of the X-Law Rule 2004 Motion may be directly responsible

28 for the potential loss of at least $4 million.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

EXHIBIT 1
22

**E.    Conflicting Accounts Regarding Withdrawal of X-Law Rule 2004 Motion**

1

2    Trustee Marshack, by declaration of his counsel Mr. Hays, explains that the X-Law Rule

3    2004 Motion was withdrawn in deference to the USAO's desires.  Hays Declaration, ¶ 4.  Trustee

4    Marshack also has explained that delays in the X-Law Adversary Proceeding have resulted from

5    X-Law contacting "the USAO on multiple occasions requesting that it contact the UST or

6    Trustee's counsel to [argue for] defer[ral of] any discovery or litigation that overlaps with their

7    criminal prosecution of Mr. Avenatti until such matter is concluded."  X-Law Supplement, p. 12,

8    lines 2-5.  Mr. Hays has described such pressure applied directly by AUSA Sagel in mid-March

9    2022, and subsequently by the Office of the US Trustee at the USAO's instigation, to limit Trustee

10    Marshack's pursuit of claims against X-Law.  Hays Declaration, ¶¶ 10-11.  Mr. Hays has

11    explained that he believes, "based on [his] conversations over these past two years" with AUSA

12    Sagel, that the USAO's repeated requests to stay the X-Law Adversary Proceeding "arise in large

13    part from Mr. Marchino advising the USAO as to the issues arising in" the X-Law Adversary

14    Proceeding and that the USAO's actions are based on "what it believes is best for its prosecution"

15    in light of the fact that "Mr. Marchino serves as a witness for the prosecution" in Mr. Avenatti's

16    criminal case.  Hays Declaration, ¶ 14.

17    AUSA Sagel, on the other hand, has asserted that Trustee Marshack's description of the

18    USAO's interference in this case is inaccurate.  An unsworn email from AUSA Sagel challenges

19    Mr. Hays' description of the USAO's interventions in the X-Law Adversary Proceeding.  It also

20    eschews any mention of the X-Law Rule 2004 Motion.  AUSA Sagel claims that the USAO's

21    interest in the X-Law Adversary Proceeding has been limited to those aspects that "overlapped

22    with the criminal case."  Adv. Docket No. 279, ECF p. 5.  Though AUSA Sagel's email fails to

23    identify those aspects, from context it appears that AUSA Sagel is claiming that the USAO's

24    interest and interventions relate primarily or solely to the Money Transfers – and especially the

25    $2.5 Million Transfer – not the Contingency Fee Rights.[2]  According to AUSA Sagel's account,

26

27    _____
[2] AUSA Sagel's email states that he contacted Trustee Marshack in July/August 2020 "because certain allegations in [Trustee Marshack's original] complaint overlapped with the matters to be proved in the criminal case" and that the USAO's concerns were sufficiently addressed by Trustee Marshack's agreement "to proceed without alleging or proving the facts that overlapped with the criminal case."  Docket No. 279, ECF p. 5.  It appears that the only

28

EXHIBIT 1
23

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  the USAO never had any interest in affecting recovery of the Contingency Fee Rights – including

2  the $4 million Hernandez Contingency Fee.  Under AUSA Sagel's account, therefore, there would

3  have been no need for Trustee Marshack to withdraw the X-Law Rule 2004 Motion, as to the

4  Contingency Fee Rights, ever – including in April 2020.[3]

5      **F.**      **The Court's Previously Unanswered Questions Regarding the Conduct of**

6              **AUSA Sagel and the USAO**

7          At a July 14, 2022, hearing in the X-Law Adversary Proceeding, this Court raised many of

8  the same questions regarding the USAO's activities that are raised in this Motion.  It proposed

9  holding an evidentiary hearing to resolve its own concerns.  Adv. Docket No. 295, pp. 8-15.  In

10 particular, the Court wanted to know how AUSA Sagel had obtained a copy of the motion in the

11 X-Law Adversary Proceeding to which the email responded (which the parties and their counsel

12 denied sending to AUSA Sagel) and why, if AUSA Sagel chose to comment on matters in the

13 case, he had failed to respond to the Court's concerns regarding the practices of the USAO, set

14 forth in a decision previously issued in the EA bankruptcy case:

15          This Court can appreciate the enormous pressure private trustees, and even

16          regional U.S. Trustees, are under when invited into private, undisclosed,

17          meetings with Assistant United States Attorneys and demands are made upon

18          them to 'cooperate' unofficially with civil and criminal cases unaffiliated with

19          their bankruptcy proceeding duties.  This cooperation sometimes results in the

20          misuse of estate funds that are under the jurisdiction of the bankruptcy court .

21          . . . This includes, in this matter's particular instance, legal fees and costs

22

23  _____

   allegations Trustee Marshack removed from the complaint at the request of the USAO were those relating to the $2.5
24 Million Transfer and to X-Law's participation in wrongful transfers of funds at Mr. Avenatti's direction.  *Compare*
   Adv. Docket No. 1, p. 4, line 24, through p. 5, line 19 *with* Adv. Docket No. 92, p. 4, line 24, through p. 5, line 3.  The
25 allegations in the original complaint regarding the Contingency Fee Rights and the Hernandez Case remained in the
   amended complaint filed after AUSA Sagel's contact with Trustee Marshack in "July/August 2020," indicating that
26 the USAO had no objection to Trustee Marshack pursuing claims or obtaining discovery relating to the Contingency
   Fee Rights or the Hernandez Case.

27 [3]  Had AUSA Sagel secretly run interference on Trustee Marshack's $4 million recovery effort for the benefit of a
   U.S. government criminal witness as Trustee Marshack suggests, then United States District Judge Selna and Mr.
28 Avenatti, among others, likely would have needed to be notified in the criminal proceedings.

7

EXHIBIT 1
24

1    incurred by the Trustee having to file at least three motions on *ex parte* bases

2    as a 'professional courtesy' to those who might control his professional future.

3    This is simply wrong and abusive as to the professional, the Estate, and this

4    Court.  Finally, some might assert that it might be disruptive of due process

5    rights of civil and criminal parties who are without knowledge of these

6    activities and are provided no opportunity to weigh in on the informal activities

7    affecting their own interests within the bankruptcy case itself.

8    *Memorandum Decision Denying Chapter 7 Trustee's Emergency Motion for Order Authorizing*

9    *Trustee to Use Property of the Estate Pursuant to 11 U.S.C. § 363* [Bankr. Docket No. 370], p. 10,

10   n.10; *see also* Adv. Docket No. 295, pp. 6-14.  Both Mr. Marchino and counsel for X-Law and

11   Mr. Marchino stated on the record at that hearing that they would have no problem with the Court

12   conducting an examination of AUSA Sagel on these matters at an evidentiary hearing.  Adv.

