D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>STIPULATION BETWEEN LANDAU LAW LLP, JASON FRANK LAW, MARSHACK HAYS WOOD LLP, BRIAN WEISS AS SUPERSEDED RECEIVER, FORCE TEN PARTNERS LLC AS TRUSTEE'S ELECTRONIC RECORDS MANAGER, AND CHAPTER 7 TRUSTEE RE: GLOBAL RESOLUTION OF OBJECTIONS TO PENDING FEE APPLICATIONS AND JFL LIEN CLAIM AGAINST AVOIDANCE ACTION RECOVERIES<br><br>[NO HEARING REQUIRED] |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

This stipulation ("Stipulation") is entered between Marshack Hays Wood LLP ("MHW"), Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Landau Law LLP ("Landau Law"), Jason Frank Law ("JFL"), Brian Weiss as Superseded Receiver, Force Ten Partners, LLC as Trustee's Electronic Records Manager ("Force 10"), the Kellner Law Group PC ("KLG") and Marshack Hays Wood LLP ("MHW"), with regard to the following:

1

STIPULATION RE: GLOBAL RESOLUTION OF FEE AND JFL LIEN ISSUE

4848-1566-9972

# Recitals

A. Prior to bankruptcy, on May 22, 2018, Jason Frank Law ("JFL") obtained a $10 million judgment against the Debtor. On June 7, 2018, JFL filed a notice of judgment lien on the Debtor's personal property with the California Secretary of State ("NJLPP"). On July 9, 2018, JFL served an Order to Appear for Judgment Debtor examination ("ORAP") on the Debtor. JFL contends that the NJLPP and ORAP created secured judgment liens in its favor against all of Debtor's personal property.

B. On February 13, 2019, JFL obtained an order appointing Brian Weiss as Receiver over the Debtor. Although the receivership order authorized the filing of fraudulent transfer actions, and the Receiver performed its investigation of numerous fraudulent transfers and retained Landau Law LLP to file such actions, no such actions were filed prior to the bankruptcy. However, prior to the bankruptcy, the Receiver sent demand letters to third parties demanding the return of the Debtor's property and filed attorney liens in various lawsuit the Debtor and/or its managing partner, Michael Avenatti, had appeared as counsel of record.

C. On September 13, 2019, the Receiver filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on behalf of Debtor. On that same day, Richard A. Marshack was appointed as the Chapter 7 Trustee.

D. On February 4, 2020, as Dk. No. 93, the Trustee filed a motion for approval of subordination agreement with JFL ("Subordination Motion"). Under the terms of the Subordination Motion, JFL agreed to a "limited subordination of its claims and lien under 11 U.S.C. § 510(c)," which was limited to the following relevant amounts:

    a. Reasonable compensation to the Trustee not to exceed the amounts permitted under 11 U.S.C. § 326(a).

    b. Legal fees to KLG incurred in connection with the collection of the Debtor's receivables (the "Receivables") subject to a cap equal to the *greater* of (i) $100,000 or (ii) 3.5% of the first $10 million of Receivables collected and 5% thereafter.

    c. Legal fees to Landau Law pursuant to the approved contingency fee agreement on the amounts recovered in any fraudulent transfer and avoidance actions (the "Fraudulent Transfer/Avoidance Recoveries") in the event that JFL has a secured claim on such amounts.

    d. Other Allowed Administrative Claims not to exceed 10% of the total recoveries otherwise subject to JFL's secured lien.

E. The Subordination Motion was granted by order of the Court entered on March 4, 2020, as Dk. No. 107.

F. On February 26, 2020, as Dk. No. 109, the Court entered an order approving the Trustee's employment of Landau Law to act as special litigation counsel. Landau Law's compensation in connection with the Fraudulent Transfer/Avoidance Matters was be determined on a contingency basis. Other specified work performed at the direction of the Trustee was to be determined on an hourly basis.

G. On March 4, 2020, as Dk. No. 109, the Court entered an order approving the Trustee's employment of KLG to act as special litigation counsel. KLG's compensation was to be determined based on a discounted rate of $825 per hour for work collecting the Receivables which would be capped at the greater of $3.5% of the first $10 million and 5% thereafter.

