D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

FILED & ENTERED

SEP 19 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>ORDER APPROVING STIPULATION BETWEEN LANDAU LAW LLP, JASON FRANK LAW, MARSHACK HAYS WOOD LLP, FORCE TEN PARTNERS LLC AS TRUSTEE'S ELECTRONIC RECORDS MANAGER, AND CHAPTER 7 TRUSTEE RE: GLOBAL RESOLUTION OF OBJECTIONS TO PENDING FEE APPLICATIONS AND JFL LIEN CLAIM AGAINST AVOIDANCE ACTION RECOVERIES<br><br>[STIPULATION FILED AS DK. NO. 569] |

The Court has read and considered the stipulation ("Stipulation") entered into between Marshack Hays Wood LLP ("MHW"), Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Landau Law LLP ("Landau Law"), Jason Frank Law ("JFL"), Force Ten Partners, LLC as Trustee's Electronic Records Manager ("Force 10"), the Kellner Law Group PC ("KLG"), and Marshack Hays Wood LLP ("MHW"), filed on September 5, 2025, as Docket No. 569, and has found good cause to approve the Stipulation.

4907-4705-6654v.1-1015-131

**IT IS ORDERED**:

1. The Stipulation is approved.

2. The application filed by Landau Law as Docket No. 512 ("Landau Application") is approved, on an interim basis, in the reduced amount of $270,000 in fees.

3. The application filed by Landau Law as Docket No. 513 is withdrawn by stipulation, and this withdrawal is without prejudice as set forth in the Stipulation.

4. The application filed by MHW as Docket No. 517 is approved, on an interim basis, in the reduced amount of $577,451.50 in fees and $5,733.08 in costs.

5. The Trustee is authorized to make an immediate distribution of $250,000 to JFL on account of its asserted lien rights in assets of the Estate comprised of litigation recoveries by Landau Law on behalf of the Estate, and pursuant to Paragraph 8 of the Stipulation, JFL shall have further creditor rights limited solely to those stated in Paragraph 8 of the Stipulation, which is incorporated herein by reference.

6. From the $433,687.50 received by the Estate from Dr. Hrayr Shahinian, the Trustee is authorized to make an immediate distribution of $377,308.13 to JFL on account of its asserted lien rights, and retain the remaining balance as set forth in Paragraph 9 of the Stipulation.

7. The Subordination Agreement previously approved by the Court by order entered as Docket No. 107 and as amended by order entered as Docket No. 349, is further amended by stipulation, as follows:

    a. Consistent with Paragraph 1(a) of the Subordination Agreement, 3% of the X-Law Recovery shall be reserved and segregated for payment of the Trustee's compensation under 11 U.S.C. § 326.

    b. All unreimbursed case costs incurred in connection with the X-Law Adversary (and not any costs incurred in connection with the main bankruptcy case) shall be paid from gross recovery in that matter ("X-Law Recovery").

    c. After reservation and payment of the line items under subparagraphs (a)-(b) above, the net balance remaining ("X-Law Net Recovery") shall be subject to

4907-4705-6654v.1-1015-131

an increased 60% contingency fee in favor of Trustee's co-counsel MHW and KLG.

    d. Consistent with Paragraph 1(d)-1(e) of the Subordination Agreement, 10% of the X-Law Net Recovery shall be reserved and segregated for "Other Allowed Administrative Claims" and/or other unsecured creditors. Such 10% reservation for "Other Allowed Administrative Claims" may only be used to pay any administrative fees **not accounted for** by the fee applications filed to date.

    e. The Trustee's two counsel in the X-Law Adversary shall be entitled to a proportional share of the 60% contingency fee based on the then-applicable hourly rate value of their respective total hours billed to the X-Law Adversary. For the purposes of this allocation, MHW shall only be credited one-half of the value of hours billed to the X-Law Adversary from May 2020, through November 27, 2024, and may seek full credit for any additional hours billed to the X-Law Adversary after November 27, 2024, from the 60% contingency fee obtained by the estate free of the JFL Lien. Except as otherwise provided in this Stipulation and subject to approval by the Court, MHW shall not be entitled to seek compensation for attorneys' fees billed on the X-Law Adversary except through this proportional share of the X-Law Adversary, and allowance and payment of one-half of its fees charged to the X-Law Adversary in the MHW Application.

    f. JFL shall be entitled to receive the remaining 40% of the X-Law Net Recovery after payment of the contingency fee.

8. The Trustee is authorized to make the following immediate interim payments towards allowed administrative fees and expenses from funds on hand:

    a. To Landau Law, $270,000, on account of its fee applications for non-contingency services for the Estate and its requested fees for representing the receiver.

      b. To MHW, $577,451.50, on account of uncompensated fees, and $5,733.08 in unreimbursed costs.

      c. To JFL, $627,308.13, on account of its secured claim.

      d. To Murphey & Murphey, APC, $45,071 in uncompensated fees, and $34.65 in unreimbursed expenses.

      e. To Force 10, $127,999.50 in uncompensated fees, and $262.91 in unreimbursed expenses.

9. This Court retains exclusive jurisdiction to interpret and enforce any provisions of the Stipulation and to approve the foregoing interim fees on a final basis.

###

Date: September 19, 2025

Scott C. Clarkson
United States Bankruptcy Judge