D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>MOTION TO APPROVE COMPROMISE WITH THE LAW OFFICES OF JAMES R. MORIARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Date: October 13, 2026<br>Time: 11:00 a.m.<br>Courtroom: 5C<br>Location: 411 West Fourth Street, Santa Ana, CA 92701-4593 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), has reached a settlement agreement ("Agreement") with the Law Offices of James R. Moriarty ("Moriarty"), and Jason Frank Law, APLC ("JFL") (collectively, Trustee, Moriarty, and JFL are referred to as the "Parties") to fully resolve the Estate's interest in attorneys' fees generated in connection with the Children's Dental Group cases, which were assigned case no. JCCP 4917 in the Superior Court for the County of Orange, as a Coordination Proceeding ("CDG Actions").

## 1. Summary of Argument

Under Federal Rule of Bankruptcy Procedure 9019, the court may approve a compromise or settlement on motion by the trustee. In this case, all of the *A&C Properties* factors weigh heavily in favor of approving the Agreement. The Agreement should be approved because it is in the best interests of the Estate and its creditors.

Prior to filing for bankruptcy, the Debtor, a trial-based law firm, a number of cases which were ultimately consolidated with the CDG Actions, referred the cases to Moriarty, but never entered into a fee sharing or referral agreement with Moriarty or the clients. The Debtor has limited evidence of the work it performed, whereas Moriarty performed substantial work and advanced substantial costs in the CDG Actions. The Agreement provides for a definitive recovery of $11,000 to the Estate to be divided as set forth in the Agreement and resolves a dispute between the Debtor and Moriarty regarding the Parties' respective rights to the attorneys' fees incurred in the CDG Actions.

Moreover, pursuing the Estate's claims against Moriarty would require additional litigation, expense, and delay, with no assurance that the Estate would recover more than the $11,000 provided under the Agreement. The Agreement therefore provides the Estate with a certain recovery while avoiding the risks and costs of further litigation. Finally, JFL has agreed to a division of proceeds which will ensure that the Estate will receive a substantial distribution. Thus, the Trustee respectfully requests that the Court grant the Motion.

## 2. Statement of Facts

### A. The CDG Actions and Award of Attorneys' Fees

In November 2016, lawsuits began to be filed on behalf of plaintiffs against entities collectively known as the "Children's Dental Group." The Debtor, as a law firm, represented approximately 20 plaintiffs in connection with the Children's Dental Group cases, which were assigned case no. JCCP 4917 in the Superior Court for the County of Orange, as a Coordination Proceeding (previously defined as the "CDG Actions"). The CDG Actions remained in litigation for years.

The CDG Actions have now settled, with a total attorney fee awarded to Moriarty for his representation totaling $273,000, excluding common fee benefits. Because the Debtor and Moriarty did not enter into any agreement regarding any fee split in the CDG Actions, nor was there any agreement executed by the clients for a referral or split of attorneys' fees, there is a dispute regarding the Parties respective interests in the attorneys fees awarded.

Rather than litigating over Estate's entitlement to the attorneys' fees awarded in connection with the CDG Actions, the Parties reached an executed settlement a copy of which is attached to the Declaration of Richard A. Marshack ("Marshack Declaration") as **Exhibit "1."**

### B. Bankruptcy Proceedings

On September 13, 2019, the Debtor, through its receiver Brian Weiss, filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. Richard A. Marshack was appointed as the Chapter 7 trustee.

On December 19, 2019, Jason Frank Law, PLC ("JFL") filed a proof of claim in the Bankruptcy Case, asserting a secured claim in the amount of $10,860,270.30 based on a pre-petition judgment against the Debtor and service of an order for appearance, which JFL contended created a lien on all pre-petition assets of the Debtor, including its right to receive fees.

On February 4, 2020, Trustee filed a motion for order approving a subordination agreement with JFL ("Subordination Motion").