13   Docket No. 295, pp. 15-16.  This Court was focused on the pressure Trustee Marshack likely felt

14   when he filed three *ex parte* motions as a "professional courtesy" to the USAO without knowing

15   that pressure by the USAO likely resulted in the withdrawal of a critical motion (which AUSA

16   Sagel fails to mention in his email).

17   **III.    ARGUMENT**

18         **A.    Trustee Marshack's Withdrawal of the X-Law Rule 2004 Motion Harmed the**

19               **Estate**

20         The USAO may argue that Trustee Marshack appropriately withdrew the X-Law Rule

21   2004 Motion to avoid conflict with the USAO.  That potential argument fails for at least two

22   reasons:

23         First, the "accommodation" to which Trustee Marshack agreed resulted in this case

24   becoming massively administratively insolvent.  It likely eliminated the estate's chance to recover

25   its biggest asset, as well as made the rest of its claims far more difficult and expensive to prove

26   (akin to a doctor curing a headache by putting his/her/their patient's head in a guillotine).  Had the

27   USAO offered Trustee Marshack a standstill agreement or to interplead the proceeds of the

28   Contingency Fees (in coordination with Mr. Marchino), then the "accommodation" merely would

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

EXHIBIT 1
25

1  have caused a delay.  Without receiving such an agreement, the decision to delay pursuit of the

2  Contingency Fees effectively amounted to an abrogation of rights for the benefit of Mr. Marchino.

3        Second, despite the noise created by the USAO, the USAO likely never would have sought

4  the relief to which Trustee Marshack stipulated (and this Court likely never would have granted

5  that relief, anyway – at least without an injunction minimizing harm to the estate).  It appears that

6  the USAO's goal was to effectuate a result without alerting Judge Selna to its actions.  That likely

7  is why the "accommodation" did not include a reciprocal agreement (thereby not requiring the

8  "accommodation" to be disclosed to this Court) and why all of the "negotiations" appeared to have

9  occurred orally (avoiding a paper trail by only having "conversations").  While Landau Law is

10  sympathetic to the pressures created by the USAO (to which the US Trustee likely added its own

11  pressure on Trustee Marshack), it was an "accommodation" without benefit to creditors.[4]

12  **B.**    **Landau Law Has Complied with the Requirements of Local Bankruptcy Rule**

13        **2004-1(a)**

14        Landau Law has been in contact with the Civil Division of the USAO since it filed the

15  Motion for an OSC last week (which this Court denied while concurrently suggesting that Landau

16  Law may seek similar relief through the Rule 2004 process).  The email exchanges between

17  Landau Law and the USAO are attached to the accompanying Declaration of Rodger M. Landau

18  ("Landau Declaration") as **Exhibit B**.  A request for the examination was sent on January 27,

19  2022 with a proposed production date (ten days) and a proposed examination date (anytime in the

20  next month).  Landau Law's correspondence proposed a "meet and confer" on or before February

21  3, 2023 if the USAO found the terms of the examination unacceptable to them.  It explained that it

22  would work with the USAO to agree on a "mutually agreeable date, time, place, and scope of an

23  examination [and] production."  Landau Declaration, ¶ 2 and Exhibit B.

24        Landau Law met and conferred by telephone with the USAO at approximately 9:00 a.m.

25  on February 3, 2023.  During a cordial conversation, the USAO did not agree to the proposed

26

27  [4]  Landau Law does not believe that the US Trustee, who is responsible for appointing Chapter 7 Trustees and
    overseeing Chapter 7 cases, should be privately advocating in Chapter 7 bankruptcy cases for the benefit of the United
28  States government, especially contrary to the interests of creditors.

9

EXHIBIT 1
26

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  dates and specifically refused to provide alternative dates.   ¶ 4.   The USAO refused to provide

2  alternative dates based on its contention that Landau Law lacks "good cause" to obtain the desired

3  information.

4      **C.      Landau Law's Examination Request is Reasonable**

5      Landau Law has requested three things from the USAO:

6      1.      All emails (and any other written communications and notes or memoranda of

7  conversations) from March 1, 2020 through April 30, 2020, regarding the March 2020 Rule 2004

8  Motion filed on behalf of Chapter 7 Trustee Richard Marshack.  Those documents should include,

9  without limitation, all emails between AUSA Sagel, on the one hand, and any other person or

10  entity, on the other hand, concerning or relating to withdrawal of the X-Law Rule 2004 Motion.

11  The request is narrowly tailored and addresses a comparatively small amount of time.

12      2.      All emails (and any other written communications and notes, memoranda of

13  conversations, or filed papers or pleadings) created during the past three years disclosing – either

14  to Judge Selna or Mr. Avenatti – 1) the USAO's involvement or interference in the Eagan

15  Avenatti bankruptcy case, or 2) receipt by Mr. Marchino and/or X-Law of money as a result of

16  such involvement or interference.  Landau Law has narrowly tailored the request considering its

17  lack of familiarity with the criminal disclosure process.  Landau Law seeks such documents,

18  among other reasons, to determine whether the nondisclosure was consistent throughout the legal

19  proceedings.

20      3.      A date to examine AUSA Brett Sagel any weekday in the next month.  Mr. Sagel

21  was the lead person at the USAO handling the matter (according to Mr. Hays).  Landau Law has

22  indicated that it largely is willing to schedule the examination at his convenience.

23      **D.      The Requested Production and Examination Is Appropriate Under Rule 2004**

24          **and Local Bankruptcy Rule 2004-1**

25      The requested production and examination are appropriate under Rule 2004 because they

26  relate to a "matter which may affect the administration of the debtor's estate," in that the claims

27  potentially arising from the harm to the estate caused by the withdrawal of the X-Law 2004

28  Motion may constitute the largest remaining asset of the estate.  The examination cannot proceed

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10

EXHIBIT 1
27

1  under Federal Rule of Bankruptcy Procedure 7030 or 9014 because there is no pending adversary

2  proceeding or contested matter addressing the issues about which examination is sought, satisfying

3  the requirements of Local Bankruptcy Rule 2004-1(b).

4  **IV.**    **CONCLUSION**

5        This bankruptcy case is administratively insolvent because the single largest asset in the

6  case was transferred to Mr. Marchino during its pendency.  While Trustee Marshack was seeking

7  to recover that asset prior to its transfer, the USAO – in coordination with the US Trustee –

8  pressured Trustee Marshack to delay that pursuit.  At this point, it is unclear whether the USAO

9  knew that such delay would result in an approximate $4 million transfer to Mr. Marchino, or not.

10        Despite that a $4 million transfer in the context of this bankruptcy case is a substantial

11  event, the potential cause of the transfer was not explained to this Court for the past three years.

12  Because similar non-disclosure occurred in the concurrently-pending criminal proceedings, and

13  because the USAO and Trustee Marshack knew all of the relevant facts by at least September

14  2020, Landau Law believes that such non-disclosure was not the product of inadvertence.

15        If the $4 million transfer was the product of negligence and ignorance coupled with an

16  inability to appreciate the importance of disclosure, then the potential claims will be pursued

17  differently than if the transfer and the non-disclosure was purposeful.  Landau Law seeks to

18  examine the USAO so that it can better understand what happened and why it only was disclosed

19  over two years after the fact.