H. On May 19, 2020, the Trustee filed an adversary complaint against The X-Law Group, P.C., and other co-defendants and former clients of the Debtor, commencing adversary case number 8:20-ap-01086-SC ("X-Law Adversary"). Trustee's counsel of record for the X-Law Adversary is currently KLG and its co-counsel is MHW.

I. On December 21, 2021, as Dk. No. 335, the Trustee filed a motion to approve amendment to the Subordination Motion, where JFL agreed to increase the amount of professional fees to be paid from recoveries in actions handled by KLG ("Subordination Amendment Motion"). Specifically, the Subordination Amendment Motion inserted the following paragraph describing the fees to KLG: "Legal fees to the Kellner Law Group PC ("Kellner") incurred in connection with the collection of the debtor's receivables (the "Receivables") subject to a cap equal to the lesser of (a) Four Hundred Thousand Dollars ($400,000.00); or (b) Kellner's actual invoiced fees at Kellner's

typical hourly rate for services incurred in connection with collecting the Receivables. JFL retains the right to review the invoices for Kellner's services for reasonableness." The Subordination Amendment Motion was approved by the Court on January 21, 2022, as Dk. No. 349. The subordination agreement, as amended, shall be referred to as the "Subordination Agreement."

J.  On August 15, 2023, as Dk. No. 453, the Trustee filed a motion to approve a compromise with the Debtor's former client, Dr. Hrayr Shahinian, relating to attorneys fees potentially owed in the *qui tam* action entitled *United States of America et al, ex rel Hrayr Shahinian, M.D., F.A.C.S. v. Kimberly-Clark Corp.,* Case No. 2:14-cv-08313-JAK-JPR (the "Qui Tam Action"). Dr. Shahinian agreed to pay 15% of his total recoveries in the Qui Tam Action to resolve the Estate's attorney lien for past legal services. The Estate further agreed that a portion of the money received from Dr. Shahinian pursuant to this compromise would be paid to JFL pursuant to the terms of the Subordination Agreement. The compromise was approved by the Court on September 20, 2023, as Dk No. 461.

K.  The contingency work performed by Landau Law resulted in the recovery of the gross amount of **$3,270,180.40** in the Fraudulent Transfer / Avoidance Matters (the "Fraudulent Transfer / Avoidance Recoveries"). There are no further services to be rendered by Landau Law on account of its contingency counsel representation. To date, Landau Law has been paid **$1,557,308.52** in contingency fees and **$104,403.34** in costs on its contingency arrangement, and Trustee is in the process of delivering a check to Landau Law for its a final contingency payment of **$25,580.01**, as discussed and calculated between Trustee and Landau Law.

L.  The Estate has received a payment of **$433,687.50** in connection with the compromise with Dr. Shahinian.

M.  On December 20, 2024, as Dk. No. 510, Force 10 filed its first interim fee application ("Force 10 Application") for post-petition services rendered as the Trustee's electronic document manager seeking allowance of **$127,999.50** in fees and **$262.91** in costs.

N.  On December 23, 2024, as Dk. No. 512, Landau Law filed its first and final fee application ("Landau Application"). The Landau Application sought allowance of **$315,394** in fees and **$2,699.05** in costs.

O. On December 23, 2024, as Dk. No. 513, Landau Law filed a motion for allowance of administrative claim for services rendered to the superseded receiver ("Landau Pre-Petition Fee Motion"). The Landau Pre-Petition Fee Motion sought allowance of **$402,896** in fees and **$6,293.20** in costs.

P. On December 24, 2024, as Dk. No. 517, MHW filed a first interim application for approval of fees and costs ("MHW Application"). The MHW Application sought allowance of **$780,632** in fees and **$5,733.08** in costs.

Q. On December 24, 2024, as Dk. No. 520, Murphey & Murphey, APC ("MMAPC"), filed its first interim application for approval of fees and costs. On April 18, 2025, as Dk. No. 563, the Court entered an Order approving fees of **$45,071** in fees and **$34.65** in expenses on an interim basis.