On September 5, 2025, as Dk. No. 569, a stipulation between, *inter alia*, the Trustee and JFL was filed under which JFL agreed to compromise its secured claim against certain assets and claims of the Estate. Such stipulation did not affect JFL's security interest and claims as to the Debtor's rights to receive fees for its representation of clients prior to the filing of the bankruptcy petition.

### C. Summary of Key Settlement Terms

As set forth in the Agreement, subject to Court approval, the Parties agree that Moriarty shall pay $11,000 to the Estate in full satisfaction of the Estate's and the Debtor's interest in the CDG Actions and all actions arising from the Debtor's origination, work, *quantum meruit* benefits, and advancement of costs in connection with the Children's Dental Group cases. *See* Marshack Declaration, Ex. 1, ¶¶1-2. From there, the $11,000 shall be divided as follows: (i) 25%, or $2,275,

shall be awarded to the Estate's special counsel, Richard Kellner of Kellner Law Group, for attorneys' fees and other work done on the matter upon approval by the Court; (ii) 25%, or $2,275, shall be awarded to the Estate, upon approval by the Court; and (iii) 50%, or $5,500, shall be distributed to JFL upon approval by the Court. *Id.*, ¶3.

## 3. Legal Argument

### A. Approval of the Agreement is in the best interest of the Estate.

Under Rule 9019, the court may approve a compromise or settlement on motion by the trustee. Fed. R. Bankr. Proc. 9019. It is well-established that a compromise should be approved if it is "in the best interest of the estate . . . and is fair and equitable for the creditors." *Schmitt v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997); *ATKN Company v. Guy F. Atkinson Company of California (In re Guy F. Atkinson Company)*, 242 B.R 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate.") "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

1) the probability of success of the litigation;
2) the difficulties, if any, to be encountered in the matter of collection;
3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and]
4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (same). "[W]hile a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter, the trustee 'has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved.'" *Goodwin v. Mickey Thompson Entertainment Group, Inc. (In re Mickey Thompson Entertainment Group, Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) (quoting *A&C Properties*, 784 F.2d at 1381).

In this case, all four *A&C* factors weigh in favor of approving the Agreement, as discussed below.

### i. Probability of Success

In this case, the Trustee believes that the Estate has an interest in some of the attorneys' fees awarded in connection with the work performed by the Debtor in connection with the CDG Actions. Specifically, the Debtor advanced costs of $6,611.04 in connection with its representation in the CDG Actions and also performed some legal work on the cases before the matters were referred to Moriarty. The Debtor, however, has no proof of its work done on the case, and the pleadings filed in the CDG Actions indicate that there was minimal work performed by the Debtor prior to referring the cases to Moriarty. Furthermore, the Debtor and Moriarity did not enter into any agreement regarding any fee split, nor was any agreement executed by the clients for a referral or split of attorneys' fees, which is required under former California Rule of Professional Conduct 2-200. Therefore, in litigation over the Debtor's fee rights, it would potentially be limited solely to a *quantum meruit* basis for the value of the services provided.

In contrast, in connection with Moriarty's work on the CDG Actions, Moriarty contends that he expended significant time that was substantially greater than the $273,000 awarded and also advanced over $500,000 in expenses by September 2022. As a result, there is a possibility that the Estate would not prevail in a dispute regarding the awarded attorneys' fees. Thus, the probability of success factor weighs heavily in favor of granting the Motion and approving the Agreement.

### ii. Difficulties in Collection

As detailed above, the Trustee believes that the Estate has an interest in some of the attorneys' fees awarded in connection with the work performed by the Debtor in connection with the CDG Actions based on $6,611.04 in costs advanced in connection with the CDG Actions. If the Trustee proceeded with the dispute against Moriarty, there is no guarantee that the Trustee will be able to recover more than the amount to be awarded pursuant to the Agreement. Even if the Trustee prevails in a dispute against Moriarty regarding the attorneys' fees, the Trustee has no information regarding Moriarty's current financial condition, assets, and creditors. Thus, this factor weighs heavily in favor of approving the Agreement and granting the Motion.