20

21  DATED: February 3, 2023                    LANDAU LAW LLP

22

23                                            By:   /s/ Rodger M. Landau

24                                                Rodger M. Landau
                                              Attorney for Administrative Creditor
25                                            Landau Law LLP

26

27

28

EXHIBIT 1
28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF RODGER M. LANDAU

I, Rodger M. Landau, declare as follows:

1.    I am the managing partner of the law firm of Landau Law LLP ("Landau Law"), which is the largest administrative creditor of the bankruptcy estate of Eagan Avenatti, LLP.  I make this declaration in support of Landau Law's motion under Federal Rule of Bankruptcy Procedure 2004 for the examination of and production of documents by the United States Attorney's Office ("USAO") and Assistant United States Attorney Brett A. Sagel ("AUSA Sagel").

2.    On Friday, January 27, 2023, I sent an email to Elan Levey, an Assistant United States Attorney with the USAO who had previously reached out to me in connection with Landau Law's motion for an order to show cause, proposing terms for the requested document production and examination of AUSA Sagel.  I also proposed that we meet and confer by telephone on Friday, February 3, 2023, if we were unable to reach agreement on the terms of a stipulation by email.  A true and correct copy of that email and the remainder of the email correspondence in the same chain, described below, is attached hereto as **Exhibit B**.

3.    I heard nothing from the USAO for the next five days so, on Wednesday, February 1, 2023, I sent a follow-up email.  Ms. Levey's reply stated only that she would contact me to meet and confer at 9 a.m. on February 3, 2023.  I asked that Ms. Levey send me an email prior to our telephone conference describing any concerns of the USAO regarding the requested production and examination so that I could be prepared to address them when we spoke.  Ms. Levey declined to provide that information.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

EXHIBIT 1
29

4.    This morning, Ms. Levey and I met and conferred via telephone. During a cordial conversation with Ms. Levey, she did not agree to the proposed dates and specifically refused to provide alternative dates.  Ms. Levey refused to provide alternative dates based on her contention that Landau Law lacks "good cause" to obtain the desired information.  Accordingly, we were unable to reach agreement regarding the terms of the production and examination sought by Landau Law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of February, 2023 at Oxnard, California.

Rodger M. Landau

13

EXHIBIT 1
30

# EXHIBIT A

EXHIBIT 1
31

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document      Page 40 of 62

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document      Page 21 of 52

Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document      Page 1 of 129

RICHARD L. KELLNER (State Bar No. 171416)
rlk@kellnerlaw.com
KELLNER LAW GROUP PC
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 780-6759
Facsimile: (310) 277-0635

Special Litigation Attorneys for Plaintiff and
Chapter 7 Trustee, RICHARD A. MARSHACK

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
870 Roosevelt
Irvine, CA  92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

General Counsel for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>Defendants. | **TRUSTEE'S SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br><u>Hearing Date and Time:</u><br>Date:   July 14, 2022<br>Time:   11:00 a.m.<br>Place:  Courtroom 5C[1]<br>           411 W. Fourth Street<br>           Santa Ana, CA 92701 |

/ / /

/ / /

---

[1] Personal appearances are required in Courtroom 5C. This will not be a virtual hearing..

---

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 41 of 62

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 22 of 52

Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 2 of 129

1

2

**TABLE OF CONTENTS**

1.    SUMMARY OF SUPPLEMENT ........................................................................ 1

2.    PROCEDURAL DETAILS OF DISCOVERY STIPULATIONS FOR

EXTENSIONS OF TIME .............................................................................. 1

A.    Bankruptcy Filing and Pre-Adversary Conduct .................................... 1

B.    Adversary commenced in May 2020. .................................................... 2

C.    First Amended Complaint and litigation on the FAC. ........................... 3

D.    Second Amended Complaint and Commencement of Discovery; First

mediation .............................................................................................. 4

E.    First Discovery Stipulation. .................................................................. 6

F.    Second Discovery Stipulation. .............................................................. 7

G.    Third Discovery Stipulation. ................................................................ 8

H.    Fourth Discovery Stipulation. .............................................................. 8

I.    Fifth Discovery Stipulation. ................................................................. 9

J.    Summary of Stipulated Extensions. .................................................... 11

DECLARATION OF D. EDWARD HAYS ...................................................... 13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 42 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 23 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 3 of 129

# TABLE OF AUTHORITIES

CASES

Case No. 21-50225, 2022 U.S. App. LEXIS 6758 (9th Cir. Mar. 16, 2022)........................................ 6

*In re Vestavia Hills, Ltd.*,

   630 B.R. 816 (S.D. Cal. 2021) ..................................................................................................... 7

STATUTES

28 U.S.C. § 157(d) ........................................................................................................................... 7

RULES

FRBP 9011 ........................................................................................................................................ 4

CODES

Chapter 7 of Title 11 of the United States Code ............................................................................. 1

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

EXHIBIT A
16
EXHIBIT 1
34

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                         Main Document         Page 43 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                         Main Document         Page 24 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                         Main Document         Page 4 of 129

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  DEFENDANTS, AND ALL INTERESTED PARTIES:

3       Richard A. Marshack, chapter 7 trustee ("Trustee') for the bankruptcy estate ("Estate") of

4  Eagan Avenatti, LLP ("Debtor" or "EA") and the plaintiff in the above-captioned action, submits

5  this supplement to Plaintiff's motion for leave to file third amended complaint ("Motion"), as

6  required by the Court's order continuing the hearing on the Motion, entered on July 7, 2022, as Dk.

7  No. 272.

8  **1.    Summary of Supplement**

9       As described below, the delays in this case, including the one-year delay after the filing of

10 the complaint before discovery, are based on the defendants' actions and not on a lack of diligence

11 by Trustee.

12 **2.    Procedural Details of Discovery Stipulations for Extensions of Time**

13      On March 22, 2019, a criminal complaint was filed in the United States District Court for the

14 Central District of California against Michael John Avenatti ("Avenatti"), commencing criminal case

15 no. 8:21-cr-00061-JVS ("Avenatti Orange County Prosecution").

16      **A.    Bankruptcy Filing and Pre-Adversary Conduct**

17      On September 13, 2019, Debtor, through its pre-petition state court receiver, filed a voluntary

18 petition for bankruptcy under Chapter 7 of Title 11 of the United States Code.

19      On March 31, 2020, as Dk. No. 119, Trustee filed a motion for examination of X-Law and

20 Marchino pursuant to Federal Rule of Bankruptcy Procedure 2004 ("2004 Motion").

21      Approximately two weeks after the filing of the 2004 Motion, the Office of the United States

22 Trustee ("OUST") contacted Trustee's counsel and requested that the 2004 Motion be withdrawn to

23 prevent interference with the Avenatti Orange County Prosecution. *See* Declaration of D. Edward

24 Hays ("Hays Declaration"), ¶ 4.

25      On April 15, 2020, as Dk. No. 126, Trustee filed a notice of voluntary dismissal for the 2004

26 Motion.

27

28

<div align="center">1</div>

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC   Doc 441   Filed 03/13/23   Entered 03/13/23 17:20:31   Desc
Main Document   Page 44 of 62
Case 8:19-bk-13560-SC   Doc 426   Filed 02/03/23   Entered 02/03/23 14:46:32   Desc
Main Document   Page 25 of 52
Case 8:20-ap-01086-SC   Doc 274   Filed 07/12/22   Entered 07/12/22 22:33:44   Desc
Main Document   Page 5 of 129

## B.   Adversary commenced in May 2020.

On May 19, 2020, Trustee (through prior special litigation counsel John Reitman) filed a complaint against X-Law, Marchino, Hernandez, Young Blue LLC, and Sandy Le initiating this adversary proceeding. A true and correct copy of the adversary docket for this proceeding is attached to the Request for Judicial Notice ("RJN") as Exhibit "1."