R. On December 31, 2024, as Dk. No. 525, Landau Law filed an objection to the MHW Application ("Landau Objection").

S. On January 2, 2025, as Dk. No. 526, JFL filed an objection to the MHW Application ("JFL Objection").

T. On January 7, 2025, as Dk. No. 528, MHW filed replies to the Landau Objection and JFL Objection.

U. On January 9, 2025, as Dk. No. 530, JFL filed a motion to continue the various fee applications. The primary basis of JFL's motion to continue was that it held a lien on the Trustee's avoidance action recoveries and that no payments from its alleged collateral could be paid even if the fees were approved.

V. On January 9, 2025, as Dk. No. 531, Landau Law filed opposition to the motion to continue.

W. On January 10, 2025, as Dk. No. 532, JFL filed opposition to the Landau Law fee application.

X. On January 10, 2025, as Dk. No. 533, the Trustee filed a declaration regarding Landau Law's fee application objecting to it being determined on a final basis given the status of the case and the firm's ongoing representation of the Trustee.

Y. On January 10, 2025, as Dk. No. 534, a stipulation was filed between JFL, on the one hand, and all fee applicants other than Landau Law, on the other hand, to continue the hearings on the fee applications.

Z. The hearings on the various fee applications did not occur on January 14, 2025, because the Court continued all the hearings to April 1, 2025, at 11:00 a.m.

AA. On April 18, 2025, as Dk. No. 563, the Court entered an order granting MMAPC's application for compensation in its entirety, providing, however, that no payment was authorized absent further order of the Court.

BB. On August 5, 2025, as Dk. No. 565, the Court entered an order granting the Force 10 Application in its entirety, providing, also, that no payment was authorized absent further order of the Court.

CC. After the hearings, the Parties discussed and negotiated at length, including participating in a mediation before the Hon. Laura S. Taylor. The Parties submit this Stipulation to resolve the pending issues amongst themselves including all oppositions to the pending fee applications. Because this Stipulation does not provide more than what was previously requested in the fee applications (and in fact provides less relief), the Parties do not believe that a separate motion is necessary for this Stipulation to be approved. To the extent that the Court determines that a separate motion is necessary to obtain approval of this Stipulation, the Trustee will promptly file and serve such a motion.

## Stipulation

WHEREFORE, the Parties agree and stipulate as follows:

1. This Stipulation is expressly conditioned on approval by the Bankruptcy Court.

2. The Force 10 Application shall be approved on an interim basis.

3. The Trustee will pay Landau Law a final contingency payment of $25,580.01 on an interim basis, representing the final balance of funds owed to Landau Law for its contingency fee engagement.

4. The Parties agree that Landau Law Application (which sought **$315,394** in fees and **$2,699.05** in costs) shall be granted on an interim basis in the reduced amount of **$270,000** (over and

above the contingency fees approved in the previous paragraph) for all remaining uncompensated services performed by, or to be performed by, Landau Law, inclusive of the all costs, the Landau Application, and future contingency fee entitlements not otherwise expressly provided for in this Stipulation. Landau Law shall not seek the allowance or payment of any additional contingency fees, hourly fees, or expenses from the Estate for pre- or post-petition work for the Receiver and/or the Trustee, including that Landau Law shall not seek any payment from recoveries on the X-Law Adversary.

5. Landau Law agrees to the withdrawal of the Landau Pre-Petition Fee Motion. Such withdrawal shall be without prejudice to the renewal of the Landau Pre-Petition Fee Motion solely in the event that disgorgement is sought from Landau Law on account of any fees paid to it on an interim basis.

6. The Parties agree that the MHW Application (which sought fees in the amount of **$780,632**) shall be granted on an interim basis in the reduced amount of **$577,451.50**, comprised of the **$374,271** in requested hourly compensation for all subcategories of fees *other than* the (.2) custom subcategory for the *Marshack v. The X-Law Group et al.* litigation ("X-Law Fees"); and **$203,180.50,** representing one-half of the billed hours for the X-Law Fees (total amount **$406,361**).

7. Entry of an order approving this Stipulation resolves all objections filed with respect to all pending fee applications.