**iii. Complexity and expense, inconvenience, or delay occasioned thereby**

To prove the Trustee's position, he would need to present evidence to show by a preponderance of the evidence that the Debtor contributed pre-petition legal services that entitle the Estate to recovery attorneys' fees in connection with the CDG Actions. Unfortunately, the Debtor does not have proof of the work that it performed in the CDG Actions, and the pleadings filed in the CDG Actions indicate that there was likely minimal work performed by the Debtor prior to referring the cases to Moriarty. As a result, the Trustee will need to incur additional expenses to establish entitlement to the attorneys' fees incurred in connection with the CDG Actions. Thus, this factor weighs in favor of approving the Agreement and granting the Motion.

**iv. Paramount interest of creditors**

But for the Agreement, the Estate will need to incur costly and time-consuming litigation to obtain a favorable decision that the Estate is entitled to attorneys' fees in connection with the CDG Actions. Simply put, the Agreement is in the paramount interests of creditors because it provides for a definitive resolution of the dispute with Moriarty and will allow the Estate to recover $11,000, which will be distributed to the Trustee's professionals and secured creditor, JFL, without the need to proceed with any further uncertain and burdensome future litigation. As such, the Agreement provides for a good and beneficial result for the Estate and its creditors. Thus, the paramount interests of creditors weigh heavily in favor of approving the Agreement.

In summary, all four *A&C* factors weigh in favor of approving the Agreement. As such, the Trustee respectfully requests that this Court grant the Motion.

## 4. Conclusion

Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;
2. Approving the Agreement attached as **Exhibit "1"** to the Marshack Declaration;
3. Authorizing the Trustee to take all steps and execute any other documents necessary to effectuate the Agreement;
4. Authorizing the division of proceeds as set forth in the Agreement, as follows:

a. Trustee's special litigation counsel Kellner Law Group, PLC shall receive $2,750 of the settlement proceeds as his agreed reduced contingency fee;

b. Jason Frank Law, PLC shall receive $5,500 of the settlement proceeds in connection with his agreed distribution on account of his secured claim against the proceeds; and

c. Trustee, on behalf of the Estate, may retain the remaining $2,750 in funds as property of the Estate.

5. And, for such other relief as the Court deems just and proper.

DATED: September 22, 2026

MARSHACK HAYS WOOD LLP

By: */s/ Tinho Mang*
D. EDWARD HAYS
TINHO MANG
SARAH R. HASSELBERGER
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

## Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"). I am an individual over 18 years of age and competent to make this Declaration.

2. I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so I could and would competently testify to these facts.

3. All terms not defined herein are used as they are defined in the Motion.

4. A true and correct copy of the fully executed settlement agreement ("Agreement") is attached as **Exhibit "1."** I believe the settlement set forth in the Agreement represents a fair and reasonable settlement.

5. I am informed that the Estate has an interest in some of the attorneys' fees awarded in connection with the work performed by the Debtor in connection with the Children's Dental Group cases, which were assigned case no. JCCP 4917 in the Superior Court for the County of Orange, as a Coordination Proceeding ("CDG Actions"). Specifically, I am informed that the Debtor advanced costs of $6,611.04 in connection with its representation in the CDG Actions and also performed some legal work on the cases before the matters were referred by the Debtor to Law Offices of James R. Moriarty ("Moriarty"). I am informed that the Debtor has no proof of its work done on the case, and the pleadings filed in the CDG Actions indicate that there was minimal work performed by the Debtor prior to referring the cases to Moriarty.

6. I am further informed that the Debtor and Moriarity did not enter into any agreement regarding any fee split, nor was any agreement executed by the clients for a referral or split of attorneys' fees.