On June 24, 2020, as Adv. Dk. No. 24, Defendants filed a stipulation with Trustee to continue the hearing on a motion for preliminary injunction and Defendants' motion for stay ("First Continuance Stipulation"). A true and correct copy of the First Continuance Stipulation is attached to the RJN as Exhibit "2." The stated reason for the continuance was that "Attorney Defendants have not yet responded to the complaint and relatively recently obtained counsel to represent them in this action." *See* RJN Exh. 2, ¶ B. The Court approved the First Continuance Stipulation.

On July 2, 2020, as Adv. Dk. No. 31, Defendants filed a motion to dismiss the complaint ("First MTD"). Starting from the filing of the First MTD, defendants took the position that because the complaint was not "at issue," no discovery was allowed. Defendants refused to participate in the Rule 26 meeting of counsel and refused to participate in discovery efforts. The hearing on the First MTD was set for August 4, 2020.

On July 22, 2020, as Adv. Dk. No. 38, Trustee filed a stipulation with X-Law and Marchino ("Attorney Defendants") to continue the hearing on the First MTD ("Second Continuance Stipulation"). A true and correct copy of the Second Continuance Stipulation is attached to the RJN as Exhibit "3." The stated reason for the continuance was "to permit the Plaintiff to search the forensic image of EA's computer servers for documents relevant to the Motions," and was based on the Attorney Defendants' demands for relevant evidence including whether fully executed retainer agreements could be located. *See* RJN Exh. 3, ¶ D. Additionally, the case was set to be transferred to a different presiding judge based on the retirement of the Hon. Catherine E. Bauer. *See id.*, ¶ E. The Court approved the First Continuance Stipulation and continued the hearing to September 10, 2020.

In or about late July or early August 2020, the United States Attorneys' Office ("USAO") contacted the Office of the United States Trustee which then contacted Trustee's counsel and requested that Trustee keep the civil litigation against the Attorney Defendants separate from the

Case 8:19-bk-13560-SC   Doc 441   Filed 03/13/23   Entered 03/13/23 17:20:31   Desc
Main Document   Page 45 of 62
Case 8:19-bk-13560-SC   Doc 426   Filed 02/03/23   Entered 02/03/23 14:46:32   Desc
Main Document   Page 26 of 52
Case 8:20-ap-01086-SC   Doc 274   Filed 07/12/22   Entered 07/12/22 22:33:44   Desc
Main Document   Page 6 of 129

1  criminal cases. Specifically, there were allegations in the original complaint that the USAO believed

2  overlapped the allegations in the Avenatti Orange County Prosecution. Trustee's counsel was told

3  that the USAO was alerted to this overlap by Mr. Marchino's counsel. Mr. Marchino was a witness

4  for the prosecution in the Avenatti Orange County Prosecution. Absent Trustee's cooperation with

5  this request, the USAO stated it would seek a stay of this entire adversary proceeding.

6      On September 9, 2020 (one day before the continued hearing on the First MTD), as Adv. Dk.

7  No. 47, Trustee filed a stipulation with Attorney Defendants ("Third Continuance Stipulation") to

8  further continue the hearings. A true and correct copy of the Third Continuance Stipulation is

9  attached to the RJN as Exhibit "4." The stated reason was to allow Trustee to file a motion for leave

10  to file an amended complaint, which "Attorney Defendants intend to oppose." *See* RJN Exh. 4, ¶ H.

11  Trustee elected to file the amended complaint to omit the allegations that overlapped into the

12  criminal prosecution because Trustee believed he could prove his case in this adversary which

13  generally included claims for quantum meruit without including such allegations.

14      On September 16, 2020, as Adv. Dk. No. 59, Trustee filed (now through Richard Kellner and

15  general counsel Marshack Hays) a motion for leave to file a first amended complaint ("First Amend

16  Motion"), which was set for hearing on October 21, 2020. At the hearing, the Court granted the First

17  Amend Motion and denied the First MTD.

18  ## C.  First Amended Complaint and litigation on the FAC.

19      On October 26, 2020, as Adv. Dk. No. 92, Trustee filed his first amended complaint

20  ("FAC"). The FAC omitted the allegations that would have caused the USAO to seek a stay of this

21  adversary proceeding.

22      On November 13, 2020, as Adv. Dk. No. 96, Defendants filed a motion to dismiss the FAC

23  ("Second MTD"), which was set for hearing on January 20, 2021. The Second MTD included

24  special provisions to strike under California's anti-SLAPP laws.

25      On December 29, 2020, as Adv. Dk. No. 102, Trustee filed a second motion for leave to file

26  an amended complaint ("Second Amend Motion"), which was set for hearing concurrently with the

27  Second MTD. The Second Amend Motion included a request for leave to amend the complaint to

28  remove Young Blue, LLC, and Sandy Le as defendants.

---

3

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                    Main Document      Page 46 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                    Main Document      Page 27 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                    Main Document      Page 7 of 129

1    On December 30, 2020, as Adv. Dk. No. 105, Defendants filed a motion for sanctions against

2  Trustee's counsel under FRBP 9011 ("Sanctions Motion"), also set for hearing concurrently with the

3  Second MTD and Second Amend Motion.

4    The Court denied the Second MTD and Sanctions Motion, and granted the Second Amend

5  Motion. After the hearing, Trustee lodged proposed orders which were objected to by Attorney

6  Defendants.

7    Attorney Defendants also appealed the denial of the Second MTD, initiating appeal no. 8:21-

8  cv-00336-ODW in the District Court ("MTD Appeal").

9    On February 4, 2021, as Adv. Dk. No. 142, the Court entered an order granting the Second

10  Amend Motion, and permitting Trustee to file a second amended complaint within 21 days after

11  entry of the order.

12    On February 18, 2021, as Adv. Dk. No. 155, the Court set a Rule 16 conference for April 7,

13  2021, at 1:30 p.m. regarding the adversary proceeding.

14    **D.    Second Amended Complaint and Commencement of Discovery; First**

15    **mediation.**

16    On February 25, 2021, as Adv. Dk. No. 160, Trustee filed his second amended complaint

17  ("SAC"), which is the current operative complaint.

18    On March 18, 2021, as Adv. Dk. No. 165, defendants filed a motion to dismiss the SAC

19  ("Third MTD"), which was set for hearing on May 5, 2021.

20    On April 1, 2021, as Adv. Dk. No. 178, the Court entered an order assigning this case to

21  mediation ("Mediation Order"). A true and correct copy of the Mediation Order is attached to the

22  RJN as Exhibit "5." The Mediation Order assigned Leonard L. Gumport as the mediator, and notice

23  was served on the mediator.