8. JFL agrees to accept **$250,000** in full satisfaction of its asserted lien rights against the Fraudulent Transfer / Avoidance Recoveries to be distributed to JFL upon entry of a Court order approving such distribution. JFL will retain its rights to participate in any further distribution of the Fraudulent Transfer / Avoidance Recoveries in the same manner as unsecured creditors. Upon receipt of the **$250,000**, JFL will waive and release all liens, claims, interests, and arguments for payment, attachment, and encumbrance against the Fraudulent Transfer / Avoidance Recoveries only. For avoidance of any doubt, this waiver and release will not apply to any recoveries in the X-Law Adversary, the compromise with Dr. Shahinian, or the recovery of any other receivables or assets, other than the Fraudulent Transfer / Avoidance Recoveries. Upon receipt of the $250,000

payment, JFL shall file an amendment to its Proof of Claim No. 14-1 to conform such claim to the terms of this Stipulation.

9. Pursuant to the terms of the Subordination Agreement, Trustee is authorized, upon entry of an order of the Court providing such authorization, to immediately distribute to JFL the sum of **$377,308.13** (i.e. 87%) from the **$433,687.50** payment to be made to the Estate by Dr. Shahinian. The Estate will retain 10% of the **$433,687.50** payment for "Other Administrative Expenses" for a total of **$43,368.75**. The Estate will also retain 3% of this amount for the payment of the Trustee's compensation under 11 U.S.C. § 326 for a total of **$13,010.62.**

10. Rather than engage in inconvenient, expensive, and depletive litigation over whether JFL's liens attach to the proceeds of the Trustee's asserted claims in the X-Law Adversary, the Trustee and JFL agree that the subordination terms originally approved in the Subordination Motion, and amended by the Subordination Amendment Motion and restated herein, shall be further modified as follows:

   a. Consistent with Paragraph 1(a) of the Subordination Agreement, 3% of the X-Law Recovery shall be reserved and segregated for payment of the Trustee's compensation under 11 U.S.C. § 326.

   b. All unreimbursed case costs incurred in connection with the X-Law Adversary (and not any costs incurred in connection with the main bankruptcy case) shall be paid from gross recovery in that matter ("X-Law Recovery").

   c. After reservation and payment of the line items under subparagraphs (a)-(b) above, the net balance remaining ("X-Law Net Recovery") shall be subject to an increased 60% contingency fee in favor of Trustee's co-counsel MHW and KLG.

   d. Consistent with Paragraph 1(d)-1(e) of the Subordination Agreement, 10% of the X-Law Net Recovery shall be reserved and segregated for "Other Allowed Administrative Claims" and/or other unsecured creditors. Such 10% reservation for "Other Allowed Administrative Claims" may only be used to pay any administrative fees **not accounted for** by the fee applications filed to date.

e. The Trustee's two counsel in the X-Law Adversary shall be entitled to a proportional share of the 60% contingency fee based on the then-applicable hourly rate value of their respective total hours billed to the X-Law Adversary. For the purposes of this allocation, MHW shall only be credited one-half of the value of hours billed to the X-Law Adversary from May 2020, through November 27, 2024, and may seek full credit for any additional hours billed to the X-Law Adversary after November 27, 2024, from the 60% contingency fee obtained by the estate free of the JFL Lien. Except as otherwise provided in this Stipulation and subject to approval by the Court, MHW shall not be entitled to seek compensation for attorneys' fees billed on the X-Law Adversary except through this proportional share of the X-Law Adversary, and allowance and payment of one-half of its fees charged to the X-Law Adversary in the MHW Application.

f. JFL shall be entitled to receive the remaining 40% of the X-Law Net Recovery after payment of the contingency fee.

11. Counsel in the X-Law Adversary are counsel through entry of a judgment by the trial court. The Parties agree that MHW and KLG are not obligated to continue representing the Estate in connection with the collection of any judgment arising out of the X-Law Adversary or for representing the Estate in any appeal.

12. JFL agrees to withdraw its objections to all Parties' fee applications, subject to the right to re-assert such objections in the event that the payment terms to JFL are not approved by the Court.