7. I am informed that in connection with Moriarty's work on the CDG Actions, Moriarty expended significant time that was substantially greater than the $273,000 awarded and also advanced over $500,000 in expenses by September 2022. As a result, there is a possibility that the Estate would not prevail in a dispute regarding the awarded attorneys' fees.

8. I am informed that Moriarty is a law firm but I have no information regarding Moriarty's current financial condition, assets, and creditors.

9. To prevail in my dispute with Moriarty, I will need to incur additional expenses to establish the Estate's entitlement to the attorneys' fees incurred in connection with the CDG Actions.

10. I believe that the Agreement is in the paramount interests of creditors because it will provide for a definitive resolution of the dispute with Moriarty and will allow the Estate to recover $11,000, which will be distributed to my professionals and secured creditor, JFL, without the need to proceed with any further uncertain and burdensome future litigation. Additionally, I am informed that JFL asserts a secured claim against the Debtor's share of the proceeds of this litigation, and the Agreement provides a more favorable division of proceeds than under the prior framework between the Estate and Mr. Frank. As such, I believe that the Agreement provides for a good and beneficial result for the Estate and its creditors, and should be approved.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 22, 2026.

RICHARD A. MARSHACK

# Exhibit "1"

Docusign Envelope ID: 850CFFCD-4C00-8A66-8278-09E007F46DBD

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between RICHARD A. MARSHACK, solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), Case No. 8:19-bk-13560-SC ("Bankruptcy Case"), the Law Offices of James R. Moriarty ("Moriarty"), and secured creditor Jason Frank Law, PLC ("JFL"). Collectively, Trustee, Moriarty, and JFL shall be referred to as the "Parties."

## RECITALS

A. In November 2016, lawsuits began to be filed on behalf of plaintiffs against entities collectively known as the "Children's Dental Group."

B. Debtor, as a law firm, represented approximately 20 plaintiffs in connection with the Children's Dental Group cases, which were assigned case no. JCCP 4917 in the Superior Court for the County of Orange, as a Coordination Proceeding ("CDG Actions"). The CDG Actions remained in litigation for years.

C. Debtor advanced costs of $6,611.04 in connection with its representation in the CDG Actions, and also performed some legal work on the cases before the matters were referred to Moriarity.

D. Debtor has no proof of its work on the case, and the pleadings indicate that there was minimal work performed by Debtor prior to referring the cases to Moriarity. Debtor and Moriarity did not enter any agreement regarding any fee split, nor was any agreement executed by the clients for a referral or split of attorneys' fees

E. The CDG Actions have settled, with a total attorney fee to Moriarity for his representation totaling approximately $273,000 excluding common benefit fees. In connection with Moriarty's work on the CDG Actions, Moriarty expended significant time that was substantially greater than his $273,000 and also advanced over $500,000 in expenses by September 2022.

F. On September 13, 2019, Debtor, through its receiver Brian Weiss, filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code. Richard A. Marshack was appointed as the Chapter 7 trustee.

G. On December 19, 2019, JFL filed a proof of claim in the Bankruptcy Case, asserting a secured claim in the amount of $10,860,270.30 based on a pre-petition judgment against Debtor.

H. On February 4, 2020, Trustee filed a motion for order approving a subordination agreement with JFL ("Subordination Motion").

I. On September 5, 2025, as Dk. No. 569, a stipulation between, *inter alia*, the Trustee and JFL was filed under which JFL agreed to compromise its secured claim against certain assets and claims of the Estate. Such stipulation did not affect JFL's security interest and

Docusign Envelope ID: 850CFFCD-4C00-8A66-8278-09E007F46DBD

claims as to the Debtor's rights to receive fees for its representation of clients prior to the filing of the bankruptcy petition.