24    On April 6, 2021, as Adv. Dk. No. 182, a stipulation ("Fourth Continuance Stipulation") was

25  filed between Trustee and Attorney Defendants to continue the Rule 16 pretrial conference. A true

26  and correct copy of the Fourth Continuance Stipulation is attached to the RJN as Exhibit "6." The

27  stated reason for the continuance was "[d]ue to an unavoidable scheduling conflict by counsel for X-

28

EXHIBIT A
20
EXHIBIT 1
38

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 47 of 62

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 28 of 52

Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 8 of 129

1  Law and Marchino." *See* RJN Exh. 6, ¶ 4. Specifically, Mr. Golubchik requested a short continuance

2  of the conference due to a planned vacation.

3      On April 6, 2021, as Adv. Dk. No. 184, Leonard Gumport filed a notice of unavailability to

4  serve as mediator. A true and correct copy of the notice of unavailability is attached to the RJN as

5  Exhibit "7." The statement provided "On 4/5/21, I received an objection on conflict grounds to my

6  serving as mediator and assurances that an alternate mediator would be sought." Specifically, the

7  Attorney Defendants opined to Mr. Gumport that his long-term relationship with John Reitman

8  (special litigation counsel for Trustee) would create an appearance of lack of impartiality and

9  requested that Mr. Gumport recuse himself. Hays Declaration, ¶ 6. The Court then set procedures on

10  the selection of an alternative mediator. The parties conferred and selected Alan I. Nahmias as an

11  alternate mediator.

12      On April 13, 2021, as Adv. Dk. No. 189, a notice of selection of alternative mediator was

13  filed. The parties then proceeded to mediation with Mr. Nahmias, first on the issue of a stipulated

14  protective order, then on the merits of the case. The mediation on the merits was conducted on May

15  12, 2021, and did not result in a settlement.

16      On May 13, 2021, as Adv. Dk. No. 209, the parties filed a stipulation for entry of a protective

17  order to govern discovery in this case.

18      On May 14, 2021, as Adv. Dk. No. 210, the Court entered a stipulated protective order.

19      On May 20, 2021, as Adv. Dk. No. 215, Hernandez and Attorney Defendants filed an answer

20  to the SAC.

21      On June 16, 2021, the Court conducted a continued Rule 16 conference and set certain dates

22  and deadlines for discovery, including:

23      1)  October 10, 2021, as the cutoff date for expert discovery;

24      2)  October 15, 2021, as the non-expert discovery cutoff;

25      3)  October 18, 2021, as the deadline for expert designation and reports; and

26      4)  November 18, 2021, for rebuttal expert designations and reports.

27  Discovery proceeded with the parties exchanging written discovery and setting depositions. In the

28  middle of discovery, however, Mr. Ramlo contacted Trustee's counsel and informed them that he

5

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC   Doc 441   Filed 03/13/23   Entered 03/13/23 17:20:31   Desc
Main Document    Page 48 of 62
Case 8:19-bk-13560-SC   Doc 426   Filed 02/03/23   Entered 02/03/23 14:46:32   Desc
Main Document    Page 29 of 52
Case 8:20-ap-01086-SC   Doc 274   Filed 07/12/22   Entered 07/12/22 22:33:44   Desc
Main Document    Page 9 of 129

had a serious medical issue which required medical procedures to correct. Trustee's counsel

extended the professional courtesy of excluding the specific details of such procedures in the public

record.

On July 13, 2021, jury trial commenced in the Avenatti Orange County Prosecution.

Marchino was one of the government's witnesses testifying at the trial.

On August 24, 2021, on the 26th day of trial, a mistrial was declared in the Avenatti Orange

County Prosecution. Avenatti filed a motion to determine that any retrial was barred by Double

Jeopardy. The District Court denied this motion and the Ninth Circuit affirmed. Case No. 21-50225,

2022 U.S. App. LEXIS 6758 (9th Cir. Mar. 16, 2022).

## E.    First Discovery Stipulation.

On September 7, 2021, as Adv. Dk. No. 224, a stipulation was filed by Attorney Defendants

to extend certain deadlines based on counsel's medical issues and anticipated unavailability during

the procedures and recuperation period ("First Discovery Stipulation"). A true and correct copy of

the First Discovery Stipulation is attached to the RJN as Exhibit "8."

Also on September 7, 2021, as Adv. Dk. No. 225, the Court entered an order approving the

First Discovery Stipulation, which set discovery deadlines as follows:

1) Expert discovery, December 10, 2021;

2) Non-expert discovery, December 15, 2021;

3) Expert designation and reports, December 20, 2021;

4) Rebuttal expert designation and reports, January 18, 2022; and

5) Motion for withdrawal of the reference to be *heard* by October 22, 2021.

On October 4, 2021, Attorney Defendants filed a motion to withdraw the reference

("Reference Motion") in the District Court for the Central District of California, initiating case

number 8:21-cv-01631-ODW ("Withdrawal Proceeding"). No hearing was ever conducted on the

Reference Motion, because the District Court considered the matter on the papers.

In October 2021, Attorney Defendants attempted to schedule depositions for Trustee's

witnesses, and included in their list of deponents two of Trustee's attorneys: D. Edward Hays and

John P. Reitman. Plaintiff informed Attorney Defendants that efforts to conduct discovery against

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                    Main Document      Page 49 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                    Main Document      Page 30 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                    Main Document      Page 10 of 129

1    counsel would be subject to motions to quash or for a protective order because case law establishes

2    that efforts to depose opposing counsel are presumed abusive.

3          On or about November 3, 2021, Trustee's counsel received a copy of a state bar complaint

4    directed to: D. Edward Hays, Richard A. Marshack, John P. Reitman, Jack A. Reitman, Richard L.

5    Kellner, and Monica R. Rieder. The complainant was Young Blue, LLC who was represented in this

6    case by Filippo Marchino and Thomas Gray of the X-Law Group, P.C. The bar complaint consisted

7    of a letter dated July 21, 2021, and contained over 200 pages of exhibits.

8          On December 2, 2021, the District Court entered an order affirming the bankruptcy court's

9    denial of the Second MTD.

10          On December 10, 2021, the District Court entered an order in the Withdrawal Proceeding

11    denying the Reference Motion as untimely pursuant to 28 U.S.C. § 157(d) ("Denial Order"),

12    adopting the reasoning and applying a similar analysis to *In re Vestavia Hills, Ltd.*, 630 B.R. 816

13    (S.D. Cal. 2021).

14          After entry of the unfavorable decisions by the District Court in early December 2021,

15    counsel for the Attorney Defendants contacted Trustee's counsel and suggested that the parties once

16    again participate in mediation. Trustee was amenable to participating in further mediation.

17          **F.    Second Discovery Stipulation.**

18          On December 15, 2021, as Adv. Dk. No. 233, Trustee filed a further stipulation with

19    Attorney Defendants to extend various discovery deadlines ("Second Discovery Stipulation"). A true

20    and correct copy of the Second Discovery Stipulation is attached to the RJN as Exhibit "9." The

21    stated reason for the Second Discovery Stipulation was because "[t]he Parties believe it is

22    appropriate to participate in further mediation and will seek to secure a sitting bankruptcy judge for

23    such additional mediation." *See* RJN Exh. 9, ¶ G.