13. Upon entry of an order authorizing such payments, the Parties shall be paid the following sums by the Trustee:

a. To Landau Law, $270,000, on account of its fee applications for non-contingency services for the Estate and its requested fees for representing the receiver.

b. To MHW, $577,451.50, on account of uncompensated fees, and $5,733.08 in unreimbursed costs.

c. To JFL, $627,308.13, comprised of the following two components: (1) $250,000

for the full satisfaction described in paragraph 8 above; and (2) $377,308.13 as JFL's secured interest in the recovery of funds from Dr. Hrayr Shahinian, for a total payment of $627,308.13.

    d. To MMAPC, $45,071 in uncompensated fees, and $34.65 in unreimbursed expenses.

    e. To Force 10, $127,999.50 in uncompensated fees, and $262.91 in unreimbursed expenses.

14. This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document with the Court.

Dated: September __, 2025

MARSHACK HAYS WOOD LLP

By: /s/ D. Edward Hays
D. EDWARD HAYS
TINHO MANG
General Counsel for Chapter 7 Trustee
RICHARD A MARSHACK

Dated: September 7, 2025

LANDAU LAW LLP

By: [signature]
RODGER LANDAU
Special Counsel to Chapter 7 Trustee
RICHARD A. MARSHACK

Dated: September 4, 2025

JASON FRANK LAW, PLC

By: [signature]
JASON FRANK
Judgment Lien Creditor

Dated: September 4, 2025

By: [signature]
RICHARD A. MARSHACK
Chapter 7 Trustee

KELLNER LAW GROUP, PC

Dated: September __, 2025

By: _____
RICHARD L. KELLNER

Dated: September __, 2025

FORCE TEN PARTNERS, LLC

By: _____
BRIAN WEISS

10

STIPULATION RE: GLOBAL RESOLUTION OF FEE AND JFL LIEN ISSUE

for the full satisfaction described in paragraph 8 above; and (2) $377,308.13 as JFL's secured interest in the recovery of funds from Dr. Hrayr Shahinian, for a total payment of $627,308.13.

  d. To MMAPC, $45,071 in uncompensated fees, and $34.65 in unreimbursed expenses.

  e. To Force 10, $127,999.50 in uncompensated fees, and $262.91 in unreimbursed expenses.

14. This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document with the Court.

Dated: September __, 2025    MARSHACK HAYS WOOD LLP

By: _____
D. EDWARD HAYS
TINHO MANG
General Counsel for Chapter 7 Trustee
RICHARD A MARSHACK

Dated: September 4, 2025    LANDAU LAW LLP

By: /s/ Rodger M. Landau
RODGER LANDAU
Special Counsel to Chapter 7 Trustee
RICHARD A. MARSHACK

Dated: September __, 2025    JASON FRANK LAW, PLC

By: _____
JASON FRANK
Judgment Lien Creditor

Dated: September 4, 2025    By: /s/ Richard A. Marshack
RICHARD A. MARSHACK
Chapter 7 Trustee

KELLNER LAW GROUP, PC

Dated: September 4, 2025

By: _____
RICHARD L. KELLNER

Dated: September __, 2025    FORCE TEN PARTNERS, LLC

By: _____
BRIAN WEISS

10

STIPULATION RE: GLOBAL RESOLUTION OF FEE AND JFL LIEN ISSUE

for the full satisfaction described in paragraph 8 above; and (2) $377,308.13 as JFL's secured interest in the recovery of funds from Dr. Hrayr Shahinian, for a total payment of $627,308.13.

    d.    To MMAPC, $45,071 in uncompensated fees, and $34.65 in unreimbursed expenses.

    e.    To Force 10, $127,999.50 in uncompensated fees, and $262.91 in unreimbursed expenses.