## AGREEMENT

**NOW THEREFORE,** pursuant to the foregoing Recitals, which the Parties agree to be true for the purposes of this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

**1. Bankruptcy Court Approval.** This Agreement shall become effective and binding the first business day ("Effective Date") after: (i) entry by the Bankruptcy Court of a Final Order approving this Agreement and authorizing the Trustee to enter into this Agreement. "Final Order" means an order of the Bankruptcy Court entered on the docket: (i) that has not been reversed, rescinded, stayed, modified, or amended; (ii) that is in full force and effect; and (iii) with respect to which: (a) 14 days has expired; and (b) no court of competent jurisdiction has entered an order staying the effectiveness of such order. Trustee shall have sole responsibility and discretion to prepare and seek approval of a motion to approve compromise to approve this Agreement.

**2. Settlement of Attorneys' Lien Interest and Quantum Meruit.** Moriarty agrees to pay $11,000 to the Estate in full satisfaction of the Estate's and the Debtor's interest in the CDG Actions and all actions arising from the Debtor's origination, work, *quantum meruit* benefits, and advancement of costs in connection with the Children's Dental Group cases.

**3. JFL Agreement to Division of Proceeds.** JFL agrees that the $11,000 in proceeds received by the Estate shall be divided as follows: first, the Estate's special counsel Richard Kellner of Kellner Law Group, PC ("KLG") and the Estate shall receive fifty percent (50%) of the settlement for attorneys' fees and other work done on the matter, with KLG receiving $2,750 and the Trustee receiving $2,750, upon approval by the Bankruptcy Court. Next, JFL shall receive the remaining 50% of the settlement or $5,500 upon approval by the Court and the Estate's receipt of the settlement payment.

**4. Attorneys' Fees.** Except as otherwise stated, all Parties shall bear their own attorneys' fees and costs in connection with this Agreement.

**5. Execution of Additional Documents.** The Parties agree that they will execute any and all further and additional documents and take all further and additional steps, which may be necessary or convenient to consummate the terms of this Agreement and accomplish the purposes thereof.

**6. No Representation or Warranty by the Trustee.** Trustee makes no warranty or representation regarding any term of this Agreement.

**7. Integration.** This Agreement will constitute the entire agreement between the Parties and supersedes all prior or contemporary understandings or agreements. No supplement, modification, waiver, or termination shall be binding or enforceable unless executed in writing by the Parties to be bound. No waiver of any provision of this Agreement shall be deemed a waiver of any of its other terms nor shall such waiver constitute a continuing waiver.

Docusign Envelope ID: 850CFFCD-4C00-8A66-8278-09E007F46DBD

**8.** **Governing Law and Jurisdiction.** This Agreement shall be interpreted and governed by the law of the State of California. In the event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California, Santa Ana Division shall have exclusive jurisdiction to interpret and enforce this Agreement.

**9.** **Modification.** The Agreement shall not be modified by any Party by oral representation made before or after the execution of the Agreement. All modifications must be in writing and signed by all Parties. Material modifications to this Agreement must be approved by the Bankruptcy Court or are ineffective.

**10.** **Interpretation.** This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter. Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsman.

**11.** **Acknowledgments.** Each Party acknowledges that he or she respectively (i) is fully informed as to the facts relating to the subject matter of this Agreement, and as to the rights and liabilities of both Parties; (ii) enters into this Agreement voluntarily, free from fraud, undue influence, coercion, or duress of any kind; and (iii) has read, considered, and understands each provision of this Agreement.

**12.** **Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts, which shall together constitute one document. A facsimile or electronic signature shall constitute an original signature. When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

**13.** **Meaning of Pronouns and Effect of Headings.** As used in this Agreement, the masculine, feminine and/or gender neutral, and the singular or plural form shall include the other gender or form when appropriate. The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Agreement. Furthermore, the inclusion or omission of diacritical marks in connection with the typed-text names of any Party shall not affect the validity of this Agreement.