24          On December 20, 2021, as Adv. Dk. No. 234, the Court entered an order approving the

25    Second Discovery Stipulation, and setting extended discovery deadlines as follows:

26          1)    February 15, 2022, for non-expert discovery, solely with regard to four depositions

27                noticed prior to December 15, 2021;

28          2)    February 15, 2022, for expert designations and reports;

---

                                7
          SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                Main Document        Page 50 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                Main Document        Page 31 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                Main Document        Page 11 of 129

3)   March 16, 2022, for rebuttal expert designations and reports;

4)   Mediation to be conducted no later than January 31, 2022; and

5)   A hearing on motions for summary judgment (if any) set for May 5, 2022.

No earlier than January 25, 2022, Attorney Defendants through Marchino provided dates available for mediation. The earliest date of availability provided by Marchino was February 3, 2022.

## G.    Third Discovery Stipulation.

On February 2, 2022, as Adv. Dk. No. 245, Trustee filed a stipulation with Attorney Defendants seeking to further extend the deadlines set pursuant to the Second Discovery Stipulation ("Third Discovery Stipulation"). A true and correct copy of the Third Discovery Stipulation is attached to the RJN as Exhibit "10." The stated reason for the continuance was that "[t]he Parties desire to complete mediation prior to completing the remaining depositions." *See* RJN Exh. 10, ¶ G.

On February 3, 2022, as Adv. Dk. No. 246, the Court entered an order approving the Third Discovery Stipulation. The extended dates were as follows:

1)   March 1, 2022, for non-expert discovery, solely with regard to the four depositions previously discussed;

2)   March 1, 2022, for expert designations and reports;

3)   March 20, 2022, for rebuttal expert designations and reports;

4)   Mediation deadline extended to February 15, 2022; and

5)   No effect on summary judgment hearing date.

On February 3, 2022, the parties participated in a full-day mediation with the Hon. Catherine E. Bauer (ret.) serving as the mediator. No settlement was reached at this time.

## H.    Fourth Discovery Stipulation.

On February 22, 2022, as Adv. Dk. No. 252, Trustee filed a stipulation with Attorney Defendants seeking to further extend the deadlines set pursuant to the Third Discovery Stipulation ("Fourth Discovery Stipulation"). A true and correct copy of the Fourth Discovery Stipulation is attached to the RJN as Exhibit "11." The stated reason for the continuance was "[t]o accommodate scheduling without delaying the next hearing in this matter which is the pretrial conference set on

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                         Main Document      Page 51 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                         Main Document      Page 32 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                         Main Document      Page 12 of 129

1  July 14, 2022 at 11:00 a.m." *See* RJN Exh. 11, ¶ H. Specifically, Attorney Defendants were seeking

2  to schedule a deposition for Brian Weiss (who was only available at the earliest March 2) and to

3  complete Mr. Marshack's deposition. *See* Hays Declaration, ¶ 8.

4         On February 23, 2022, as Adv. Dk. No. 253, the Court entered an order approving the Fourth

5  Discovery Stipulation. The extended dates were as follows:

6      1)  March 31, 2022, for non-expert discovery, solely with regard to the four depositions

7         previously discussed;

8      2)  April 15, 2022, for expert designations and reports;

9      3)  May 6, 2022, for rebuttal expert designations and reports; and

10      4)  Reserved date for hearing on summary judgment moved to July 26, 2022, at 1:30 p.m.

11         On March 14, 2022, as Adv. Dk. No. 255, Trustee filed a motion for leave to file a third

12  amended complaint ("Third Amend Motion"), which was set for hearing on April 12, 2022.

13  ## I.     Fifth Discovery Stipulation.

14         Following the filing of the Third Amend Motion, on or about March 18, 2022, Trustee's

15  counsel was again contacted by representatives of the United States Attorneys' Office ("USAO")

16  handling the criminal prosecution of Michael Avenatti, and was informed that the USAO intended to

17  file a motion for a stay of the adversary proceeding, and other adversary proceedings filed by

18  Trustee in the Eagan Avenatti bankruptcy case, due to overlap with their criminal prosecution. Hays

19  Declaration, ¶ 10.

20         On April 6, 2022, as Adv. Dk. No. 257, Trustee filed a stipulation with Attorney Defendants

21  seeking to further extend the deadlines set pursuant to the Fourth Discovery Stipulation ("Fifth

22  Discovery Stipulation"). A true and correct copy of the Fifth Discovery Stipulation is attached to the

23  RJN as Exhibit "12." The stated reason for the extensions was: "Recently, the Office of the United

24  States Attorney stated its intention to the Parties that it will be seeking to intervene in this adversary

25  and seek a stay of proceeding pending the completion of the government's criminal proceedings

26  against Michael Avenatti. The basis of the stay is to avoid potential prejudice to the pending criminal

27  action." *See* RJN Exh. 12, ¶ I.

28

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 52 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 33 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 13 of 129

On April 11, 2022, as Adv. Dk. No. 259, the Court entered an order approving the Fifth

Discovery Stipulation. The extended dates were as follows:

1)  June 30, 2022, for non-expert discovery, solely with regard to the four depositions

    previously discussed;

2)  July 15, 2022, for expert designations and reports;

3)  August 5, 2022, for rebuttal expert designations and reports;

4)  Reserved date for hearing on summary judgment moved to September 27, 2022, at 1:30

    p.m.; and

5)  Hearing on Third Amend Motion continued to July 12, 2022, at 11:00 a.m.

No motion for stay of the proceedings was filed by the USAO presumably because it believed that

the extended dates would not affect their proceedings. Later, on June 9, 2022, Trustee's counsel was

contacted by Brett Sagel from the USAO requesting another three-month continuance of this

adversary proceeding by Plaintiff and Attorney Defendants. A true and correct copy of this e-mail is

attached to the Hays Declaration as Exhibit "13."

On June 15, 2022, Mr. Golubchik sent an e-mail to Trustee's counsel requesting another

stipulated standstill regarding this adversary proceeding "to kick everything out until the judgment is

final." A true and correct copy of this e-mail is attached to the Hays Declaration as Exhibit "14."

Based on the June 15, 2022, e-mail, it appears clear that Attorney Defendants were willing to

accommodate additional delays in this adversary proceeding. In fact, most of the time that the USAO

contacted Trustee's counsel was when Mr. Marchino's counsel reached out to the USAO requesting

their assistance in obtaining continuances of this adversary until the Avenatti prosecution was

completed.

On June 28, 2022, as Adv. Dk. No. 266, Attorney Defendants filed an opposition to the Third

Amend Motion, arguing that they (principally Hernandez) would be prejudiced by any further

extension of this adversary proceeding.

On July 5, 2022, as Adv. Dk. No. 269, Trustee filed a reply to Attorney Defendants'

opposition.

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 53 of 62

Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 34 of 52

Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 14 of 129

1    On July 7, 2022, as Adv. Dk. No. 272, the Court entered an order continuing the hearing on

2 the Third Amend Motion to July 14, 2022, at 11:00 a.m. with personal appearances required, and

3 also requiring the filing of this supplement.

4    Trustee is informed that the jury trial in the Avenatti Orange County Prosecution now has

5 been re-set to begin on July 26, 2022. There are media reports that Mr. Avenatti has indicated he will

6 plead guilty rather than proceed with the re-trial.