14. This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document with the Court.

Dated: September__, 2025    MARSHACK HAYS WOOD LLP

By:_____
    D. EDWARD HAYS
    TINHO MANG
    General Counsel for Chapter 7 Trustee
    RICHARD A MARSHACK

Dated: September _ , 2025    LANDAU LAW LLP

By: _____
    RODGER LANDAU
    Special Counsel to Chapter 7 Trustee
    RICHARD A. MARSHACK

Dated: September _ , 2025    JASON FRANK LAW, PLC

By: _____
    JASON FRANK
    Judgment Lien Creditor

Dated: September__, 2025    By:_____
    RICHARD A. MARSHACK
    Chapter 7 Trustee

    KELLNER LAW GROUP, PC

Dated: September__, 2025

By:_____
    RICHARD L. KELLNER

Dated: September _4_ 2025    FORCE TEN PARTNERS, LLC

By: _____
    BRIAN WEISS

10

STIPULATION RE: GLOBAL RESOLUTION OF FEE AND JFL LIEN ISSUE

4848-1566-9972

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled **STIPULATION BETWEEN LANDAU LAW LLP, JASON FRANK LAW, MARSHACK HAYS WOOD LLP, BRIAN WEISS AS SUPERSEDED RECEIVER, FORCE TEN PARTNERS LLC AS TRUSTEE'S ELECTRONIC RECORDS MANAGER, AND CHAPTER 7 TRUSTEE RE: GLOBAL RESOLUTION OF OBJECTIONS TO PENDING FEE APPLICATIONS AND JFL LIEN CLAIM AGAINST AVOIDANCE ACTION RECOVERIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On ___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE 09/23/19**
**DEBTOR**
EAGAN AVENATTI, LLP
~~20341 SW BIRCH, SUITE 220~~
~~NEWPORT BEACH, CA 92660-1514~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| VIA PERSONAL DELIVERY: | VIA EMAIL: |
|---|---|
| **PRESIDING JUDGE'S COPY** | **ELECTRONIC DOCUMENT MANAGER** |
| HONORABLE SCOTT C. CLARKSON | FORCE 10 PARTNERS LLC c/o Brian Weiss |
| UNITED STATES BANKRUPTCY COURT | bweiss@force10partners.com |
| 411 WEST FOURTH STREET, SUITE 5130 | |
| SANTA ANA, CA 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 5, 2025 | Pamela Kraus | /s/ Pamela Kraus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR JASON FRANK LAW PLC:** Timothy C Aires tca@arlawyers.com, gperez@arlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** James C Bastian, Jr jbastian@shulmanbastian.com
   - **ATTORNEY FOR DEFENDANT DILLANOS COFFEE ROASTERS, INC.:** Elizabeth Berke-Dreyfuss edreyfuss@wendel.com, ecfbankruptcy@fennemorelaw.com
   - **ATTORNEY FOR DEFENDANT TRACKSIDE PERFORMANCE, LLC; DEFENDANT ANDREW S. DAVIS; and DEFENDANT ROBERT FAIETA dba COMPETITION MOTORSPORTS:** Christopher L Blank chris@chrisblanklaw.com
   - **ATTORNEY FOR DEFENDANT DILLANOS COFFEE ROASTERS:** Mark S Bostick mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com
   - **ATTORNEY FOR DEFENDANT EISENHOWER CARLSON PLLC:** Steven Casselberry Steve.Casselberry@procopio.com, jessica.stuhlmiller@procopio.com; emily.marsh@procopio.com; calendaringbankruptcy@procopio.com
   - **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov
   - **[DECEASED] ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Lei Lei Wang Ekvall - DECEASED lekvall@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
   - **ATTORNEY FOR DEFENDANT SILVER STAR SOUNDS & COMMUNICATIONS, INC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR DEFENDANT THE X-LAW GORUP, PC, A PROFESSIONAL CORPORATION and DEFENDANT FILIPPO MARCHINO:** David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com
   - **ATTORNEY FOR DEFENDANT GALLO BUILDERS, INC.:** Martin B Greenbaum eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Sarah Rose Hasselberger shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; alinares@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND DEFENDANT HONDA AIRCRAFT COMPANY, LLC:** Robert J Im rim@ghidottiberger.com, irvineECF@mcglinchey.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Richard L Kellner rlk@kellnerlaw.com, irma.c.deleon@gmail.com
   - **ATTORNEY FOR INTERVENOR HRAYR SHAHINIAN:** Erick Kuylman erick.kuylman@warrenterzian.com
   - **ATTORNEY FOR LANDAU LAW LLP:** Rodger M. Landau rlandau@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com