Dated: September 10, 2026

[signature]
RICHARD A. MARSHACK
Chapter 7 Trustee for Eagan Avenatti, LLP

Dated: September 9/1/2026, 2026

DocuSigned by:
James R. Moriarty
85BCE5B130204C0...
JAMES R. MORIARTY
Law Offices of James R. Moriarty

Dated: September 9/10/2026, 2026

DocuSigned by:
[signature]
654995BE36F34B3...
JASON FRANK
President of Secured Creditor, Jason Frank Law

Docusign Envelope ID: 850CFFCD-4C00-8A66-8278-09E007F46DBD

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled **MOTION TO APPROVE COMPROMISE WITH THE LAW OFFICES OF JAMES R. MORIARTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 22, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 22, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **MAIL REDIRECTED TO TRUSTEE 09/23/19**<br>**DEBTOR**<br>EAGAN AVENATTI, LLP<br>~~20341 SW BIRCH, SUITE 220~~<br>~~NEWPORT BEACH, CA 92660-1514~~ | **INTERESTED PARTY**<br>JAMES R. MORIARTY<br>LAW OFFICES OF JAMES R. MORIARTY<br>4119 MONTROSE, STE 250<br>HOUSTON, TX 77006 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 22, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
411 WEST FOURTH STREET, SUITE 5130
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2026 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR JASON FRANK LAW PLC:** Timothy C Aires tca@arlawyers.com, gperez@arlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** James C Bastian, Jr jbastian@shulmanbastian.com
   - **ATTORNEY FOR DEFENDANT TRACKSIDE PERFORMANCE, LLC; DEFENDANT ANDREW S. DAVIS; and DEFENDANT ROBERT FAIETA dba COMPETITION MOTORSPORTS:** Christopher L Blank chris@chrisblanklaw.com
   - **ATTORNEY FOR DEFENDANT DILLANOS COFFEE ROASTERS:** Mark S Bostick mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com
   - **ATTORNEY FOR DEFENDANT EISENHOWER CARLSON PLLC:** Steven Casselberry Steve.Casselberry@procopio.com, jessica.stuhlmiller@procopio.com; emily.marsh@procopio.com; calendaringbankruptcy@procopio.com
   - **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Thomas Coker Thomas.coker@usdoj.gov, USACAC.criminal@usdoj.gov
   - **[DECEASED] ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Lei Lei Wang Ekvall - DECEASED lekvall@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
   - **ATTORNEY FOR DEFENDANT SILVER STAR SOUNDS & COMMUNICATIONS, INC:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR DEFENDANT THE X-LAW GORUP, PC, A PROFESSIONAL CORPORATION and DEFENDANT FILIPPO MARCHINO:** David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com
   - **ATTORNEY FOR DEFENDANT GALLO BUILDERS, INC.:** Martin B Greenbaum eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Sarah Rose Hasselberger shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; alinares@ecf.courtdrive.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND DEFENDANT HONDA AIRCRAFT COMPANY, LLC:** Robert J Im rim@ghidottiberger.com, irvineECF@mcglinchey.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Richard L Kellner rlk@kellnerlaw.com, irma.c.deleon@gmail.com
   - **ATTORNEY FOR INTERVENOR HRAYR SHAHINIAN:** Erick Kuylman erick.kuylman@warrenterzian.com
   - **ATTORNEY FOR LANDAU LAW LLP:** Rodger M. Landau rlandau@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com
   - **ATTORNEY FOR INTERESTED PARTY UNITED STATES OF AMERICA:** Elan S Levey elan.levey@usdoj.gov, julie.morales@usdoj.gov
   - **ATTORNEY FOR OTHER PROFESSIONAL JAMS, INC.:** Jessica R MacGregor jmacgregor@longlevit.com, lmyers@longlevit.com