7    **J.    Summary of Stipulated Extensions.**

8    To summarize, the table below sets forth each stipulation for continuance and the stated

9 reason:

| Dkt. | Date | Short Title | Reason, Citation |
|------|------|-------------|------------------|
| 24 | 06/24/2020 | First Continuance Stipulation | Defendants' recently-hired counsel[2] needed to familiarize with the case. *See* RJN Exh. 2, ¶ B. |
| 38 | 07/22/2020 | Second Continuance Stipulation | Defendants' demand that Plaintiff examine EA servers to produce evidence to support claims. *See* RJN Exh. 3, ¶ D. |
| 47 | 09/09/2020 | Third Continuance Stipulation | Allow trustee to file a motion for leave to amend complaint which defendants intended to oppose (rather than stipulate to allow amendment). *See* RJN Exh. 4, ¶ H. |
| 182 | 04/06/2021 | Fourth Continuance Stipulation | Defendants' counsel's unavailability due to vacation. Stated as "unavoidable scheduling conflict." *See* RJN Exh. 6, ¶ 4. |
| 224 | 09/07/2021 | First Discovery Stipulation | Defendants' counsel's medical procedure. *See* RJN Exh. 8, ¶ 4. |
| 233 | 12/15/2021 | Second Discovery Stipulation | To schedule and complete mediation. *See* RJN Exh. 9, ¶ G. |
| 245 | 02/02/2022 | Third Discovery Stipulation | To complete one day of mediation. *See* RJN Exh. 10, ¶ G. |
| 252 | 02/22/2022 | Fourth Discovery Stipulation | For Defendants to complete depositions of witnesses. *See* Hays Declaration, ¶ 8. |
| 257 | 04/06/2022 | Fifth Discovery Stipulation | Based on statements by USAO that a motion for stay of the adversary proceeding would be filed. *See* RJN Exh. 12, ¶ I. |

---

[2] Trustee notes parenthetically that the law firm of Levene, Neal, Bender, Yoo & Brill LLP has represented X-Law ever since the 2017 bankruptcy case of Eagan Avenatti LLP.

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

EXHIBIT A
27
EXHIBIT 1
45

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
Main Document    Page 54 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
Main Document    Page 35 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
Main Document    Page 15 of 129

1          As set forth in Trustee's reply in support of the Third Amend Motion, the delays in this case

2   have been caused principally by Defendants' conduct. Such conduct includes contacting the USAO

3   on multiple occasions requesting that it contact the UST or Trustee's counsel to defer any discovery

4   or litigation that overlaps with their criminal prosecution of Mr. Avenatti until such matter is

5   concluded. The duration of this adversary proceeding is a direct result of the scorched-earth

6   litigation tactics employed by defendants and their regular contact with the USAO (as Marchino is a

7   witness for the prosecution) which, in turn, requested Trustee's cooperation in avoiding overlap with

8   its criminal prosecution to obviate its stated intention to seek a stay of this entire adversary. At all

9   times, Trustee has diligently prosecuted this case on behalf of the Estate accommodating the requests

10  of the USAO to the extent he felt such cooperation would not prejudice this proceeding.

11

12  Dated: July 12, 2022                         KELLNER LAW GROUP PC
                                                 Richard L. Kellner
13
                                                 In Association with,
14
                                                 MARSHACK HAYS LLP
15
                                                 By    /s/ D. Edward Hays
16
                                                      D. EDWARD HAYS
17                                                   TINHO MANG
                                                     Attorneys for Plaintiff and Chapter
18                                                   7 Trustee, RICHARD A. MARSHACK
19

20

21

22

23

24

25

26

27

28

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                    Main Document      Page 55 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                    Main Document      Page 36 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                    Main Document      Page 16 of 129

## Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.      I am a partner at Marshack Hays LLP, general bankruptcy counsel for Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), and plaintiff in this action. Terms not otherwise defined in this declaration are used as they are defined in the supplement above.

3.      Since summer of 2020, the United States Attorneys' Office ("USAO") through primarily prosecutor Brett Sagel has been in contact with me regarding the adversary complaint and claims against Filippo Marchino ("Marchino") and the X-Law Group, P.C. ("X-Law").

4.      In early 2020, shortly after Trustee filed a motion for examination of X-Law and Marchino pursuant to FRBP 2004 ("2004 Motion"), I and Trustee were contacted by the Office of the United States Trustee ("OUST") and was requested to withdraw the 2004 Motion to accommodate the request from the USAO to keep the civil lawsuits separate from the criminal prosecution. We accommodated the request and voluntarily dismissed the 2004 Motion.

5.      After the filing of the initial complaint by special litigation counsel John Reitman, the USAO and OUST again reached out to me and Trustee to discuss keeping the civil matters and criminal trial issues separate. To accommodate the USAO's requests and avoid delays to this adversary proceeding should the government seek and obtain a stay of the entire proceeding, we regularly communicated with Mr. Sagel.

6.      After the Court issued an order assigning this adversary proceeding to mediation, I was copied on an e-mail from Mr. Golubchik opining to Mr. Gumport on behalf of X-Law and Marchino that his long-term relationship with John Reitman (special litigation counsel for Trustee) would create an appearance of lack of impartiality and requested that Mr. Gumport recuse himself.

7.      Regarding the First Discovery Stipulation (as defined in the supplement above), it was Defendants' counsel Mr. Ramlo who requested an extension because of medical procedures.

---

13

SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                         Main Document       Page 56 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                         Main Document       Page 37 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                         Main Document       Page 17 of 129

1   We extended him the professional courtesy of stipulating to extend discovery to accommodate his

2   request in the First Discovery Stipulation.

3        8.     Regarding the Fourth Discovery Stipulation (as defined in the supplement above),

4   the stipulated extension was to accommodate Defendants' desire to conduct depositions of Brian

5   Weiss and the second session of Trustee's deposition.

6        9.     On or about November 3, 2021, I received from the OUST a copy of a state bar

7   complaint directed to: myself, Trustee, John P. Reitman, Jack A. Reitman, Richard L. Kellner, and

8   Monica R. Rieder. The complainant was Young Blue, LLC who was represented in this case by

9   Filippo Marchino and Thomas Gray of the X-Law Group, P.C. The bar complaint consisted of a

10  letter dated July 21, 2021, and contained over 200 pages of exhibits.

11       10.    On or about March 18, 2022, approximately four days after Trustee filed the Third

12  Amend Motion, I was contacted by Mr. Sagel who informed me that the USAO intended to file a

13  motion for a stay of the adversary proceeding to prevent overlap with the criminal matters. No such

14  motion has been filed in large part because Trustee has agreed to avoid conducting discovery into

15  issues which overlap with the criminal prosecution.

16       11.    In late March 2022, I was contacted by Peter C. Anderson who had been contacted

17  by the USAO to determine if Trustee could defer certain discovery to avoid the need for the USAO

18  to seek a stay of Trustee's adversary proceedings.

19       12.    On June 9, 2022, I received an e-mail from Mr. Sagel requesting that we agree with

20  the Attorney Defendants to stay this adversary proceeding for approximately three months to

21  prevent overlap with the rescheduled criminal jury trial of Mr. Avenatti, which I am informed is

22  scheduled to re-commence on July 26, 2022. A true and correct copy of this e-mail is attached as

23  Exhibit "13."

24       13.    On June 15, 2022, I received an e-mail from David Golubchik indicating the

25  Attorney Defendants' willingness to stipulate to a further standstill of the adversary proceeding. A

26  true and correct copy of this e-mail is attached as Exhibit "14."