   - **ATTORNEY FOR INTERESTED PARTY UNITED STATES OF AMERICA:** Elan S Levey elan.levey@usdoj.gov, julie.morales@usdoj.gov
   - **ATTORNEY FOR OTHER PROFESSIONAL JAMS, INC.:** Jessica R MacGregor jmacgregor@longlevit.com, lmyers@longlevit.com
   - **ATTORNEY FOR DEFENDANT OSBORN MACHLER, PLLC and DEFENDANT SIMEON OSBORN:** Aaron J Malo amalo@sheppardmullin.com, abilly@sheppardmullin.com; mlinker@sheppardmullin.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND DEFENDANT THE X-LAW GROUP, P.C.; CREDITOR ALEXIS GARDNER; CREDITOR DAMON ROGERS; DEFENDANT YOUNG BLUE, LLC, A LIMITED LIABILITY COMPANY; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR-IN-INTEREST TO ANDRES RAMIREZ, DECEASED; DEFENDANT FILIPPO MARCHINO; and DEFENDANT SANDY LE, INDIVIDUALLY AND ON BEHALF OF TINA NGAN LE, DECEDENT:** Filippo Marchino fm@xlawx.com, tc@xlawx.com; sg@xlawx.com; tg@xlawx.com; cc@xlawx.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Judith E Marshack jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com
   - **CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Robert S Marticello rmarticello@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- **ATTORNEY FOR US TRUSTEE (SA):** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Meghan C Murphey meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **MEDIATOR ALAN I NAHMIAS:** Alan I Nahmias anahmias@mbn.law, jdale@mbn.law
- **ATTORNEY FOR CREDITOR STOLL, NUSSBAUM & POLAKOV:** Karen S. Naylor Becky@ringstadlaw.com, Karen@ringstadlaw.com; Arlene@ringstadlaw.com
- **ATTORNEY FOR INTERESTED PARTY AVENATTI MICHAEL:** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com; cthornton@shulmanbastian.com
- **ATTORNEY FOR CREDITOR 500/520/550 NEWPORT CENTER DRIVE LLC:** R Gibson Pagter, Jr. gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR DEFENDANT HONDA AIRCRAFT COMPANY LLC:** Brian A Paino bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; lweaver@hinshawlaw.com; crico@hinshawlaw.com
- **ATTORNEY FOR DEFENDANT HPPW, LLC:** Aditi Paranjpye aparanjpye@cairncross.com, kbeckham@cairncross.com; AParanjpye@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT FOSTER GARVEY PC, AS SUCCESSOR-IN-INTEREST TO FOSTER PEPPER PLLC and DEFENDANT CHRISTINE AVENATTI CARLIN:** Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC.:** Eric S Pezold epezold@swlaw.com, fcardenas@swlaw.com
- **ATTORNEY FOR CREDITOR THE X-LAW GROUP, P.C.; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR-IN-INTEREST TO ANDRES RAMIREZ, DECEASED; and DEFENDANT FILIPPO MARCHINO:** Kurt Ramlo kr@lnbyg.com, kr@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR EDWARD M. RICCI, P.A.:** David M Reeder david@reederlaw.com, secretary@reederlaw.com
- **ATTORNEY FOR DEBTOR AND DEFENDANT EAGAN AVENATTI, LLP and PLAINTIFF AND CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Jack A. Reitman jareitman@gmail.com, srichmond@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- **ATTORNEY FOR CREDITOR HONDA AIRCRAFT COMPANY, LLC and PLAINTIFF AND CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** John P. Reitman jreitman@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com; jlandau@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR PLAINTIFF CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Monica Rieder mrieder@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Nanette D Sanders becky@ringstadlaw.com, arlene@ringstadlaw.com
- **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Najah J Shariff najah.shariff@usdoj.gov, caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Michael Simon msimon@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Jolene Tanner jolene.tanner@usdoj.gov, caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- **US TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com

4934-2445-8854

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**