   - **ATTORNEY FOR DEFENDANT OSBORN MACHLER, PLLC and DEFENDANT SIMEON OSBORN:** Aaron J Malo amalo@sheppardmullin.com, abilly@sheppardmullin.com; mlinker@sheppardmullin.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND DEFENDANT THE X-LAW GROUP, P.C.; CREDITOR ALEXIS GARDNER; CREDITOR DAMON ROGERS; DEFENDANT YOUNG BLUE, LLC, A LIMITED LIABILITY COMPANY; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR-IN-INTEREST TO ANDRES RAMIREZ, DECEASED; DEFENDANT FILIPPO MARCHINO; and DEFENDANT SANDY LE, INDIVIDUALLY AND ON BEHALF OF TINA NGAN LE, DECEDENT:** Filippo Marchino fm@xlawx.com, tc@xlawx.com; sg@xlawx.com; tg@xlawx.com; cc@xlawx.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Judith E Marshack jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com
   - **CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Robert S Marticello rmarticello@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- **ATTORNEY FOR US TRUSTEE (SA):** Kenneth Misken Kenneth.M.Misken@usdoj.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Meghan C Murphey meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **MEDIATOR ALAN I NAHMIAS:** Alan I Nahmias anahmias@mbn.law, jdale@mbn.law
- **ATTORNEY FOR CREDITOR STOLL, NUSSBAUM & POLAKOV:** Karen S. Naylor Becky@ringstadlaw.com, Karen@ringstadlaw.com; Arlene@ringstadlaw.com
- **ATTORNEY FOR INTERESTED PARTY AVENATTI MICHAEL:** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com; cthornton@shulmanbastian.com
- **ATTORNEY FOR DEFENDANT HONDA AIRCRAFT COMPANY LLC:** Brian A Paino bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; lweaver@hinshawlaw.com; crico@hinshawlaw.com
- **ATTORNEY FOR DEFENDANT HPPW, LLC:** Aditi Paranjpye aparanjpye@cairncross.com, kbeckham@cairncross.com; AParanjpye@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT FOSTER GARVEY PC, AS SUCCESSOR-IN-INTEREST TO FOSTER PEPPER PLLC and DEFENDANT CHRISTINE AVENATTI CARLIN:** Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com; pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC.:** Eric S Pezold epezold@swlaw.com, fcardenas@swlaw.com
- **ATTORNEY FOR CREDITOR THE X-LAW GROUP, P.C.; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR-IN-INTEREST TO ANDRES RAMIREZ, DECEASED; and DEFENDANT FILIPPO MARCHINO:** Kurt Ramlo kr@lnbyg.com, kr@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR EDWARD M. RICCI, P.A.:** David M Reeder david@reederlaw.com, secretary@reederlaw.com
- **ATTORNEY FOR DEBTOR AND DEFENDANT EAGAN AVENATTI, LLP and PLAINTIFF AND CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Jack A. Reitman jareitman@gmail.com, srichmond@landaufirm.com; vrichmond@landaufirm.com; avedrova@landaufirm.com
- **ATTORNEY FOR CREDITOR HONDA AIRCRAFT COMPANY, LLC and PLAINTIFF AND CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** John P. Reitman jreitman@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com; jlandau@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR PLAINTIFF CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** Monica Rieder mrieder@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com
- **INTERESTED PARTY COURTESY NEF:** Nanette D Sanders becky@ringstadlaw.com, arlene@ringstadlaw.com
- **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Najah J Shariff najah.shariff@usdoj.gov, caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- **ATTORNEY FOR DEFENDANT ALEDMI, LLC; DEFENDANT ALAN CHAFFEE; DEFENDANT EDWIN SPAUNHURST; and DEFENDANT MICHAEL WHITE:** Michael Simon msimon@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- **ATTORNEY FOR DEFENDANT VINCENT BUILDERS, INC.:** Andrew Still astill@swlaw.com, kcollins@swlaw.com
- **ATTORNEY FOR CREDITOR JASON FRANK LAW PLC:** Andrew Stolper astolper@lawfss.com, mnowowiejski@lawfss.com;jfrank@lawfss.com
- **ATTORNEY FOR RESPONDENT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Jolene Tanner jolene.tanner@usdoj.gov, caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- **US TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com