27       14.    I am informed based on my conversations over these past two years with Mr. Sagel

28  that the requests from the USAO to stay Trustee's civil litigation arise in large part from Mr.

Case 8:19-bk-13560-SC    Doc 441    Filed 03/13/23    Entered 03/13/23 17:20:31    Desc
                    Main Document        Page 57 of 62
Case 8:19-bk-13560-SC    Doc 426    Filed 02/03/23    Entered 02/03/23 14:46:32    Desc
                    Main Document        Page 38 of 52
Case 8:20-ap-01086-SC    Doc 274    Filed 07/12/22    Entered 07/12/22 22:33:44    Desc
                    Main Document        Page 18 of 129

1   Marchino advising the USAO as to the issues arising in this case. Mr. Marchino serves as a witness

2   for the prosecution in the Avenatti Orange County Prosecution. Obviously, the USAO's decisions

3   are based solely on what it believes is best for its prosecution; however, it was Mr. Marchino or his

4   attorney that regularly advised them as to what was occurring in this case.

5          15.     At all times, Trustee has tried to diligently prosecute this case for the benefit of the

6   Estate. Trustee has only agreed to continuances or extensions where he felt that such decisions

7   would not prejudice the Estate.

8          I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12,

9   2022.

10                             _/s/. D. Edward Hays_____
                               D. EDWARD HAYS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            15
                SUPPLEMENT TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4889-4568-0937v.1015-131.2

EXHIBIT 2

**From:** emma hernandez <<u>workingwitheh@gmail.com</u>>
**Date:** February 9, 2023 at 6:51:06 AM PST
**To:** Rodger Landau <<u>rlandau@landaufirm.com</u>>
**Subject: From Mr. Avenatti re Filippo Marchino**

<div style="background:#ffe599">EXTERNAL</div>

Mr. Landau:

I have critically important information that will assist you and others in recovering substantial monies from Mr. Marchino in connection with the EA bankruptcy case and will show that Mr. Marchino and the X-Law Group have been acting to defraud the EA estate and its creditors. I am willing to speak with you and provide this information. I urge you to arrange a call with me through the sender of this email (a paralegal assisting me).

Regards,

Michael Avenatti

--
Emma Hernandez, Paralegal
(626) 622-9371
<u>workingwithEH@gmail.com</u>

EXHIBIT 2
50

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
   **LANDAU LAW LLP, 2338 Manning Avenue, Los Angeles, CA 90064.**

A true and correct copy of the foregoing document entitled (*specify*): ***Notice of Motion and Motion for Issuance of an Order Under Federal Rule of Bankruptcy Procedure 2004 Compelling the Production of Documents by the Office of the United States Attorney Regarding Potential Transfers to Mr. Filippo Marchino; Memorandum of Points and Authorities and Declaration of Rodger M. Landau in Support Thereof*** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 13, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **March 13, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| **The United States Attorney's Office** | **Civil Process Clerk** | **Attorney General of the United States** |
| Santa Ana Branch Office | United States Attorney's Office | |
| 411 West Fourth Street, Suite 8000 | Central District of California | U.S. Department of Justice |
| Santa Ana, CA 92701 | 300 North Los Angeles Street | 950 Pennsylvania Avenue, NW |
| | Suite 7516 | Washington, DC 20530-0001 |
| | Los Angeles, California 90012 | |

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 13, 2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **SERVED BY PERSONAL DELIVERY** | **SERVED BY EMAIL:** |
| Honorable Scott C. Clarkson | Elan S. Levey (Assistant United States Attorney) |
| United States Bankruptcy Court, Central District of California | elan.levey@usdoj.gov |
| Ronald Reagan Federal Building and Courthouse | |
| 411 West Fourth Street | |
| Suite 5130 / Courtroom 5c | |
| Santa Ana, Ca 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2023 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (CONTINUED)**:

- **James C Bastian**    jbastian@shulmanbastian.com
- **Christopher L Blank**    chris@chrisblanklaw.com
- **Mark S Bostick**    mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com
- **Steven Casselberry**    Steve.Casselberry@procopio.com, jessica.stuhlmiller@procopio.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **Martin B Greenbaum**    eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
- **Sarah Rose Hasselberger**    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Robert J Im**    rim@mcglinchey.com, irvineECF@mcglinchey.com
- **Richard L Kellner**    rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **Erick Kuylman**    erick.kuylman@warrenterzian.com
- **Rodger M. Landau**    rlandau@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Elan S Levey**    elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **Jessica R MacGregor**    jmacgregor@longlevit.com, lmyers@longlevit.com
- **Aaron J Malo**    amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com;HSiddiqui@sheppardmullin.com
- **Tinho Mang**    tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Filippo Marchino**    fm@xlawx.com, tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com
- **Judith E Marshack**    jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Meghan C Murphey**    meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **Alan I Nahmias**    anahmias@mbn.law, jdale@mbnlawyers.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Aditi Paranjpye**    aparanjpye@cairncross.com, eroth@cairncross.com;AParanjpye@ecf.courtdrive.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Eric S Pezold**    epezold@swlaw.com, knestuk@swlaw.com
- **Kurt Ramlo**    kr@lnbyg.com, kr@ecf.inforuptcy.com
- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com
- **Jack A. Reitman**    jack.reitman@kdvlaw.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Monica Rieder**    mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **Michael Simon**    msimon@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

## 2. <u>SERVED BY UNITED STATES MAIL (CONTINUED)</u>:

Brett Reed
Competition Economics LLC
234 E Colorado Blvd Ste 230
Pasadena, CA 91101

Burke, Williams & Sorensen, LLP
1851 East First Street
Suite 1550
Santa Ana, CA 92705-4067

Force 10 Partners, LLC
20341 SW Birch Ste 220
Newport Beach, CA 92660

Hahn Fife & Company
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101

Fredrick A Rafeedie
Jones Bell Abbott Fleming & Fitzger
601 S Figueroa St Ste 2700
Los Angeles, CA 90017

Suzy Quinn
304 East 65th Street Apt 36A
New York, NY 10065

H James Keathley
Keathley & Keathley LLP
2030 Main St Ste 1040
Irvine, CA 92614

Philip Landsman
Law Office of Philip Landsman
5776 Lindero Canyon Rd Ste D-666
Westlake Village, CA 91362

Murphey & Murphey, APC
120 Vantis Dr Ste 300
Aliso Viejo, CA 92656-2677

Conway Mackenzie, Inc.
333 South Hope Street
Suite 3625
Los Angeles, CA 90071

Jason Frank Law, PLC
c/o Jason M Frank, Esq.
Frank Sims Stolper LLP
19800 Macarthur Blvd, Ste 855
Irvine, Ca 92612-8444

Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620

Elan S. Levey (Assistant United
States Attorney)
United States Attorney's Office -
Central District of California
300 N. Los Angeles Street
Fed. Bldg., Rm. 7516
Los Angeles, CA 90012

Attorney General of the United States
U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC 20044

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**